JS44 (Rev. 12/00 NDGA)

## CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

**1. (a) PLAINTIFF(S)**

New United Motor Manufacturing Inc.

**DEFENDANT(S)**

*E-filing*

United Auto Workers Local 2244, a labor organization

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLTF. CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Christian J. Rowley (SBN: 187293) (415) 397-2823
SEYFARTH SHAW LLP
See 1 in Addendum

**ATTORNEYS** (IF KNOWN)

Linda Lye (SBN: 215584)          (415) 421-7151
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
See 2 in Addendum

---

**11. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

( ) 1 U.S. GOVERNMENT PLAINTIFF
(X) 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
( ) 2 U.S. GOVERNMENT DEFENDANT
( ) 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM 111)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

|  | PLF DEF |  | PLF DEF |
|---|---|---|---|
| ( ) 1 ( ) 1 | CITIZEN OF THIS STATE | ( ) 4 ( ) 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ( ) 2 ( ) 2 | CITIZEN OF ANOTHER STATE | ( ) 5 ( ) 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ( ) 3 ( ) 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ( ) 6 ( ) 6 | FOREIGN NATION |

---

**IV. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

(X) 1 ORIGINAL PROCEEDING ( ) 2 REMOVED FROM STATE COURT ( ) 3 REMANDED FROM APPELLATE COURT ( ) 4 REINSTATED OR REOPENED ( ) 5 ANOTHER DISTRICT (SPECIFY DISTRICT) TRANSFERRED FROM ( 6 MULTIDISTRICT LITIGATION ( ) 7 JUDGE FROM MAGISTRATE JUDGE JUDGMENT APPEAL TO DISTRICT

---

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

9 U.S.C. §§ 1 et seq.; 29 U.S.C. § 185; 28 U.S.C. § 1331

(IF COMPLEX, CHECK REASON BELOW)

( ) 1. Unusually large number of parties.

( ) 2. Unusually large number of claims or defenses.

( ) 3. Factual issues are exceptionally complex

( ) 4. Greater than normal volume of evidence.

( ) 5. Extended discovery period is needed.

( ) 6. Problems locating or preserving evidence

( ) 7. Pending parallel investigations or actions by government

( ) 8. Multiple use of experts

( ) 9. Need for discovery outside United States boundaries.

( ) 1 0. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT N _____    AMOUNT $ _____    APPLYING IFP _____    MAG JUDGE (IFP) _____

JUDGE _____    ___MAG JUDGE (Referral)    NATURE OF SUIT _____    CAUSE OF ACTION _____

## VI. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
( ) 150 RECOVERY OF OVERPAYMENT& ENFORCEMENT OF JUDGMENT
( ) 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL. VETERANS)
( ) 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
( ) 1 10 INSURANCE
( ) 120 MARINE
( ) 130 MILLER ACT
( ) 140 NEGOTIABLE INSTRUMENT
( ) 151 MEDICARE ACT
( ) 160 STOCKHOLDERS' SUITS
( ) 190 OTHER CONTRACT
( ) 195 CONTRACT PRODUCT LIABILITY

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
( ) 210 LAND CONDEMNATION
( ) 220 FORECLOSURE
( ) 230 RENT LEASE & EJECTMENT
( ) 240 TORTS TO LAND
( ) 245 TORT PRODUCT LIABILITY
( ) 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
( ) 31 0 AIRPLANE
( ) 315 AIRPLANE PRODUCT LIABILITY
( ) 320 ASSAULT, LIBEL & SLANDER
( ) 330 FEDERAL EMPLOYERS' LIABILITY
( ) 340 MARINE
( ) 345 MARINE PRODUCT LIABILITY
( ) 350 MOTOR VEHICLE
( ) 355 MOTOR VEHICLE PRODUCT LIABILITY
( ) 360 OTHER PERSONAL INJURY
( ) 362 PERSONAL INJURY - MEDICAL MALPRACTICE
( ) 365 PERSONAL INJURY - PRODUCT LIABILITY
( ) 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
( ) 370 OTHER FRAUD
( ) 371 TRUTH IN LENDING
( ) 380 OTHER PERSONAL PROPERTY DAMAGE
( ) 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
( ) 422 APPEAL 28 USC 158
( ) 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
( ) 441 VOTING
( ) 442 EMPLOYMENT
( ) 443 HOUSING/ ACCOMMODATIONS
( ) 444 WELFARE
( )440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
( ) 510 MOTIONS TO VACATE SENTENCE
( ) 530 HABEAS CORPUS
( ) 535 HABEAS CORPUS DEATH PENALTY
( ) 540 MANDAMUS& OTHER
( ) 550 CIVIL RIGHTS (PRISONER)
( ) 555 PRISON CONDITION(S)

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
( )610 AGRICULTURE
( ) 620 FOOD& DRUG
( ) 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
( ) 630 LIQUOR LAWS
( ) 640 R.R. & TRUCK
( )650 AIRLINE REGS.
( ) 660 OCCUPATIONAL SAFETY/HEALTH
( ) 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
( ) 710 FAIR LABOR STANDARDS ACT
(x) 720 LABOR/MGMT. RELATIONS
( ) 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT
( ) 740 RAILWAY LABOR ACT
( ) 790 OTHER LABOR LITIGATION
( ) 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
( ) 820 COPYRIGHTS
( ) 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
( ) 830 PATENT

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
( ) 861 H IA (1 395ff)
( ) 862 BLACK LUNG (923)
( ) 863 DIWC (405(g))
( ) 863 DIWW (405(g))
( ) 864 SSID TITLE XVI
( ) 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
( ) 870 TAXES (U.S. PLAINTIFF OR DEFENDANT)
( ) 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
( ) 400 STATE REAPPORTIONMENT
( ) 430 BANKS AND BANKING
( ) 450 COMMERCE/ICC RATES/ETC.
( ) 460 DEPORTATION
( ) 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
( )810 SELECTIVE SERVICE
( ) 875 CUSTOMER CHALLENGE 12 USC 3410
( ) 891 AGRICULTURAL ACTS
( ) 892 ECONOMIC STABILIZATION ACT
( ) 893 ENVIRONMENTAL MATTERS
( )894 ENERGY ALLOCATION ACT
( ) 895 FREEDOM OF INFORMATION ACT
( ) 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
( ) 950 CONSTITUTIONALITY OF STATE STATUTES
( )890 OTHER STATUTORY ACTIONS

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
( ) 41 0 ANTITRUST
( ) 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
( ) ARBITRATION (CONFIRMNACATEIORDERIMODIFY)

\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.2

## VII REQUESTED IN COMPLAINT:
( ) 6HECK IF THIS A **CLASS ACTION** UNDER F.R.Civ.P. 23 DEMAND $ _ _ _ _ _ _____ _ _

JURY DEMAND ( ) YES ( ) NO (CHECK YES **ONLY** IF DEMANDED IN COMPLAINT)

## VIII. RELATED CASE(S) IF ANY

JUDGE                                    DOCKET NO.

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)

( ) 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
( ) 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
( ) 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
( ) 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
( ) 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
( ) 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

Christian J. Rowley                                    February 15, 2008

SIGNATURE OF ATTORNEY OF RECORD                                    DATE

# Addendum

1.  560 Mission Street, Suite 3100
    San Francisco, CA  94105

2.  177 Post Street, Suite 300
    San Francisco, CA  94108

# United States District Court filing
## NORTHERN DISTRICT OF CALIFORNIA

NEW UNITED MOTOR MANUFACTURING INC.

V.

UNITED AUTO WORKERS LOCAL 2244, a labor organization

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **EMC**

**CV 08    0976**

**BZ**

TO: (Name and address of defendant)

UNITED AUTO WORKERS LOCAL 2244
45201 Fremont Blvd.
Fremont, CA 94538

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christian J. Rowley
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105

an answer to the complaint which is herewith served upon you, within _30_ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

**FEB 1 5 2008**

DATE_____

Helen L. Almacen

_____
(BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| **RETURN OF SERVICE** |
|---|

DATE

Service of the Summons and Complaint was made by me [1]

| Name of SERVER | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐      Served Personally upon the Defendant. Place where served:

☐      Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐      Returned unexecuted:

☐      Other *(specify):*

| **STATEMENT OF SERVICE FEES** | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |
| | | |

| **DECLARATION OF SERVER** |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____

         *Date*                            *Signature of Server*

                                             *Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure



1   SEYFARTH SHAW LLP
    Nick C. Geannacopulos (SBN 114822) ngeannacopulos@seyfarth.com
2   Christian J. Rowley (SBN 187293) crowley@seyfarth.com
    560 Mission Street, Suite 3100
3   San Francisco, CA  94105
    Telephone:  (415) 397-2823
4   Facsimile :  (415) 397-8549

5

    Attorneys for Petitioner
6   NEW UNITED MOTOR MANUFACTURING INC.

7                                           E-filing

8                                                                    BZ

9                   UNITED STATES DISTRICT COURT          EMC

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  NEW UNITED MOTOR MANUFACTURING )    CV 08 Case No.  10277 0976
    INC.                           )
13                                 )
            Movant/Petitioner,     )
14                                 )    **PETITION & MOTION TO VACATE**
        v.                         )    **LABOR ARBITRATION AWARD; AND**
15                                 )    **MEMORANDUM OF POINTS AND**
    UNITED AUTO WORKERS LOCAL 2244, a )  **AUTHORITIES IN SUPPORT**
16  labor organization,            )    **THEREOF**
                                   )
17          Respondent.            )
                                   )
18                                 )
                                   )
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.      STATEMENT OF ISSUES ...........................................................................................1

II.     JURISDICTION AND VENUE ARE PROPER IN THIS COURT ....................................3

III.    RELEVANT LANGUAGE IN THE COLLECTIVE BARGAINING
        AGREEMENT...........................................................................................................4

IV.     FACTUAL AND PROCEDURAL BACKGROUND........................................................6

        A.      NUMMI and the UAW .....................................................................................6

        B.      Time for Time Leave ......................................................................................6

        C.      The 1990 "Staudohar Arbitration Decision"...................................................7

        D.      The "Staudohar" Program...............................................................................7

        E.      Arbitration Procedural Background. ...............................................................7

V.      EXHIBITS ...............................................................................................................8

VI.     LEGAL ARGUMENT................................................................................................9

        A.      THE ARBITRATOR'S DECISION BECAME FINAL AND SUBJECT
                TO APPEAL WHEN HE ISSUED HIS SECOND OPINION AND
                RELINQUISHED HIS AUTHORITY ...................................................................9

        B.      THE ARBITRATOR'S FAILURE TO DECIDE THE ISSUES
                PRESENTED TO HIM REQUIRES THE AWARD TO BE VACATED............10

                1.      The Parties Authorized the Arbitrator to Decide Liability and
                        Remedy Issues, but He Refused To Do So. ................................................10

                2.      The Arbitrator's Failure to Decide the Dispute Presented to Him
                        Violates the Plain Language of the FAA. ....................................................11

                3.      The Arbitrator's Failure to Decide the Issues Presented to Him
                        Prejudices the Parties and Highlights the Strong Public Policy
                        Behind the FAA. ........................................................................................12

        C.      The Arbitrator Exceeded His Authority When He, In Effect, Ordered the
                Parties to Arbitrate With Someone Else. ...............................................................15

VII.    CONCLUSION........................................................................................................17

# TABLE OF AUTHORITIES

Page

*Am. Fed'n of Television & Radio Artists v. WJBK-TV*
164 F.3d 1004, 1009 (6th Cir. 1999)................................................... 2

*Barrington v. Lockheed Martin,*
2006 U.S. Dist. LEXIS 1448 (D. Fla. 2006)................................... 2, 8

*Coast Trading Co., Inc. v. Pacific Molasses Co.*
681 F.2d 1195 (9th Cir. 1982)................................................... 15

*Circuit City Stores, Inc. v. Adams*
532 U.S. 105 (2001)................................................... 1, 2

*Commer v. District Council*
990 F. Supp. 304, 311 (S.D.N.Y 1998)................................... 11

*ConnTech Development Co. v. University of Connecticut Education Properties, Inc.*
102 F.3d 677, 686 (2d Cir. 1996)................................... 11

*Curacao v. Solitron*
356 F. Supp. 1, 12 (S.D.N.Y.),
*aff'd*, 489 F.2d 1313, *cert. denied*, 416 U.S. 986 (1974)................... 12

*Dighello v. Busconi*
673 F. Supp. 85, 90 (D. Conn. 1987)................................... 3

*EEOC v. Waffle House, Inc.*
534 U.S. 279, 289 (2002) ................................................... 1

*Exxon Mobile Corp. v. Paper Allied-Industrial Chemical*
383 F.Supp.2d 877, 880 (M.D.La. 2005)................................... 15

*Gas Aggregation Servs. v. Howard Avista Energy*
319 F.3d 1060, 1069 (8th Cir. 2003)................................... 3

*Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO v. Excelsior Foundry Co.*
56 F.3d 844, 848 (7th Cir. 1995)................................... 2

*IBEW, Local Union No. 545 v. Hope Elec. Corp.*
380 F.3d 1084, 1097 (8th Cir. 2004)................................... 2

*IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*
266 F.3d 645, 650 (7th Cir. 2001)................................... 11

*Kennecott Utah Copper Corp. v. Becker*
186 F.3d 1261, 1268 n.3 (10th Cir. 1999)................................... 2

*Lindland v. U.S. Wrestling Ass'n, Inc.*
227 F.3d 1000 (7th Cir. 2000)................................... 15

*Local 36, Sheet Metal Workers Int'l Ass'n. AFL-CIO  v. Pevely Sheet Metal Co.*
951 F.2d 947, 949 (8th Cir. 1992) ................................... 9

# TABLE OF AUTHORITIES

Page

*Orion Pictures Corp. v. Writers Guild of America, West, Inc.*
   946 F.2d 722, 725 (9th Cir. 1991)................................................................... 9

*Paperworkers v. Misco, Inc.*
   484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)........................................ 15

*Poweragent Inc. v. Elec. Data Sys. Corp.*
   358 F.3d 1187, 1193 n.1 (9th Cir. 2004)............................................................ 3

*Roadway Package System, Inc. v. Kayser*
   257 F.3d 287 (3rd Cir. 2001)...................................................................... 15

*Smart v. IBEW Local No.* 702
   315 F.3d 721, 726 (2d Cir. 2002)................................................................ 9, 11

*Steelworkers v. Enterprise Wheel & Car Corp.*
   363 U.S. 593, 597, 80 S. Ct. 1358, 4 L.Ed.2d 1424 (1960)................................. 15

*Textile Workers v Lincoln Mills of Ala.*
   353 U.S. 448, 451-52, 1 L. Ed. 2d 972, 77 S. Ct. 912 (1957)............................... 2

## OTHER AUTHORITIES

Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1.................................................  1, 2, 4

Federal Arbitration Act ("FAA") § 10(a)(4)........................................................ 2, 11,12

Labor Management Relations Act (LMRA) §  2(5), 29 U.S.C. §152(5) .........................   3

Labor Management Relations Act (LMRA) §§2(6) and (7), 29 U.S.C. §§152(6) and (7)........   3

Labor Management Relations Act (LMRA) § 301,  29 U.S.C. § 85............................   1, 2

1  Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 and Section 301 of the

2  Labor Management Relations Act, 29 U.S.C. § 185, New United Motor Manufacturing Inc.

3  ("NUMMI") through its counsel of record submits this Petition & Motion to Vacate a Labor

4
   Arbitration Award and Supporting Memorandum of Points and Authorities. *EEOC v. Waffle*
5
   *House, Inc.*, 534 U.S. 279, 289 (2002) *citing Circuit City Stores, Inc. v. Adams*, 532 U.S. 105
6
7  (2001) (FAA applies to contracts of employment, except in transportation).

8  NUMMI seeks to vacate the Decision and Award of Arbitrator Charles A. Askin, Esq.

9  ("Arbitrator"), which was issued in two separate opinions (collectively "Decision" or "Award").

10  The Award related to an arbitration held in response to a series of grievances filed by the United

11  Auto Workers Local 2244 ("Union" or "UAW").

12
## I.    STATEMENT OF ISSUES
13

14  The legal principles at issue in this case are straightforward, and the dispositive facts are

15  not complicated. To summarize, the parties mutually selected an experienced labor arbitrator to

16  resolve a complicated dispute between them involving their collective bargaining relationship.

17  As in most collective bargaining arbitrations, the parties invested the arbitrator with the power to

18  decide two broad categories of issues: liability and remedy.[1]  Thereafter, over more than 18

19  months, the parties arbitrated the dispute, resulting in four days of hearings, many different
20
   witnesses, hundreds of pages of exhibits, and extensive repeated briefings. Over the course of
21
22  the arbitration, the Arbitrator issued two opinions. (*See Exs. 1* and *2* in the Appendix of

23

24

25  [1] These general categories are a bit misleading, as both liability and remedy involve/involved in this case,
   numerous sub issues, and the line between the two broad categories is not clear or well defined. Further,
26  the parties may disagree as to what is a "liability" and what is a "remedy" sub issue, and the general
   category of "remedy" issues may be even more complicated than the general category of liability issues.
27  However, the bottom line is that the Arbitrator declined to decide the broad category of "remedy issues
   that he was empowered to decide in clear derogation of the Federal Arbitration Act directly and as
28  incorporated through Section 301.

- 1 -

1  Supporting Evidence, authenticated by the Declaration of Christian J. Rowley, Esq., both filed

2  herewith—all references to Exhibits are to the Appendix).

3  In his second and final opinion, which was issued on November 20, 2007 (*Ex. 2*), the

4
   Arbitrator decided, at least in part, the issue of liability, but declined to decide any of the remedy
5
   issues submitted to him before he relinquished jurisdiction. Ex. 2 at 2:10-12; 23:2-6. Moreover,
6
7  without authorization from the parties or from the labor contract at issue, the Arbitrator then

8  essentially ordered the parties to submit the remedy issues to a different arbitrator if they were

9  unable to resolve them through negotiation. *Ex. 2* at 23. In other words, the parties empowered

10 the Arbitrator to decide one dispute that involved two broad groups of issues—liability and

11 remedy--but he elected to decide only one group of issues (and only in part), and then required
12
   the parties to pass the other group of issues to another arbitrator.[2]
13
14 Section 10(a)(4) the FAA and Section 301[3] mandate that the Award be vacated for two

15 separate reasons. First, the Arbitrator failed to issue a full, final, and definite decision as to the

16

17

18 [2] Indeed, the Union, in particular, had made clear that this arbitration was not for a "declaratory relief" opinion, rather the Union wanted the Arbitrator to decide liability and remedy. Tr. 290-91. NUMMI agreed with the Union's position on this point as to the arbitrators' authority. TR. 294-95. The Arbitrator
19 clearly stated that he would decide the remedy, unless the Employer prevailed. Tr. 304, 498; Ex. 2 at 2, 23; Ex. 6 at 3 (Union Opening Brief).
20 [3] There is some dispute as to whether the Supreme Court decision in *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) applies the FAA directly to labor agreements. *Adams*, 532 U.S. at 119 ("Section 1
21 exempts from the FAA only contracts of employment of transportation workers."); *see IBEW, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1097 (8th Cir. 2004) *citing Textile Workers v Lincoln*
22 *Mills of Ala.*, 353 U.S. 448, 451-52, 1 L. Ed. 2d 972, 77 S. Ct. 912 (1957); *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 n.1 (9th Cir. 2004) ("Circuit City did not address a [collective bargaining
23 agreement], and we have not considered, and do not here consider, its application to such agreements."); *Barrington v. Lockheed Martin*, 2006 U.S. Dist. LEXIS 1448 (D. Fla. 2006) (discussing dispute regarding
24 FAA's application to Labor contracts). If the Court would like briefing on this dispute, NUMMI is, of course, happy to do so. However, NUMMI believes that the Court need not resolve this issues as under
25 Section 301 actions, the courts look to FAA principles unless there is a clear dispute between the two. *Am. Fed'n of Television & Radio Artists v. WJBK-TV*, 164 F.3d 1004, 1009 (6th Cir. 1999) (FAA guides
26 labor arbitration cases); *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1268 n.3 (10th Cir. 1999) ("The Court was interpreting the Federal Arbitration Act, 9 U.S.C. § 1-16, but there is no apparent
27 reason why its conclusion should not apply equally to review of a labor-arbitration award."); *Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO v. Excelsior Foundry Co.*, 56 F.3d
28 844, 848 (7th Cir. 1995) ("The Federal Arbitration Act . . . is used as a source of principles to guide the

- 2 -

1  dispute presented to him and second, he exceeded his authority by requiring the parties to

2  essentially to bifurcate the dispute between arbitrators and to resubmit parts of their dispute to a

3  different arbitrator.

4

5       As one Court succinctly noted, "[t]he arbitrator must 'resolve all issues submitted to the

6  arbitration, and determine each issue fully so that no further litigation is necessary to finalize the

7  obligations of the parties under the award.'" *Gas Aggregation Servs. v. Howard Avista Energy*,

8  319 F.3d 1060, 1069 (8th Cir. 2003) (vacating portion of award awarding pre-judgment interest)

9  *quoting Dighello v. Busconi*, 673 F. Supp. 85, 90 (D. Conn. 1987) *aff'd* 849 F.2d 1467 (2d Cir.

10  1988).

11       In this case, the parties were entitled to have a final, complete decision from one

12  arbitrator as to all of the subjects they submitted, which they did not get. Rather, the Arbitrator

13
14  issued a final decision that, although final as to his authority and involvement (and thus final for

15  purposes of this motion), did not finally decide at least half of the issues he was asked to decide

16  or give any closure to the parties. In the process, he also exceeded his authority by purporting to

17  pass jurisdiction to someone else. For these reasons, the Award must be vacated in its entirety

18  under well established law.

19  **II.    JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

20
       This case involves an arbitration arising out of a collective bargaining relationship that is
21
22  subject to the Labor Management Relations Act. The Union is an unincorporated association

23  and labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. §152(5).

24  NUMMI is engaged in commerce and its activities affect commerce within the meaning of

25  Section 2(6) and (7) of the LMRA, 29 U.S.C. §§152(6) and (7).

26
27  _____
28  formulation of a federal common law of labor arbitration under Section 301"). Thus, under either the
   FAA or Section 301 incorporating the FAA, the underlying arbitration should be vacated.
                                                   - 3 -
   PETITION & MOTION TO VACATE LABOR ARBITRATION AWARD; AND MEMORANDUM OF POINTS
                        AND AUTHORITIES IN SUPPORT THEREOF

1    Accordingly, jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 29 U.S.C. §

2    185, and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. Venue is proper in this district under

3    9 U.S.C. § 10, as the contested Award was rendered in this District.

4

5    **III.    RELEVANT LANGUAGE IN THE COLLECTIVE BARGAINING
       AGREEMENT**

6    ARTICLE X.  PROBLEM RESOLUTION PROCEDURE

7    Section 7.1    Power of the Arbitrator

8    The Arbitrator shall be empowered to hear, investigate and decide any differences

9    between parties concerning the interpretation or application of the provision of this Agreement.

10   The Arbitrator shall  have no power or authority to rule on or to decide any matter which is not

11   covered by express provisions of this Agreement or which is left to the responsibility or

12   discretion of the Company.  The Arbitrator shall have no power to:  (1)  add to, subtract from, or

13   otherwise modify any of the provisions of the Collective Bargaining Agreement; (2)  establish or

14   modify any wage; (3)  rule on problems concerning standardized work; (4)  rule on problems

15   concerning the Company's Benefit Plans, such as the Group Insurance Program, Health Care

16   Insurance Program, Retirement Plan, Savings Plan, or Reserve Fund Plan; (5)  rule on problems

17   concerning health and safety; (6)  rule on those issues or disputes in which the parties waived

18   their rights under Article XXX; or (7) rule on any matter specifically excluded from the Problem

19   Resolution Procedure by any part of this Agreement

20   Section 8.    Arbitrator's Decision

21   All decisions within the defined authority of the Arbitrator shall be final and binding on

22   all parties.

23   ARTICLE XI. SENIORITY

24   Section 3.    Loss of Seniority

25   Seniority will be broken and lost, and <u>employment shall cease</u> for the following reasons:

26   * * *

27

28
                                              - 4 -

1  (e) Failure to return to work within four (4) consecutive working days (excluding
2 Saturday and Sunday) after the expiration of a leave of absence unless unusual conditions or
3 circumstances exist;

4  (g) Being on sick leave beyond the period set forth in Paragraph 9.3 and 9.4, Article
5 XXIII of the Agreement.  (Emphasis added)

6   ARTICLE XXIII  LEAVES OF ABSENCE

7   Section 1. Definition

8  A leave of absence means approved time off from work with or without pay for a
9 specified period of time for serious or compelling reasons.

10   Section 9.1 Sick Leave

11  Employees who become ill or disabled are eligible for an unpaid leave of absence after an
12 absence of five (5) consecutive working days.  Requests for such leave will be submitted within
13 this five (5) day period and will include medical documentation from their attending physician
14 indicating they are unable to work and the <u>estimated duration of their absence.</u>  The Company
15 may, at its expense, request an impartial medical opinion from a mutually agreed upon medical
16 examiner.  (Emphasis added)

17  ***

18   Section 9.3

19  A sick leave of absence <u>may not exceed</u> the employee's length of seniority as of the date
20 of the illness or disability, or eighteen (18) months for an employee with less than one (1) year of
21 seniority, or thirty-six (36) months for an employee with more than one (1) year of seniority,
22 whichever is greater.  (Emphasis added)

23   Section 9.4

24  In compensable injury and legal occupational disease cases, sick leave will be granted
25 <u>automatically</u> and seniority will accumulate for the <u>full period of legal temporary disability</u>.
26 Employees disabled during evaluation period by compensable injury or legal occupational
27 disease shall be given credit for the period of such disability toward acquiring seniority.
28 (Emphasis added)

- 5 -

1

ARTICLE XXX.    ENTIRE AGREEMENT AND WAIVER

2

Section 1. Entire Agreement And Waiver

3      This Agreement constitutes the entire Agreement between the parties, except as modified

4    by written side letters to this Agreement and signed by the Company's Vice President, Human

5    Resources and the UAW Vice President.    During the negotiations which resulted in this

6    Agreement, each party had the right and opportunity to make demands and proposals on any

7    subject or matter not removed by law from the area of collective bargaining.  The understandings

8    and agreements arrived at by the parties after the exercise of that right and opportunity are set

9    forth in this Agreement. . . ..

10

11

## IV.    FACTUAL AND PROCEDURAL BACKGROUND

12      A full understanding of the background of the parties' dispute is not necessary to decide

13    the narrow issues before the Court.  Further, the convoluted facts giving rise to the arbitration at

14    issue are described in detail in the First and Second Opinions attached as Exhibits 1 & 2.  To

15    give the Court some background, however, a highly condensed summary follows (except as

16    noted the facts are taken from Exs. 1 and 2):

17

18      **A.**    NUMMI and the UAW

19      NUMMI is the last surviving auto manufacturing company west of the Rocky Mountains.

20    Tr. 209-210.    NUMMI employs several thousand unionized production workers ("team

21    members"), who are represented by the UAW.  Tr. 209.

22      **B.**    Time for Time Leave

23      Since the mid 1980's NUMMI and the UAW have been party to a series of collective

24    bargaining agreements.  Ex. 1 at 3. Since at least 1990, those Agreements have contained

25    language relating to sick leave for Team Members.  Ex. 1 at 3-4.

26      The parties' CBA provides for sick leave in Article XXIII, Section 9 *et seq.*  The UAW

27

28    believes that Article XXIII, Sections 9.3 and 9.4 create a right to so-called "time for time" leave.

- 6 -

1    Ex. 1 at 3-4, 12.  Simply stated, the UAW argues that a team member who has worked for a

2    certain period of time, can remain on leave for a period of time equal to his or her seniority.  *Id.*

3

4       **C.**    The 1990 "Staudohar Arbitration Decision" and NUMMI's
              "Staudohar Program:

5       Arbitrator Paul Staudohar heard a dispute between the parties in October 1990 relating to

6    "time for time" leave.  Arbitrator Staudohar ruled that once it is determined that an employee's

7    injuries are permanent and preclude him or her from returning to work and the Company ahs

8    made a good faith effort to accommodate the employee, then the employee can be terminated

9    from leave and his or her seniority is "broken.".  Ex. 4 at 9-14.  The effect of this decision was

10   one of the sub-issues in the parties' current dispute.

11      **D.**    The "Staudohar" Program.

12      In September 2005, the Company and the Union met to discuss the Company's plan to

13   follow the *Staudohar* decision as explained in a July 19, 2005 letter.  Ex. 2 at 6; Tr. 270-71.  At

14   this meeting, the Company provided the Union with a written plan describing the implementation

15   and the procedures the Company would follow regarding what it called the "Staudohar

16   Program."   Tr. 271.   In a nutshell, under the Staudohar Program, the Company worked

17   extensively with the UAW to place in the NUMMI plant Team Members who had permanent

18   and stationary injuries and had been on leave for some time.[5]  Ex. 2 at 6; Tr. 435, 446-47.  Those

19   that still could not be placed after an extensive program, were terminated from sick leave, and

20   their benefits ended (subject to any COBRA rights).

21      The Union filed several grievances claiming that the *Staudohar* decision and the CBA

22   had been violated.  Pursuant to the provisions of the August 6, 2005, collective bargaining

23   agreement  between NUMMI and the UAW, the parties mutually selected the Arbitrator noted

24   above for final and binding arbitration as to their dispute.

25

26

27   _____
     [5] This is in addition to the Company's extensive disability program for injured employees under which the
     Company working with the UAW makes ingoing efforts to place every single injured employee whenever
28   possible in light of his or her medical restrictions.

PETITION & MOTION TO VACATE LABOR ARBITRATION AWARD; AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

1

**E.**    Arbitration Procedural Background

2

3       The Arbitrator first held an evidentiary hearing on the merits of the case in Fremont,

4    California, on Monday, August 14, 2006, and Tuesday, August 15, 2006 ("Initial Hearings").

5    The parties disputed the issues  at that point before the Arbitrator.  Ex. 1. The Arbitrator

6    thereafter, on November 24, 2006, issued his opinion ("First Opinion") based on an issue he had

7    derived from the parties' positions at the arbitration. Ex. 1.  He specifically retained jurisdiction

8    over the "remedy," which was essentially another hearing on the merits of the dispute.

9

10       Following issuance of the Arbitrator's First Opinion, the Arbitrator held a second set of

11    evidentiary hearings on the merits of the case in Fremont, California, on  June 6, 2007, and June

12    18, 2007.  Ex. 2. Thereafter, on November 20, 2007, the Arbitrator issued his second and final

13    Opinion.  *Id.*  The issues he was asked to address, and the issue he did address, are discussed

14    below.

15

16    **V.  EXHIBITS**

17       The following supporting exhibits are filed in the Appendix herewith and authenticated

18    by the Declaration of Christian J. Rowley, Esq.

19

20

| Exhibit 1: | November 24, 2006, Opinion ("First Opinion") |
|---|---|
| Exhibit 2: | November 20, 2007, Opinion and Award and Cover Letter ("Second Opinion") (collectively the First and Second Opinions constitute the "Decision" or "Award") |
| Exhibit 3: | Collective Bargaining Agreement at issue |
| Exhibit 4: | Cited portions of the Hearing Transcripts in the Arbitration below |
| Exhibit 5: | 1990 Staudohar Arbitration Decision and Award |
| Exhibit 6: | Union's Opening Brief as to the Second Set of Hearings |
| Exhibit 7: | NUMMI's Opening Brief as to the Second Set of |

- 8 -

1

|  | Hearings |
|---|---|
| Exhibit 8: | *Barrington v. Lockheed Martin*, 2006 U.S. Dist. LEXIS 1448 (D. Fla. 2006) |

## VI.    LEGAL ARGUMENT

### A.    THE ARBITRATOR'S DECISION BECAME FINAL AND SUBJECT TO APPEAL WHEN HE ISSUED HIS SECOND OPINION AND RELINQUISHED HIS AUTHORITY

As a threshold matter, a Petition/Motion to Vacate under the FAA is generally not appropriate until a final order has been issued by the arbitrator. *See Orion Pictures Corp. v. Writers Guild of America, West, Inc.*, 946 F.2d 722, 725 (9th Cir. 1991) (once an arbitrator has asserted jurisdiction, a district court generally may not review the arbitrator's rulings until the arbitrator relinquishes jurisdiction by issuing a final award). There is some divergence between the federal circuit courts as to if and when an "interlocutory-type appeal" from an arbitration is appropriate.

The Court, however, need not decide that issue here because, as the Second Circuit noted "[o]ne thing is clear . . . if the arbitrator himself thinks he's through with the case, then his award is final and appealable . . .." *Smart v. IBEW Local No*. 702, 315 F.3d 721, 725-726 (2d Cir. 2002), *citing inter alia, Local 36, Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Pevely Sheet Metal Co.*, 951 F.2d 947, 949 (8th Cir. 1992). The Court goes on to say that "then section 10(a)(4) comes into play to guide the court in deciding whether the award is either incomplete (the arbitrator was wrong to think he was through with the case) or indefinite." *Id.* at 726.

In this case, as discussed extensively below, the Arbitrator makes clear in his Second Opinion that he is through with the case and is relinquishing his jurisdiction. Ex. 2 at 26. At the

- 9 -

1  point the Arbitrator terminated his involvement, his jurisdiction ended, and his Award, consisting

2  of the two opinions, became final for purposes of this Motion.[6]

3

4      **B.**    THE ARBITRATOR'S FAILURE TO DECIDE THE ISSUES
   PRESENTED TO HIM REQUIRES THE AWARD TO BE

5              VACATED

6            **1.**    The Parties Authorized the Arbitrator to Decide Liability
   and Remedy Issues, but He Refused To Do So.

7

8      The parties expressly gave the Arbitrator jurisdiction over the "liability" and "remedy"

9  issues. Tr. 294:11-14 ("The parties have already stipulated that you will—that you are going to

10  retain jurisdiction over remedy . . . if further proceedings are necessary." (UAW Lawyer);

11  ("[H]e has jurisdiction [over the remedy]) (NUMMI lawyer) Tr. 295:1-16; Tr. 304, 498).

12  Indeed, the Arbitrator recognizes at several points in the Second Award, including his statement

13
   of the issue, that he was asked to decide the remedy. Tr. 304, 498; Ex. 2 at 2 & 23. Lest there be

14
15  any doubt, the UAW's lawyer made clear that the Arbitrator was not being asked to make a

16  declaratory-judgment-type arbitration award, but rather to decide the whole dispute—liability

17  and remedy. Tr. 290-91.

18      The parties had some dispute about what would be heard by the Arbitrator in the second

19  round of hearings, as the Union wanted to present a sub-issue that NUMMI thought went more to

20
   remedy (namely, when does "time for time" start). There was, however, no dispute that the

21
22  parties were asking the Arbitrator to decide in this arbitration ultimately the remedy issues (and

23  there are many "remedy" issues as discussed later), just not in that round of hearings, which is

24

25  ─────────────
   [6] If it were otherwise, NUMMI would be in the untenable position of having to arbitrate an issue it
   already submitted to this Arbitrator with another arbitrator before appealing. This is exactly the situation,

26  as discussed below, that Section 10(a)(4) was designed to prevent and, in part, why the Award must be
   vacated. The Arbitrator had no authority to decline to decide the dispute after he accepted it, and, in
   effect, to order the parties to arbitrate elsewhere. This is not a case where the Arbitrator retained

27  jurisdiction but first let the parties try to work out the remedy, which would have been very appropriate.
   In such a case, the Decision arguably would not have been final until such time that the Arbitrator decided

28  the remedy. In this case, the Arbitrator's decision became final when he gave up jurisdiction.
                                        - 10 -

1  standard in most labor arbitrations (*i.e.*, liability before remedy). Tr. 294-95, 304, 498; Ex 2 at

2  23 fn 6. In short, this was not a declaratory judgment action. It is a complicated case involving

3  numerous legal and factual issues related to both liability and damages, and the parties submitted

4  both sets of issues to the Arbitrator, as clearly reflected in the Statement of the Issue. Ex. 2 at

5

6  2:11-12.

7  The Arbitrator, however, expressly declined to decide the issue presented to him. Ex. 2

8  at 2, at 23, at fn. 7. In short, the parties empowered the arbitrator to resolve the dispute between

9  them as to both liability and remedy, and all the many issues arising therefrom. He decided parts

10  of the dispute, but declined to decide the issue presented to him in its entirety. Rather, contrary

11  to the parties' clear statements on the record that this was not a "declaratory judgment type"

12  arbitration, he treated the arbitration as such and declined to decide any "remedy" issues (which

13  again includes many sub-issues that are arguably both liability and remedy).

14

15

16  **2.** The Arbitrator's Failure to Decide the Dispute Presented to Him Violates the Plain Language of the FAA.

17  Section 10(a)(4) of the FAA provides that an award may be vacated for various reasons

18  including fraud, corruption, or misconduct by the arbitrator, or "where the arbitrators exceeded

19  their powers, or so imperfectly executed them that a mutual, final, and definite award upon the

20  subject matter submitted was not made." "An award is mutual, definite and final if it 'resolve[s]

21  all issues submitted to arbitration, and determine[s] each issue fully so that no further litigation is

22  necessary to finalize the obligations of the parties.'" *ConnTech Dev. Co. v. Univ. of Conn. Educ.*,

23  102 F.3d 677, 686 (2d Cir. 1996) (quotations omitted). "The purpose of the section is merely to

24  render unenforceable an arbitration award that is either incomplete in the sense that the

25  arbitrators did not complete their assignment (though they thought they had) or so badly drafted

26  that the party against whom the award runs doesn't know how to comply with it." *Smart, supra,*

27

28

- 11 -

PETITION & MOTION TO VACATE LABOR ARBITRATION AWARD; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

315 F.3d at 725, *citing, IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 650 (7th Cir. 2001).

In this case, not only did the arbitrator not complete his assignment and decide the issue submitted to him in a way that specifies the obligations of the parties, he essentially ordered them to litigate further. *Commer v. District Council*, 990 F. Supp. 304, 311 (S.D.N.Y 1998) (an award cannot be confirmed to the extent it does not specify the amount of damages); *Curacao v. Solitron*, 356 F. Supp. 1, 12 (S.D.N.Y.), *aff'd*, 489 F.2d 1313, *cert. denied*, 416 U.S. 986 (1974) (award must be clear enough to indicate unequivocally what each party is required to do). In short, the Court need not ponder what the Arbitrator's assignment was, because the Arbitrator made clear that he was not completing it.

As discussed further below, the Award essentially guarantees that the parties will have to continue to litigate numerous, complicated issues that can broadly be defined as relating to the "remedy." Pursuant to Section 10(a)(4) of the FAA, the Arbitrator's failure to decide the dispute submitted to him in a final manner requires the Court to vacate the Award, which includes both Opinions.

> **3.** The Arbitrator's Failure to Decide the Issues Presented to Him Prejudices the Parties and Highlights the Strong Public Policy Behind the FAA.

In essence, under the Award, the parties are condemned to additional litigation, retreading much of the same law and facts again, with the added burden of arguing to a new arbitrator about what happened in the last arbitration. The remedy issue in this case is really the "crux" of an already complicated matter, and is a big part of what the parties empowered the Arbitrator to decide. Determining the "remedy," if any, will require the decision maker to review numerous sub-issues which, in some cases, are closely intertwined with the issues already

- 12 -

1  discussed in the Award. Thus, as a result of the Award, the parties will have to reeducate a brand

2  new arbitrator about the whole, complicated dispute and the many factual and legal nuances.

3  They will also have the added burden of presumably differing interpretations of what the

4
5  Arbitrator in this case decided and did not decide as to liability and why. This is the antithesis of

6  the process intended by the FAA.[7]

7  Moreover, the remedy is not a simple matter of adding up numbers, as in a discharge

8  case. The "remedy" issues are heavily intertwined with the "liability" issues. For example,

9  NUMMI and the UAW appear to have radically different views as to several key, complicated

10  issues, not the least of which is the length of time a bargaining unit team member may remain on

11  "time for time" or sick leave. The issue of how long that sick leave period lasts will be critical to

12
13  determining what the remedy is, if any, for team members affected by the NUMMI policy.

14  A second critical remedial issue on which the parties disagree is to what extent a team

15  member is entitled to full medical benefits during a period of sick leave, which can be decades,

16  regardless of whether the team member they will ever return to work. Ex. 2 at 23, fn 5. This

17  medical benefit issue is presumably the real driving force for the grievances, and involves

18  potentially millions of dollars per year. Indeed, the Arbitrator expressly recognized this critical

19
20  issue in the Second Opinion, but stated that he was expressly not deciding that issue in his

21  opinion on liability. *Id.* This issue may be included in the remedy phase of the arbitration and

22  includes numerous legal and factual issues, such as to what extent, if at all, NUMMI must

23  reimburse out of pocket medical expenses and/or pay for coverage. Resolution of the UAW's

24  claim as to remedy might require the Arbitrator to decide this broad medical benefits issue

25
26

27  ─────────────────────
[7] The Union may assert that NUMMI's argument will extend even further the arbitration. However, the
28  parties are going to have to reeducate a new Arbitrator anyway, and they are entitled to have the same
person who makes the ultimate decision decide all the issues presented to him or her.
- 13 -

PETITION & MOTION TO VACATE LABOR ARBITRATION AWARD; AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

1  (depending on whether it is properly before the arbitrator), involving numerous legal and factual

2  sub-issues.

3       There are additional potential "remedy" issues as well relating to whether reinstatement

4  would be required, whom among the group would need to be reinstated if anyone, is

5

6  reinstatement required for people who are so completely disabled that they can never possibly

7  return to work, what would their seniority be, what benefits would they get if any (if that is even

8  properly before the Arbitrator, which NUMMI believes is not), what bumping rights would they

9  have if any, what financial damages if any they would be entitled to, what offsets to those

10  damages, and so forth. Again, many of these so called "remedy issues" will require analysis of

11  numerous legal and factual sub-issues, including what has happened to date in the arbitration.

12
        While NUMMI means no disrespect to the Arbitrator, the Award simply does not resolve
13
   the dispute that was submitted to him. Rather, it purports to subject the parties to potentially
14
15  years of additional litigation before a brand new arbitrator. Most importantly, the parties and the

16  new arbitrator will have the added problem (if the award is not vacated) of trying to figure out

17  what this Arbitrator meant in his Award (which provides no guidance as to damages), what this

18  Arbitrator did and did not decide, what was properly submitted in the grievance (now more than

19  two and one half years old) to this Arbitrator, and so forth. With all due respect to the Arbitrator,
20
   this is exactly the type of situation the FAA precludes.
21
22       The parties were entitled to a "mutual, final, and definite award" as to liability and

23  "remedy" from this Arbitrator, who was selected by the parties through their negotiated

24  arbitration process, not from someone else who will have to guess what this Arbitrator meant and

25  decided. An Arbitrator cannot simply refuse to issue a final and definite award once the issue

26

27

28
                                            - 14 -

1  has been submitted to him or her, and thus, the Decision & Award, consisting of the two

2  Opinions, must be vacated.

3

4     **C.**    **THE ARBITRATOR EXCEEDED HIS AUTHORITY WHEN HE, IN EFFECT, ORDERED THE PARTIES TO ARBITRATE WITH SOMEONE ELSE.**

5

6      In addition to the Arbitrator's failure to decide the dispute presented to him, he exceeded

7  his authority by essentially requiring the parties to arbitrate a large part of their dispute with

8  someone else. Again, under the FAA, a court must vacate an arbitration award "where the

9  arbitrators exceeded their power or so imperfectly executed them that a mutual, final, and

10  definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).   The

11  Arbitrator's power is derived from, and limited by, contract. As the court in *Lindland v. U.S.*

12  *Wrestling Ass'n, Inc.,* 227 F.3d 1000 (7th Cir. 2000) noted:

13

14         But arbitrators assuredly are bound by the contracts and other rules that give them power to act. An arbitrator who throws

15         aside those rules and implements his "own brand of industrial justice" oversteps his powers, and the resulting award must be set

16         aside. *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S. Ct. 1358, 4 L.Ed.2d 1424 (1960); *Paperworkers v.*

17         *Misco, Inc*., 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

18

19      *Id.* at 1004; a*ccord, Coast Trading Co., Inc. v. Pacific Molasses Co.,* 681 F.2d

20  1195, 1197-1198 (9th Cir. 1982).   Thus, when an arbitrator exceeds his powers, by for

21  example awarding a remedy or taking action not authorized by contract, his award be

22  vacated. *Coast Trading Co., Inc., supra,* 681 F.2d at 1198-99 (arbitration panel exceed

23  authority by ordering remedy not authorized by agreement); *Roadway Package System,*

24  *Inc. v. Kayser*, 257 F.3d 287, 300 (3rd Cir. 2001)("the scope of an arbitrator's authority is

25

26  defined and confined by the agreement to arbitrate"); *Exxon Mobile Corp. v. Paper*

27  *Allied-Industrial Chemical*, 383 F.Supp.2d 877, 880 (M.D.La. 2005) ("Despite this

28

- 15 -

deference, however, a court is 'free to scrutinize an award to ensure that the arbitrator acted in conformity with the jurisdictional prerequisites of the collective bargaining agreement.' The arbitrator 'can bind the parties only on issues that they have agreed to submit to him.' If the court finds that the arbitrator exceeded his contractual authority, it may vacate the award.").

In this case, nothing in the contract allows the Arbitrator to force the parties to bifurcate one dispute between two arbitrators or to require the parties to hand off jurisdiction to someone else once he has accepted a case. The contract clearly states that the parties are to select "an Arbitrator" if a dispute is not resolved at the grievance stage, not "arbitrators" or an "arbitration panel." Article X Section 6. More importantly, the contract expressly limits the Arbitrators' authority to what is clearly laid out in the Agreement. See Article X, Section 7.1. The Agreement does not give the Arbitrator authority to rewrite the parties' grievance and arbitration process.

In effect, what the Arbitrator did is purport to force the parties, without briefing, authorization, or contractual support, to arbitrate one complicated dispute with two or more different arbitrators. While parties are, of course, free to agree to split up a dispute between two different arbitrators, or to give the arbitrator the power in the contract to do so, this Arbitrator had no contractual authority to do it entirely on his own . Once an arbitrator has accepted a case and authority to decide a particular issue, he does not have the power to, *sua sponte*, pass off jurisdiction elsewhere or to divide up the disputes between other arbitrators as he sees fit.

- 16 -

1       The bottom line is that the parties did not give the Arbitrator the authority, in the contract

2   or otherwise, to split up one dispute expressly submitted to him between two different arbitrators.

3   Since he manifestly exceeded the powers granted to him, the Decision must be vacated.[9]

4   **VII.    CONCLUSION**

5

6       For the foregoing reasons, NUMMI respectfully asks the Court to vacate the Decision

7   and Award, consisting of the First and Second Opinions.

8

9   DATED: February 15, 2008                          SEYFARTH SHAW LLP

10

11                                                    By

12                                                         Nick C. Geannacopulos
                                                           Christian J. Rowley
13                                                    Attorneys for Petitioner
                                                      NEW UNITED MOTOR
14                                                    MANUFACTURING INC.

15

16

17

18

19

20

21

22

23

24

25

26  [9] The Court cannot remand the case to the Arbitrator to fix his "error." "Arbitrators are not and never
    were intended to be amenable to the remand' of a case for retrial' in the same way as a trial judge . . . It is
27  [a] fundamental common law principle that once an arbitrator has made and published a final award his
    authority is exhausted and he is *functus officio* and can do nothing more in regard to the subject matter of
28  the arbitration." *McClatchy Newspaper, supra,* 686 F.2d at 733-34.
                                                    - 17 -