JONATHAN WEISSGLASS (SBN 185008)
LINDA LYE (SBN 215584)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California  94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jweissglass@altshulerberzon.com
E-Mail: llye@altshulerberzon.com

Attorneys for Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| NEW UNITED MOTOR MANUFACTURING, INC., <br><br> Movant/Petitioner, <br><br> v. <br><br> UNITED AUTO WORKERS LOCAL 2244, <br><br> Respondent. | **Case No. CV-08-0976 TEH** <br><br> **ADMINISTRATIVE MOTION TO CONSOLIDATE HEARINGS IN RELATED CASES ON MAY 19, 2008** |

**INTRODUCTION**

Movant New United Motor Manufacturing, Inc. ("NUMMI" or the "Company") and Respondent United Auto Workers, Local 2244 ("Union") are parties to a collective bargaining agreement ("CBA") that contains a dispute resolution mechanism that culminates in final binding arbitration. The Union filed a grievance under the parties' contractual arbitration clause and an arbitrator issued two decisions resolving the merits of the Union's grievance in the Union's favor. In this action, NUMMI seeks to vacate those two arbitration decisions, but has thus far failed to notice a hearing on its own motion. The Union has filed a related action, CV-08-1242-TEH, in which it seeks to confirm the two arbitration decisions that the Company seeks to vacate, and to compel NUMMI to return to arbitration on outstanding remedy issues arising from the same grievance. The Union has noticed a motion for summary judgment and a motion to confirm the arbitration awards and compel arbitration for May 19, 2008. (*See* CV-08-1242-TEH, Doc. No. 14.) As explained in the Union's briefs in both actions, NUMMI is simply engaged in a transparent effort to vacate arbitration awards that are unfavorable to it and to thwart the Union's effort to enforce the collective bargaining agreement. (*See id.* & CV-08-0976, Doc. No. 17.)

Under the strong federal policy favoring arbitration, especially in the labor context, NUMMI's conduct cannot be countenanced. Pursuant to Local Rule 7-11, and in the interest of conserving judicial resources, the Union requests that this Court set a hearing on NUMMI's motion and petition to vacate the labor arbitration awards for May 19, 2008, so that a consolidated hearing can be held on both the Company's motion and the Union's motion. Because the two motions raise virtually identical issues, consolidation of the hearings on the two motions would facilitate judicial economy.

Although NUMMI agrees that both motions should be heard at the same time, it seeks to postpone the hearing. NUMMI's request to postpone the hearing is merely a further attempt to thwart the Union's effort to enforce the parties' contractual obligations. At stake here is not only the general federal policy favoring arbitration. In the underlying arbitration awards that NUMMI now seeks to vacate, the arbitrator found that NUMMI violated the collective bargaining agreement when it terminated approximately 100 employees in fall 2005, approximately two and one-half years ago. (*See* CV-08-1242-THE, Doc. No. 14 at 1, 6.) To date, the Company has refused to reinstate these

employees. (*See* CV–08-1242-THE, Doc. No. 16 at ¶10.) These employees will continue to be left in limbo through any further delay.

### FACTUAL BACKGROUND

On February 15, 2008, NUMMI filed a petition and motion to vacate the two arbitration decisions issued by the arbitrator on the Union's grievance. (*See* Case No. CV 08-0976 TEH, Doc. No. 1). On March 20, 2008, the Union filed its opposition to NUMMI's petition and motion to vacate. (Doc. No. 17.) NUMMI has not noticed a hearing date for its petition and motion to vacate. Decl. of Linda Lye ISO Motion to Consolidate Hearings In Related Cases at ¶2.

On March 3, 2008, the Union filed an action seeking to confirm the same two arbitration decisions at issue in NUMMI's petition and motion to vacate, and to compel NUMMI to arbitrate the remaining issues arising from the Union's grievance. (*See* Case No. CV 08-1242-TEH, Doc. No. 1.)

On March 17, 2008, this Court granted the Union's unopposed motion to relate the two actions under Local Rule 3-12, on the grounds that the two actions concern substantially the same parties (the Union and NUMMI) and also the same transaction (the Union's grievance under the parties' dispute resolution mechanism). (*See* Case No. CV 08-1242-TEH, Doc. No. 6 & Case No. CV 08-0976 TEH, Doc. No. 14.)

On April 14, 2008, the Union filed a motion for summary judgment and motion to confirm the two arbitration awards and compel arbitration, and noticed the hearing for May 19, 2008. (*See* Case No. CV 08-1242-TEH, Doc. No. 14.)

On April 16, 2008, counsel for the Union proposed to counsel for the Company that the hearing on the Company's motion to vacate be scheduled for the same day as the Union's motion. Lye Decl. at ¶ 7 & Exh. A. On April 21, 2008, counsel for the Company agreed that "[i]t makes sense to have both [parties' motions] heard the same day." *Id.* at ¶8 & Exh. B. Counsel for the Company asserted however that the Company wished to take some discovery "relating to communications directly between NUMMI officials and the UAW" and asserted that any hearing on the parties' motions be postponed until after such discovery. *Id.* Counsel for NUMMI further stated that "NUMMI will file a Rule 56(f) opposition to [the Union's] motion for summary judgment" if the parties were unable to agree on postponing the hearing on the motions in this case. *Id.*

On April 21, 2008, counsel for the Union communicated the Union's view that there was no need to postpone the hearing on the motions because the factual matters as to which NUMMI contended it wished to take discovery were all matters as to which NUMMI officials were competent to testify and that this was not a situation in which the Union had exclusive control over the information that the Company contended it needed to oppose the Union's motions. *Id.* at ¶9 & Exh. C. Counsel for the Union further stated that the Union construed the Company's April 21, 2008 letter as the Company's refusal to agree to the Union's request to consolidate the hearing on the Company's motion to vacate the arbitration awards with the May 19, 2008 hearing on the Union's motions, *inter alia,* to confirm those same arbitration awards, but that if the Company disagreed with the Union's understanding in this regard, it should advise the Union by noon on April 22, 2008. *Id.* At approximately 3 pm on April 22, 2008, counsel for the Company again stated the Company's position that it believed additional discovery was needed but did not agree to the Union's request to consolidate the hearings on the two motions on May 19, 2008. Lye Decl. at ¶ 10 & Exh. D.

## **ARGUMENT**

The hearing on Company's petition and motion to vacate should be scheduled for May 19, 2008, which is the same date as the hearing on the Union's already-noticed motion for May 19, 2008.

Consolidation of the hearings on the two motions would conserve judicial resources because they raise virtually identical issues. While the Union in its motion seeks, *inter alia*, to confirm the arbitration awards, the Company seeks to vacate those very same arbitration awards. This Court will therefore have to engage in same analysis to resolve both motions. The Company agrees that it "[i]t makes sense to have both [motions] heard the same day." Lye Decl., Exh. B.

Moreover, the Union's motion is already noticed for May 19, 2008, and the Company's motion should be consolidated for that same date. The consolidated hearing on the two motions should not be deferred for two reasons.

First, the purpose of arbitration is to provide an expeditious method for resolving disputes. *See Abernathy v. Southern California Edison*, 885 F.2d 525, 526 (9th Cir. 1989) ("arbitrations [are] favored because of their efficiency in resolving disputed claims"). The Company has brought a motion to vacate the arbitration awards and should not be able to retain a cloud of uncertainty over the validity of those

awards simply by refusing to schedule a hearing on its own motion. The Union has taken prompt action to eliminate any uncertainty as to the status of those awards by bringing its own suit to confirm the awards and a dispositive motion to resolve the claims in that suit. The hearing on the Union's motion has been noticed for May 19, 2008. Judicial economy and the overall federal policy favoring arbitration weigh strongly in favor of resolving all issues as to the validity of the arbitration awards in a single hearing at the earliest date, which is, in this case, May 19, 2008.

Second, the Company's contention that the hearing on the two motions should be deferred until after discovery has been taken is meritless. By this motion, the Union seeks to set a hearing date on the Company's motion to vacate the arbitration awards. The Company does not contend that it needs additional discovery to resolve its own motion to vacate the arbitration awards. Instead, the Company appears to contend that it needs additional discovery in connection with the Union's effort to compel the Company to return to arbitration on the outstanding issues arising from the Union's grievance. For the reasons set forth in the Union's Motion for Summary Judgment And/Or Motion To Compel Arbitration And/Or Confirm Arbitration Awards (*See* Case No. 08-1242-TEH, Doc. No. 14), the question of whether this Court should compel the Company to return to arbitration is a legal issue and presents no material fact disputes. There is therefore no basis to defer the hearing on the Union's motion, noticed for May 19, 2008.

In any event, the proper vehicle for any request by the Company to take additional discovery before resolution of the Union's summary judgment motion would be a motion pursuant to Federal Rule of Civil Procedure 56(f), setting forth the specific facts that the Company believes it needs to oppose the Union's motion, the reasons that the Company cannot present those facts through its own declarations, and an explanation of why those facts are essential to precluding summary judgment. *See* Fed. R. Civ. P. 56(f) (party seeking continuance to take discovery must "show[] by affidavit that, for specified reasons, it cannot presents facts essential to justify its opposition"); *see also, e.g.*, *California v. Campbell,* 138 F.3d 772, 779 (9th Cir. 1998) (prerequisite for continuance under Rule 56(f) is "showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment"). That the Union seeks summary judgment early in these proceedings does not, without more, justify a continuance. *See, e.g., Black's Guide, Inc. v. Mediamerica, Inc.*, 1990 WL 169141 at

*6 (N.D. Cal. Aug. 15, 1990) (Patel, J.) (rejecting argument that summary judgment should be deferred where party opposing motion emphasized that "there have been limited opportunities to conduct discovery" but failed to meet standards for continuance under Rule 56(f)).

But the Court need not determine at this juncture whether a Rule 56(f) motion that the Company has not yet brought should or should not be granted. By this motion, the Union seeks simply to set a hearing on the Company's Petition and Motion to Vacate, and to set that hearing for May 19, 2008, at the same time as the already-noticed hearing on the Union's motion. Doing so would further the interest of judicial economy and allow for an efficient and prompt resolution of the dispute between the parties. At this juncture, before the Company has brought any Rule 56(f) motion, there is no basis to defer the Union's properly noticed summary judgment motion for May 19, 2008, or to delay scheduling a hearing on the Company's Petition and Motion to Vacate.[1]

For the foregoing reasons, the Union respectfully requests that the Court set the Company's Petition and Motion to Vacate Labor Arbitration Awards in this action for a consolidated hearing on May 19, 2008 with the Union's Motion for Summary Judgment And/Or Motion to Compel Arbitration and Confirm Arbitration Awards in CV-08-1242-TEH.

Dated:    April 23, 2008              Respectfully submitted,

                                      JONATHAN WEISSGLASS
                                      LINDA LYE
                                      ALTSHULER BERZON LLP


                                      By: /s/ Linda Lye
                                              Linda Lye

                                      Attorneys for Respondent

---

[1] The Union has attempted, pursuant to Local Rule 7-11(a), to obtain a stipulation the parties to consolidate the hearing on the Company's Petition and Motion to Vacate the arbitration awards with the already-noticed May 19, 2008 hearing on the Union's motion, *inter alia*, to confirm those same arbitration awards. The Company, however, has refused to stipulate to the Union's request. Lye Decl. at ¶6. Should the Court grant the Union's motion and set the hearing on the Company's Petition and Motion to Vacate, the Company's reply brief in support of its Petition and Motion to vacate would be due on May 5, 2008. Local Rule 7-3(c). The Union therefore brings motion to ensure this matter can be resolved before the Company may be required to file its reply brief.