1  JONATHAN WEISSGLASS (SBN 185008)
   LINDA LYE (SBN 215584)
2  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
3  San Francisco, California 94108
   Telephone: (415) 421-7151
4  Facsimile: (415) 362-8064
   E-Mail: jweissglass@altshulerberzon.com
5  E-Mail: llye@altshulerberzon.com

6  Attorneys for Respondent

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                   SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| NEW UNITED MOTOR MANUFACTURING, INC., | Case No. CV-08-0976 TEH |
| Movant/Petitioner, | **DECLARATION OF LINDA LYE IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSOLIDATE HEARINGS IN RELATED CASES ON MAY 19, 2008** |
| v. | |
| UNITED AUTO WORKERS LOCAL 2244, | |
| Respondent. | |

I, Linda Lye, declare as follows:

1. I am a member of this Court and counsel for Respondent United Auto Workers, Local 2244, respondent in this action. I am also counsel for the Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 2244 and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (collectively, the "Union") in the related action, Case No. CV 08-1242-TEH.

2. On February 15, 2008, New United Motor Manufacturing, Inc. ("NUMMI") filed a petition and motion to vacate two arbitration decisions issued by an arbitrator under the dispute resolution mechanism contained in a collective bargaining agreement between NUMMI and the Union. (*See* Case No. CV 08-0976 TEH, Doc. No. 1). On March 20, 2008, the Union filed its opposition to NUMMI's petition and motion to vacate. (Doc. No. 17.) NUMMI has not noticed a hearing date for its petition and motion to vacate.

3. On March 3, 2008, the Union filed an action seeking to confirm the same two arbitration decisions at issue in NUMMI's petition and motion to vacate, and also to compel NUMMI to arbitrate the remaining issues arising from the same grievance by the Union, the merits of which were the subject of the two arbitration decisions. (*See* Case No. CV 08-1242-TEH, Doc. No. 1.)

4. On March 17, 2008, this Court granted the Union's unopposed motion to relate the two actions under Local Rule 3-12, on the grounds that the two actions concern substantially the same parties (the Union and NUMMI) and also the same transaction (the Union's grievance under the parties' dispute resolution mechanism). (*See* Case No. CV 08-1242-TEH, Doc. No. 6 & Case No. CV 08-0976 TEH, Doc. No. 14.)

5. On April 14, 2008, the Union filed a motion for summary judgment and motion to confirm the two arbitration awards and compel arbitration, and noticed the hearing for May 19, 2008. (*See* Case No. CV 08-1242-TEH, Doc. No. 14.)

6. The Union is filing an administrative motion to consolidate the hearing on the Company's petition to vacate the arbitration awards with the already noticed hearing, set for May 19, 2008, on the Union's motion to, *inter alia*, confirm those same arbitraion awards. Prior to filing

DECLARATION OF LINDA LYE IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSOLIDATE
HEARINGS IN RELATED CASES ON MAY 19, 2008, Case No. CV-08-0976 TEH    1

that administrative motion, the Union attempted to obtain a stipulation from the Company to consolidate the hearing on both parties' motions on May 19, 2008. As described below, the Company refused to agree to the Union's proposed stipulation.

7. On April 16, 2008, I sent an email to counsel for the Company proposing that the hearing on the Company's motion to vacate be scheduled for the same day as the Union's motion. A true and correct copy of the email I sent to counsel for the Company is attached as Exhibit A to this declaration.

8. On April 21, 2008, I received a letter from counsel for the Company, a true and correct copy of which is attached as Exhibit B to this declaration. In that letter, counsel for the Company agreed that "[i]t makes sense to have both [parties' motions] heard the same day." Counsel for the Company asserted however that the Company wished to take some discovery "relating to communications directly between NUMMI officials and the UAW" and asserted that any hearing on the parties' motions be postponed until after such discovery. Counsel for NUMMI further stated that "NUMMI will file a Rule 56(f) opposition to [the Union's] motion for summary judgment" if the parties were unable to agree on postponing the hearing on the motions in this case.

9. On April 21, 2008, I sent an email to counsel for the Company, a true and correct copy of which is attached as Exhibit C to this declaration. In that email, I communicated the Union's view that there was no need to postpone the hearing on the motions because the factual matters as to which NUMMI contended it wished to take discovery were all matters as to which NUMMI officials were competent to testify and that this was not a situation in which the Union had exclusive control over the information that the Company contended it needed to oppose the Union's motions. I further stated that the Union construed the Company's April 21, 2008 letter as the Company's refusal to agree to the Union's request to consolidate the hearing on the Company's motion to vacate the arbitration awards with the May 19, 2008 hearing on the Union's motions, *inter alia,* to confirm those same arbitration awards, but that if the Company disagreed with the Union's understanding in this regard, it should advise the Union by noon on April 22, 2008.

10. At approximately 3:05 pm on April 22, 2008, I received an email from counsel for the Company, a true and correct copy of which is attached as Exhibit D to this declaration. The

1 | Company did not agree to the Union's request to consolidate the hearings on the two motions on
2 | May 19, 2008.
3 |
4 |     I declare under penalty of perjury that the foregoing is true and correct. Executed on April
5 | 22, 2008 at San Francisco, California.
6 |
7 |                         /s/   Linda Lye
                            LINDA LYE

DECLARATION OF LINDA LYE IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSOLIDATE HEARINGS IN RELATED CASES ON MAY 19, 2008, Case No. CV-08-0976 TEH    3

# Linda Lye

**From:** Linda Lye
**Sent:** Wednesday, April 16, 2008 10:30 AM
**To:** Geannacopulos, Nick; 'Rowley, Christian'
**Cc:** Jonathan Weissglass
**Subject:** Time for time

Dear Nick and Christian,
As you know, we've noticed a hearing for May 19, 2008 on our motions to compel arbitration and confirm the arbitration awards. In the interest of efficiency, we propose that the hearing on your motion to vacate be scheduled for the same day. Please let me know by the end of the day on Monday, April 21, 2008 if you agree.
Thanks.
Linda

Linda Lye
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
tel: (415) 421-7151
fax: (415) 362-8064

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.



**SEYFARTH SHAW** LLP
ATTORNEYS

560 Mission Street, Suite 3100
San Francisco, California 94105
(415) 397-2823
fax (415) 397-8549
www.seyfarth.com

Writer's direct phone
(415) 544-1001

Writer's e-mail
crowley@seyfarth.com

April 21, 2008

**VIA FACSIMILE & U.S. MAIL**
(415) 362-8064

Linda Lye, Esq.
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108

    Re:    *UAW LOCAL 2244 v. NUMMI*

Dear Linda:

    We are writing with regard to your request to set the hearing for our Petition to Vacate for the same day as your Summary Judgment Motion. It makes sense to have both heard the same day; our concern is with regard to timing.

    We believe that it is in the parties' interest to finish briefing more than 14 days before the hearing, to give the Court sufficient time to review the voluminous materials. Furthermore, given our pre-existing commitments, it will be difficult for us to complete the Reply Brief for the Petition to Vacate and the Opposition to your Summary Judgment Motion with the current hearing date you set.

    More importantly, NUMMI believes that some discovery is necessary before the case is ripe for consideration. Among other things, the UAW has represented with regard to its Request to Compel Arbitration and request for fees that NUMMI has refused to arbitrate anything and is trying to delay the proceedings. NUMMI disputes both of these claims. One or two depositions of UAW officials relating to communications directly between NUMMI officials and the UAW will show that the UAW's representations are not accurate. NUMMI also disputes part of the Mays Declaration upon which the UAW relies.

    Moreover, to NUMMI's understanding, the UAW has not complied fully with Arbitrator Askin's decision that the parties seek to negotiate a resolution, and yet now claims that NUMMI has violated that decision by allegedly refusing to arbitrate. Again, discovery will show that NUMMI has repeatedly requested from the UAW specific documents related to the alleged damages flowing from the "time for time" program, which

BRUSSELS • WASHINGTON, D.C. • SAN FRANCISCO • SACRAMENTO • NEW YORK • LOS ANGELES • HOUSTON • CHICAGO • BOSTON • ATLANTA

SF1 28321106.1 / 33218-000032



information it needs to negotiate any resolution (assuming arguendo the decision is enforceable).

NUMMI believes that discovery will show that the UAW has essentially ignored those requests. Indeed, we are now in 2008, and the Union still has never once provided any information about damages, and yet is telling the Court that NUMMI has delayed the process. Moreover, in recent conversations when NUMMI officials have asked UAW personnel to meet and discuss a resolution, they have been told to negotiate with "Detroit," which is not even a party to these arbitrations.

Discovery also will show, that NUMMI has not refused to arbitrate the time for time matters. Rather, NUMMI believes that the contract provides for one arbitrator to hear the entire dispute start to finish, and the UAW thinks the contract allows for one arbitrator to pass off jurisdiction elsewhere. In either case, <u>NUMMI has not taken the position that it has no duty to arbitrate anything</u> (whether it had a legal right to take such a position or not).

In other words, whether the parties' intended, or through past practice interpreted, the CBA arbitration clause to give the arbitrator authority to do what Arbitrator Askin did, are issues that need to be explored through discovery. NUMMI asserts that under the CBA the Arbitrator did not have the power to split up one grievance between multiple arbitrators or to order more arbitration with a different arbitrator. The UAW thinks otherwise. Discovery can shed light on this issue.

Furthermore, the International purports to be a party to this lawsuit, even though it was not a party to the arbitration. Discovery may be needed to show that the International had no involvement in the underlying arbitration, and that the parties did not intend it to be a party to the arbitration.

Based on the foregoing, we suggest that the parties have a Rule 26(f) conference to discuss a short discovery schedule, briefing schedule and hearing date to propose to Judge Henderson. We see no reason, if the Court agreed, that the parties could not complete discovery and have a hearing date by Summer 2008, which is consistent with both parties' desire to move through this expeditiously.

Please advise us no later than COB April 23, 2008, as to your position regarding the foregoing. This also will constitute our meet and confer attempt regarding our belief that your Motion is premature because discovery is needed.

SF1 28321106.1 / 33218-000032



Linda Lye, Esq.
April 21, 2008
Page 3

    If we are unable to reach an agreement, NUMMI will file a Rule 56(f) opposition to your motion for summary judgment, asking the Court to set a briefing/discovery schedule at the current June hearing. I am, of course, happy to discuss this further with you, in the interest of reaching a mutually agreeable resolution.

        Sincerely,

        SEYFARTH SHAW LLP

        Christian J. Rowley

CJR/lmf

CC:   Nick. C. Geannacopulos, Esq.
       Jonathan Weissglass, Esq. (Altshuler, Berzon)

**Linda Lye**

| | |
|---|---|
| **From:** | Linda Lye |
| **Sent:** | Monday, April 21, 2008 3:48 PM |
| **To:** | 'Rowley, Christian' |
| **Cc:** | Geannacopulos, Nick; Jonathan Weissglass |
| **Subject:** | Time for time |

Dear Christian,

We are in receipt of your letter of today's date. We are glad you agree that it makes sense to schedule the hearing on your petition to vacate and our summary judgment motion and motion to confirm/compel on the same date. We disagree that there is any need to put off the hearing so that you can take discovery. The factual matters as to which you contend NUMMI requires discovery are matters about which NUMMI officials are competent to testify (e.g., "communications directly between NUMMI officials and the UAW"). This is not a situation in which the UAW International or Local 2244 have exclusive control over the information that you contend you need to oppose our motions.

Our deadline for holding a Rule 26(f) conference is May 19, which is the date for which we have noticed our motion. Our view is that we should hold the Rule 26(f) conference after the parties have completed briefing, which will be May 5. I am available on May 6, on May 7 anytime before 3, and May 8.

We understand the request to postpone the hearing on our motions until after you have taken discovery in your April 21, 2008 letter to be a refusal to agree to our request to consolidate the hearing on your motion with the May 19 hearing on our motions. Please let us know by noon on April 22, 2008, if you disagree.

Thanks.

Linda

Linda Lye
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
tel: (415) 421-7151
fax: (415) 362-8064

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

# Linda Lye

**From:** Rowley, Christian [CRowley@seyfarth.com]
**Sent:** Tuesday, April 22, 2008 3:05 PM
**To:** Linda Lye
**Cc:** Geannacopulos, Nick; Jonathan Weissglass
**Subject:** RE: Time for time

Dear Linda:

Thank you for the prompt reply, but we would appreciate some clarification. Specifically, you appear to have addressed only one of the grounds given for discovery in my letter, namely communications between the UAW and NUMMI.

Setting aside for the moment whether we agree or disagree with your analysis on that issue, you have failed to respond to the issue we noted as to the meaning of, and past practice related to, the arbitration clause at issue.

I include the language from my letter here: "In other words, whether the parties' intended, or through past practice interpreted, the CBA arbitration clause to give the arbitrator authority to do what Arbitrator Askin did, are issues that need to be explored through discovery. NUMMI asserts that under the CBA the Arbitrator did not have the power to split up one grievance between multiple arbitrators or to order more arbitration with a different arbitrator. The UAW thinks otherwise. Discovery can shed light on this issue." The intent of UAW when the arbitration clause was negotiated, as well as, the UAW's interpretations of that clause, are issues not within NUMMI's control. Moreover, as you know, the clause at issue was negotiated many years ago, and thus the recollections of the negotiators, as well as UAW documents related to the negotiation process, are again items that require discovery.

Similarly, you have inaccurately claimed in the moving papers and your Opposition to our Petition, that NUMMI has refused to arbitrate anything and seeks to "annihilate" the arbitration clause. These claims are false, as we will show through a declaration and otherwise. Since under Section 4 of the FAA and under Section 301 you have the obligation of proving a refusal to arbitrate, there will be a material issue of fact here as at well, at minimum.

Thus, setting aside the 56(f) issues, to the extent that you are declining to agree to continue the hearing to allow discovery and are trying to jam through a hearing before the case even gets to the Rule 26 stage, we will argue to the Court that you have waived your right to refile summary judgment on the same issue, if the Court finds there is a factual issue on the record at hand (which given that we will submit competing declaration(s), we believe is a likely conclusion). We believe it would be preferable, and save both the Court's and parties' time, to engage in some brief discovery, and then focus the issues for the Court.

Given that the case law is clear that it is an abuse of discretion to deny a Rule 56(f) motion prior to a party having any chance to conduct discovery, we fail to see the legal basis for your intransigence on this issue. Burlington Northern Santa Fe Railroad Co. v. Assiniboine & Sioux Tribes of the Ft Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003)(when "a summary judgment motion is filed . . . early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely.")

Respectfully, it appears to us that there is some gamesmanship at issue here, as you are

essentially seeking to deprive NUMMI of a reasonable opportunity to have discovery on the relevant issues, and the Court and parties a reasonable opportunity to consider and fully brief the correctly framed issues.

We look forward to hearing from you on these issues, before we reply as to the consolidation and 26(f) issues.

Warm Regards,

Christian



Christian J. Rowley, Esq.
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105
Direct Dial: (415) 544-1001
Fax: (415) 397-8549
Assistant: Lydia Flores, (415) 397-2823
**No Blackberry**

>-----Original Message-----
>**From:** Linda Lye [mailto:llye@altshulerberzon.com]
>**Sent:** Monday, April 21, 2008 3:48 PM
>**To:** Rowley, Christian
>**Cc:** Geannacopulos, Nick; Jonathan Weissglass
>**Subject:** Time for time
>
>Dear Christian,
>
>We are in receipt of your letter of today's date. We are glad you agree that it makes sense to schedule the hearing on your petition to vacate and our summary judgment motion and motion to confirm/compel on the same date. We disagree that there is any need to put off the hearing so that you can take discovery. The factual matters as to which you contend NUMMI requires discovery are matters about which NUMMI officials are competent to testify (e.g., "communications directly between NUMMI officials and the UAW"). This is not a situation in which the UAW International or Local 2244 have exclusive control over the information that you contend you need to oppose our motions.
>
>Our deadline for holding a Rule 26(f) conference is May 19, which is the date for which we have noticed our motion. Our view is that we should hold the Rule 26(f) conference after the parties have completed briefing, which will be May 5. I am available on May 6, on May 7 anytime before 3, and May 8.
>
>We understand the request to postpone the hearing on our motions until after you have taken discovery in your April 21, 2008 letter to be a refusal to agree to our request to consolidate the hearing on your motion with the May 19 hearing on our motions. Please let us know by noon on April 22, 2008, if you disagree.

Thanks.

Linda

Linda Lye
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
tel: (415) 421-7151
fax: (415) 362-8064

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.