SEYFARTH SHAW LLP
Nick C. Geannacopulos (SBN 114822)
ngeannacopulos@seyfarth.com
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Petitioner
NEW UNITED MOTOR MANUFACTURING INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW UNITED MOTOR MANUFACTURING INC.,<br><br>       Movant/Petitioner,<br><br>v.<br><br>UNITED AUTO WORKERS LOCAL 2244, a labor organization.<br><br>       Respondent. | Case No. C-08-0976 TEH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RESPONDENT'S MOTION TO CONSOLIDATE HEARINGS IN RELATED CASES ON MAY 19TH, 2008** |

## I.    INTRODUCTION

This motion is an attempt by respondent United Auto Workers Local 2244 ("UAW" or "Union") to circumvent the rules of this Court, to disrupt the fair and orderly litigation of these cases, and to prejudice petitioner New United Motor Manufacturing, Inc. ("NUMMI") by trying to deny it the limited discovery it needs in order to meaningfully respond to the UAW's summary judgment motion. There is no need for the UAW to schedule unilaterally the hearing in this matter, before the parties have even met and conferred and the Court has set a reasonable discovery and briefing schedule.

As discussed in NUMMI's Request for Relief under FRCP 56(f), (filed herewith in the related case before this Court, No. C-08-1242-TEH) the UAW has sought to deprive NUMMI of that opportunity by filing its premature summary judgment motion only 12 days after NUMMI

- 1 -

filed its Answer to the original complaint, only *four days* after Plaintiff filed its First Amended Complaint, and well prior to Initial Disclosures being exchanged, and the Initial Case Management Conference under FRCP Rule 26(f), which is set for June 9, 2008. The UAW set the motion for hearing on May 19, 2008 without the courtesy of consulting with NUMMI first.

As NUMMI has made clear to the UAW, it has no objection to consolidating the hearings on NUMMI's Petition to Vacate in this case, and the Union's summary judgment motion in the related case. Indeed, the parties fully agree it makes sense to do so. However, there is no legitimate need, despite the UAW's false sense of urgency, to have the motions heard on May 19, 2008. Holding the summary judgment hearing before any discovery has taken place, and weeks before the Initial Case Management Conference, would prejudice NUMMI significantly, as well as contravene this Court's scheduling orders. Accordingly, NUMMI requests that the Court deny the Union's motion to consolidate the hearings on May 19, 2008.

## II.   **FACTUAL BACKGROUND**

On February 15, 2008, NUMMI filed in this Court a Petition to Vacate two Arbitration Awards arising under the dispute resolution mechanism contained in the parties' Collective Bargaining Agreement ("CBA"). (*See* Declaration of Linda Lye in support of Motion ("Lye Decl.," ¶ 2; Case No. C-08-0976-TEH, Doc. No. 1). The UAW has filed its opposition to NUMMI's Petition. A hearing date has not been set for the Petition to Vacate. (Lye Decl., ¶ 2).

The UAW filed its original complaint to confirm the arbitration awards and to compel arbitration on March 3, 2008. (Lyle Decl., ¶ 3; *See* Case No. C-08-1242-TEH, Doc. No. 1) The case was assigned to Judge Conti, but reassigned to this Court as a related case on March 17, 2008. (Lye Decl., ¶ 4; *See* Case No. C-08-1242-TEH, Doc. No. 6). By Clerk's order, the Initial Case Management Conference before Judge Henderson has been set for June 9, 2008. (*See* Case No. C-08-1242-TEH, Doc. No. 7). Pursuant to stipulation of the parties and order of the Court, NUMMI filed its Answer to the complaint on April 2, 2008. (*See* Case No. C-08-1242-TEH, Doc. No. 10). The UAW then filed a First Amended Complaint on April 10, 2008. (*See* Case No. C-08-1242-TEH, Doc. No. 13). Just *four days later*, on April 14, 2008, the Union filed its motion for summary judgment, unilaterally setting the hearing date for May 19, 2008. (Lye Decl., ¶ 5).

- 2 -

1    On April 21, 2008, NUMMI's counsel sent the UAW's counsel a meet and confer letter

2  regarding the premature summary judgment motions and outlining the bases for NUMMI's need

3  stressing NUMMI's need to conduct initial discovery in the case.  (Lye Decl., ¶ 8, Exh. B).  As

4  set forth in the letter, NUMMI agreed that it makes sense for its Petition to Vacate to be heard

5  contemporaneously with the Union's Motion for Summary Judgment.  However, there are

6  specific avenues of discovery that NUMMI needs to pursue before being able to adequately

7  oppose the motion, which the letter explained.  NUMMI also informed the Union's counsel that

8  it would seek relief under FRCP 56(f) if the UAW refused to stipulate to continue the premature

9  summary judgment hearing.  *Id.*  NUMMI has filed that request for relief with this Opposition in

10  the related case.

11    The UAW's counsel responded via email the same day.  She refused to continue the

12  summary judgment hearing, and disagreed with only one of NUMMI's asserted bases for

13  needing discovery, without addressing the other bases set forth in the April 21, 2008 letter.  (Lye

14  Decl., ¶ 9, Exh. C).  NUMMI responded on April 22, 2008.  It noted the parties' continued

15  agreement to combine the hearings, but again underscored the need for NUMMI to conduct

16  discovery before adequately opposing the summary judgment motion.  (Lye Decl., ¶ 10, Exh. D).

17  The UAW's counsel did not respond to the April 22, 2008 letter.  Instead, without further

18  communication with NUMMI, she filed this motion.

19                          **III.  LEGAL ARGUMENT**

20    As set forth more fully in NUMMI's Request for Relief under FRCP 56(f), the UAW has

21  deliberately jumped the gun by filing the summary judgment motion just *four days* after filing its

22  First Amended Complaint, and well before Initial Disclosures are exchanged and the Initial Case

23  Management Conference is held, pursuant to the Court's scheduling order in the related case.

24  (*See* Case No. C-08-1242-TEH, Doc. No. 7).  The instant motion is simply another attempt to

25  dictate the management of these cases in a manner that is arbitrary and capricious, contrary to

26  this Court's scheduling orders, and prejudicial to NUMMI.

27    The UAW argues that the hearing dates on the motions should be consolidated to

28  "conserve judicial resources" because they "raise virtually identical issues."  (Motion, 3: 17-18).

1   As the UAW well knows, NUMMI completely agrees.  However, there is no reason why these

2   motions need to be heard as soon as May 19, 2008.  The UAW unilaterally picked that date in an

3   attempt to jam NUMMI, and now insists that both motions must be heard then.  The phony sense

4   of urgency the UAW seeks to create is baseless.

5        As an initial matter, contrary to the Union's insinuations, the arbitrator *never ordered that*

6   *the terminated employees be reinstated* (even though he easily could if that flowed directly from

7   his decision, as Plaintiffs assert).  *See* Declaration of Ealie Mays, *Ex. C* at 22-23.  The Union's

8   attempt to ring the alarm bell on this issue is misplaced.  It asserts that "the Company has refused

9   to reinstate these employees.  These employees will continue to be left in limbo through any

10  further delay." (Motion, 1:28-2:2).  Contrary to this contention, these employees are not "in

11  limbo" because there is no pending order to reinstate them, and no such order ever existed.

12  Accordingly, they will not be prejudiced in any respect by delaying the hearing on these motions

13  by a few months.  The UAW is playing games by suggesting otherwise.

14       The Union further argues that judicial economy and the overall federal policy favoring

15  arbitration "weigh heavily" on having the motions heard "at the earliest date...." (Motion, 4:4-

16  6), yet cites zero legal authority for that proposition.  Not only is the argument unsupported, but

17  it ignores NUMMI's legitimate need to conduct limited discovery in order to oppose the

18  summary judgment motion, as set forth in NUMMI's Request for Relief pursuant to FRCP Rule

19  56(f).  The UAW's assertion that "there is therefore no basis to defer the hearing on the Union's

20  motion, noticed for May 19, 2008" is plainly incorrect, for all of the reasons set forth in

21  NUMMI's Request for Relief pursuant to FRCP Rule 56(f), as well as in its Opposition to the

22  summary judgment motion.[1]

23       NUMMI's Request under FRCP 56(f) sets forth in detail the reasons for the limited

24  discovery it needs in order to oppose summary judgment.  Moreover, the Union's contention that

25  by this motion it "seeks simply to set a hearing on the Company's Petition and Motion to

---

[1] Also, NUMMI's counsel Mr. Rowley has been summoned for jury duty at the Hayward courthouse in Alameda County on May 1, 2008.  Should the Court grant this motion and set the hearing on the Petition for May 19, 2008, NUMMI's Reply brief would be due May 5, 2008. This timing could be highly problematic should NUMMI's counsel's jury duty service be extended in any fashion.

- 4 -

NUMMI'S OPPOSITION TO MOTON TO CONSOLIDATE HEARINGS ON MAY 19TH 2008

1   Vacate" (Motion, 5:5-6) is disingenuous.  In its arguments against NUMMI's Petition to Vacate,

2   the Union has suggested that the CBA does not require a single arbitrator, the same argument set

3   forth in its summary judgment motion.  NUMMI holds a different view, as argued in the Petition,

4   and in its Opposition to the summary judgment motion.  This point of contract interpretation is a

5   question of fact which is common to the issues raised in both NUMMI's Petition and the Union's

6   motion for summary judgment, and one which could defeat that motion.  Indeed, the Union

7   concedes that the issue is relevant to both motions by stating that the motions should be

8   consolidated to "conserve judicial resources" because they "raise virtually identical issues."

9   (Motion, 3: 17-18).

10          The motions should be consolidated for a hearing date based on a reasonable schedule

11   agreed upon by the Court and the parties at the Rule 26(f) conference in early June, or even

12   sooner, to allow NUMMI to obtain the limited and reasonable discovery it needs.

### IV.  CONCLUSION

14          For all of the foregoing reasons, and those set forth in NUMMI's Request for Relief

15   under Rule 56(f) and its Opposition to its motion for summary judgment, the Union's motion to

16   consolidate the hearings on May 19, 2008 should be denied.  NUMMI agrees that the hearings

17   should be consolidated, but heard on a mutually agreeable date, or one set by the Court, a few

18   months later to give NUMMI the opportunity to conduct the limited discovery necessary to

19   properly oppose the motion for summary judgment, and to give the parties can Court time to

    focus the issues and briefing.

22   DATED: April 28, 2008                          Respectfully submitted,

23                                                  SEYFARTH SHAW LLP

25                                                  By _____
26                                                        Christian J. Rowley

27                                                  Attorneys for Defendant
                                                    NEW UNITED MOTOR
28                                                  MANUFACTURING INC.

NUMMI'S OPPOSITION TO MOTON TO CONSOLIDATE HEARINGS ON MAY 19TH 2008
SF1 28315406.1