JONATHAN WEISSGLASS (SBN 185008)
LINDA LYE (SBN 215584)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jweissglass@altshulerberzon.com
E-Mail: llye@altshulerberzon.com

Attorneys for Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| NEW UNITED MOTOR MANUFACTURING, INC., <br><br> Movant/Petitioner, <br><br> v. <br><br> UNITED AUTO WORKERS LOCAL 2244, <br><br> Respondent. | Case No. CV-08-0976 TEH <br><br> **REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSOLIDATE HEARINGS IN RELATED CASES ON MAY 19, 2008** |

Two years after New United Motor Manufacturing, Inc. ("NUMMI" or the "Company") implemented a new sick leave policy and terminated approximately 100 employees pursuant to that policy, the Union obtained arbitratral rulings that vindicated its position and found the Company's actions to have violated the parties' collective bargaining agreement. NUMMI has now brought a petition and motion pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, to vacate those arbitration awards. Although Congress designed the FAA to provide prompt judicial rulings to protect the integrity of the arbitral processes – a petition to compel arbitration, for example, can be brought by statute on as little as five days notice, *see* 9 U.S.C. §4 – NUMMI has declined to schedule a hearing on its own motion. The Union, in an effort to lift the cloud of uncertainty over those arbitration awards, now seeks to obtain a prompt ruling on NUMMI's motion. NUMMI, not surprisingly, opposes that effort. As NUMMI agrees, however, the hearing on its motion to vacate should be consolidated with the hearing on the Union's motion for summary judgment. Because the Union has already noticed a hearing on that motion for May 19, 2008, the hearing on NUMMI's motion to vacate should be set for that same date.

First, the nature of this dispute calls from a prompt judicial hearing. NUMMI asserts that there was something improper about the Union's effort to bring an early summary judgment motion in its own affirmative effort to protect the integrity of the arbitral process. *See* NUMMI's Opp. to Mot. to Consolidate (Doc. No. 22) at 4:2-4; Mem. of P&A's ISO Req. for Denial Or Continuance of Summary Judgment (Case No. 08-1242-TEH, Doc. No. 21 at 6-7). The Union did not bring its summary judgment motion until April 14, 2008, 42 days after it filed its complaint to confirm the arbitration awards and compel NUMMI to return to arbitration. *See* Case No. 08-1242-TEH, Docs. No. 1 & 14. As noted above, however, the FAA expressly authorizes a motion to compel arbitration to be brought on only five days notice. 9 U.S.C. §4.

NUMMI contends there is "zero legal authority" for the proposition that the federal policy favoring arbitration weighs heavily in favor of a prompt hearing on the two dispositive motions pending before the Court. *See* NUMMI's Opp. to Mot. to Consolidate (Doc. No. 22) at 4:16. As the Ninth Circuit has explained, "[a]rbitration is designed to settle labor disputes quickly, as they arise." *Camping Constr. Co. v. Distr. Council of Iron Workers*, 915 F.2d 1333, 1345 (9th Cir.

1990). "[A]rbitrations are favored because of their efficiency in resolving disputed claims." *Abernathy v. Southern California Edison*, 885 F.2d 525, 526 (9th Cir. 1989). The federal policy favoring arbitration, especially in the labor context, is premised on the recognition of "the salutary effect which the typically *quick* and inexpensive arbitration is presumed to have on labor-management relations." *Camping Constr.*, 915 F.2d at 1349 (emphasis added). That salutary effect of arbitration on labor-management relations is lost where – as in this case – disputes take years to resolve.

The delay in this case raises particularly acute concerns given the nature of the dispute. In fall 2005, NUMMI terminated approximately 100 employees. The arbitrator found – in the awards that NUMMI now seeks to vacate – that the terminations violated the collective bargaining agreement. NUMMI boldly asserts that these wrongfully terminated employees are *not* "in limbo." *See* NUMMI's Opp. to Mot. to Consolidate (Doc. No. 22) at 4. But as Justice Marshall explained in the context of a due process challenge to the alleged wrongful discharge of public employees, a wrongfully terminated employee awaiting the proper grievance procedure "is left in limbo . . . [T]he personal trauma experienced during the long months in which the employee awaits decision, during which he suffers doubt, humiliation . . . will never be recompensed, and indeed probably could not be with dollars alone." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 549 (1985) (Marshall, J., concurring in part).

Second, NUMMI's argument that the hearing on its motion to vacate should be held at a later date depends on its separate argument that the hearing on the Union's summary judgment motion should be continued. *See* NUMMI's Opp. to Mot. to Consolidate (Doc. No. 22) at 4-5. As the Union will explain in opposition to NUMMI's separately filed Request For Denial Or Continuance, pursuant to Fed. R. Civ. P. 56(f) of the Union's summary judgment motion (Case No. 08-1242-TEH, Doc. No. 21), there is no need for discovery. The material facts are undisputed; the parties only dispute their legal significance. Indeed, the only topic on which NUMMI contends that it would take discovery pertains to "bargaining history," that is, extrinsic evidence about the meaning of the parties' collective bargaining agreement. *See id.* at 4:21-24. But NUMMI itself "does not believe that there is any ambiguity in the parties' CBA" on the very topics as to which it

1  contends it would take discovery. *Id.* at 4:13-14. Moreover, NUMMI itself was a party to the
2  "bargaining history" on which it contends it needs discovery and thus has failed to meet Rule 56(f)'s
3  requirement that a party seeking a continuance "cannot present facts essential to justify its
4  opposition." Fed. R. Civ. P. 56(f). NUMMI's request for a continuance of the Union's summary
5  judgment motion is therefore meritless.

6  In any event, the only issue before the Court on *this* administrative motion is whether to
7  consolidate the hearing on NUMMI's motion to vacate with the Union's motion for summary
8  judgment. That motion has already been noticed for May 19, 2008 and NUMMI agrees the two
9  motions should be held at a consolidated hearing. If the Court ultimately decides to grant
10 NUMMI's Rule 56(f) request, then it can, at that juncture, continue the consolidated hearing.

11 For the foregoing reasons, the Union respectfully requests that the Court set the Company's
12 Petition and Motion to Vacate Labor Arbitration Awards in this action for a consolidated hearing on
13 May 19, 2008 with the Union's Motion for Summary Judgment And/Or Motion to Compel Arbitration
14 and Confirm Arbitration Awards in CV-08-1242-TEH.

15 Dated:        April 29, 2008              Respectfully submitted,

16                                           JONATHAN WEISSGLASS
                                             LINDA LYE
17                                           ALTSHULER BERZON LLP

18
                                             By: /s/ Linda Lye
19                                               Linda Lye

20                                           Attorneys for Respondent