JONATHAN WEISSGLASS (SBN 185008)
LINDA LYE (SBN 215584)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California  94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jweissglass@altshulerberzon.com
E-Mail: llye@altshulerberzon.com

Attorneys for the Union

NICK C. GEANNACOPULOS (SBN 114822)
CHRISTIAN ROWLEY (SBN 187293)
SEYFARTH SHAW
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549
NGeannacopulos@seyfarth.com
crowley@seyfarth.com

Attorneys for New United Motor
Manufacturing, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| NEW UNITED MOTOR MANUFACTURING, INC.,<br><br>                Movant/Petitioner,<br><br>        v.<br><br>UNITED AUTO WORKERS LOCAL 2244,<br><br>                Respondent.<br>_____<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 2244, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,<br><br>                Plaintiffs,<br><br>        v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.,<br><br>                Defendant. | **Case No. CV-08-0976-TEH**<br><br><br><br><br><br><br><br><br><br>**Case No. CV-08-1242-TEH**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br><br><br><br>Date:   June 17, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 12, 19th Floor<br>          The Hon. Thelton E. Henderson |

1    Pursuant to Fed. R. Civ. P. 16 and 26, and Local Rule 16-9, the parties hereby submit this

2 Joint Case Management Conference Statement:

3 1.    Jurisdiction and Service:

4    The Court has subject matter jurisdiction over both actions pursuant to Section 301 of the

5 Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and 28 U.S.C. §1331 because this

6 case involves a suit for a violation of a contract between an employer and a labor organization.

7    There are no issues regarding personal jurisdiction or venue.  All parties have been served.

8 2.    Facts:

9    The International Union, United Automobile, Aerospace and Agricultural

10 Implement Workers of America and its affiliated local, UAW, Local 2244 (hereinafter,

11 collectively, "UAW" or "the Union") and New United Motor Manufacturing, Inc. ("NUMMI" or

12 "the Company") are parties to a collective bargaining agreement that contains a dispute resolution

13 mechanism culminating in final and binding arbitration.

14    The Union filed a grievance in fall 2005 challenging a newly implemented Company

15 policy.  The parties agreed on an arbitrator, Charles A. Askin.  The Arbitrator held several days of

16 hearings over the course of 18 months and issued two opinions, the second of which was issued on

17 November 20, 2007.

18    On February 15, 2008, the Company filed a petition to vacate the arbitration awards.

19    On March 30, 2008, the Union filed a complaint seeking to confirm the arbitration awards

20 and to compel the Company to return to arbitration on the remedy issues.

21 3.    Legal Issues:

22 *NUMMI's Position*

23    *Issue 1:*  Is a labor arbitration decision subject to vacation under the Federal Arbitration Act

24 ("FAA"), 9 U.S.C. §§ 1 and/or Section 301 of the Labor Management Relations Act, 29 U.S.C.

25 §185, where one or more of the following are true, the single arbitrator has: i) been selected to hear

26 the entire grievance at some point as expressly required by the written arbitration agreement, ii)

27 been empowered by the parties to decide the entire grievance and in the word of Plaintiffs' own

28 counsel enter a "final and binding" decision as to the entire grievance at some point, iii) accepted

jurisdiction over an entire grievance and agreed to decide the entire grievance in a final and binding

matter at some point, and yet, fails to complete his mandate and decide the entire grievance at some

point before quitting?[1]


*Issue 2:*  Does an arbitrator exceed his authority under the FAA and/or Section 301 by

ordering as a "remedy" that the parties arbitrate parts of the dispute with another arbitrator where

the contract clearly provides for only one arbitrator to enter a "final and binding" decision as to an

entire grievance, one arbitrator is agreed on and accepts jurisdiction over the entire grievance, and

that one arbitrator is not granted any authority to divide up the grievance between multiple

arbitrators without retaining any jurisdiction?

*UAW Position*

There are two legal issues:

> (1)  Where, as here, the parties have agreed bifurcated merits and remedy proceedings,
>       are arbitral awards which decide the merits of the Union's grievance, but not the
>       remedy, final and confirmable awards?

> (2)  Does the Company have a contractual obligation to arbitrate the remaining remedy
>       issues arising out of the Union's grievance before an arbitrator selected by the
>       parties from the list provided by AAA?

4.    <u>Motions</u>:

On February 15, 2008, the Company brought a Complaint/Petition and Motion to Vacate

the two awards issued by the arbitrator.

On April 14, 2008, the Union brought a motion for summary judgment and/or motion to

compel arbitration and confirm the arbitration awards and noticed the hearing for May 19, 2008.

---

[1] The UAW argues extensively in its Opposition to NUMMI's Petition to Vacate, that this issue has been decided.
NUMMI disagrees and believes that the cases cited are distinguishable, for reasons to be discussed in NUMMI's
Reply to the UAW's Opposition to the Petition to Vacate.  However, even if they are comparable, it is clear that the
issue has not been decided in the Ninth Circuit, and NUMMI thinks that it should be decided differently in this
Circuit as to labor arbitrations, for the reasons partially noted herein and to be discussed in NUMMI's Reply.

On April 23, 2008, the Union brought an administrative motion requesting that the Court schedule a hearing on the Company's Petition and Motion to Vacate for May 19, 2008, the same date on which the Union's summary judgment motion was noticed.

On April 28, 2008, the Company brought a motion pursuant to Federal Rule of Civil Procedure 56(f) for a continuance of the May 19, 2008 hearing on the Union's motion for summary judgment.

On April 29, 2008, the Court vacated the May 19, 2008 hearing on the Union's summary judgment motion and set a hearing on the Company's petition and motion to vacate for June 2, 2008.  Pursuant to stipulation, the Court re-scheduled the hearing on the Company's petition and motion to vacate for June 17, 2008.

5.    Amendment of Pleadings:

Pursuant to stipulation, the Union filed an amended complaint on April 10, 2008.  The parties do not anticipate any further amendments to the pleadings.

6.    Evidence Preservation:

The parties have taken measures to preserve evidence relevant to the issues reasonably evident in this action.

7.    Disclosures:

The parties have agreed to exchange initial disclosures within 14 days of the Court's issuance of a written decision on the Petition to Vacate, assuming the two cases before the Court are not actually (or as a practical matter) disposed of by that decision.

8.    Discovery:

The Union does not believe that discovery is necessary.

The Company believes that discovery may be necessary depending on whether the Court determines there are factual issues related to the Petition to Vacate and/or the Motion for Summary Judgment in the companion case, if the Petition to Vacate is not summarily decided by the Court on or after June 17, 2008.

9.    Class action:

This case is not a class action.

10.    Related cases:

The Court has ordered these two actions related.

11.    Relief:

*Union's position*: The Union's Complaint seeks an order confirming the labor arbitration awards and compelling the Company to return to arbitration over the remedy arising from the Union's grievance.  As discussed below, the Company's indication that it will agree to return to arbitration may eliminate the need to pursue an order compelling arbitration.

*Company's position*: The Company seeks to vacate the two awards issued by the arbitrator. The Company agrees that further arbitration will likely be necessary regardless of how the Court rules.  Assuming no appeals, if the Court grants the Petition to Vacate, the parties will arbitrate the grievances at issue as a whole with a new arbitrator.  Assuming no appeals, if the Petition to Vacate is denied, the parties will arbitrate remaining issues that were undecided by Arbitrator Askin.

12.    Settlement and ADR:

The parties do not believe ADR would be worthwhile in this case.

13.     Consent to Magistrate Judge for All Purposes:

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other references:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues:

At this time, the parties are not aware of issues that can be narrowed by agreement or by motion.  The issues are almost fully briefed at this juncture.

16.    Expedited Schedule:

The Union believes that no discovery is necessary and that these cases can and should be handled on an expedited basis because they present legal questions and no material fact disputes.

The Company believes that, if the Petition to Vacate is denied but the UAW elects to continue the Motion for Summary Judgment for some reason, discovery could be necessary as to

1  that Motion.  However, in all likelihood, the Company believes that a ruling on the merits of the

2  Petition, as a practical matter, will terminate both of the pending cases.

3  17.   Scheduling:

4       See below, items number 20 and 21.

5  18.   Trial:

6       This case will be tried to the court.  In the event trial is necessary, the parties anticipate a 2-

7  day trial.

8  19.   Disclosure of Non-party Interested Entities or Persons:

9       All parties have filed the Certification of Interested Entities of Persons required by Civil

10  Local Rule 3-16.  Other than the named union entities, the UAW and Local 2244 have no such

11  interest to report.  NUMMI has no such interest to report.

12  20.   The parties' respective positions on how the litigation should proceed if the Court grants the

13       Company's Motion to Vacate, set for hearing on June 17, 2008:

14       *Union's position*:  In the event the Company's Motion to Vacate is granted, the Union will

15  consider its options for appeal of the ruling and, in the event it appeals, will likely request a stay of

16  the action it brought, which seeks an order confirming the arbitration awards and compelling

17  arbitration.  The Union, however, needs to review the precise reasoning of any such order before

18  making a final determination as to appeal.

19       *Company's position*:  Absent some unforeseen rationale in the Court's decision, the Union

20  should agree, without waiving its arguments, to drop the attendant action to confirm the awards,

21  reserving its rights to appeal the decision on the Petition to Vacate.

22       *Joint position*:   Absent an appeal, the parties will agree to pick an arbitrator by mutual

23  agreement within 14 days of the Court's order, or failing that, to request within 14 days of the

24  Court's order a AAA arbitrator list pursuant to the parties' contract and customary practice and

25  strike names within 5 working days of receipt of the list from AAA.

26  ///

27  ///

28  ///

JOINT CASE MANAGEMENT CONFERENCE STATEMENT, Case Nos. CV-08-0976 TEH, CV-08-1242 TEH    5

21.    The parties' respective positions on how the litigation should proceed if the Court denies the Company's Motion to Vacate, set for hearing on June 17, 2008:

*Joint position*:  Absent an appeal, the parties will agree to pick an arbitrator by mutual agreement within 14 days of the Court's order denying the Company's motion, or failing that, to request within 14 days of the Court's order denying the Company's motion a AAA arbitrator list pursuant to the parties' contract and customary practice and strike names within 5 working days of receipt of the list from AAA.

*Union's position*:  The Union agrees that an order compelling arbitration will not be necessary in light of the Company's agreement to return to arbitration on remedy within the time frame set forth above.

The Union will immediately seek an order confirming the arbitration awards.  The Union believes such an order is necessary to ensure that the parties do not waste resources re-arbitrating in the further remedy phase of this arbitration issues that have already been decided or relitigating in court the validity of these two arbitration decisions after the conclusion of the remedy phase of the arbitration.  The Union believes an order confirming the awards could be entered without the need for further briefing or hearing in light of the Company's concession in its briefs that, in the event its motion to vacate is denied, the arbitration awards should be confirmed.  But the Union will of course provide any further written or oral argument that the Court deems appropriate.

*Company's position*:  Provided it can be done without waiving (either expressly or as a practical matter) the Company's rights to appeal the decision on the Petition, the Company would not object if the UAW chooses to proceed with its Motion for Summary Judgment, reserving NUMMI's right to appeal both decisions.  However, as a practical matter, NUMMI sees no need for the Union to continue its Motion to Compel, as again, NUMMI has not refused to arbitrate.

//

//

//

//

//

//

1   Date: May 21, 2008                    NICK C. GEANNACOPULOS

2                                         CHRISTIAN ROWLEY

SEYFARTH SHAW

By:  /s/ Christian Rowley
      Christian Rowley

Attorneys for New United Motor
Manufacturing, Inc.

Date: May 21, 2008                   JONATHAN WEISSGLASS

LINDA LYE

ALTSHULER BERZON LLP

By:  /s/ Linda Lye
      Linda Lye

Attorneys for the Union

**ECF CERTIFICATION**

I, Linda Lye, am the ECF User whose identification and password are being used to file this Stipulation and [Proposed] Order Granting Plaintiffs Leave to File First Amended Complaint.  In compliance with General Order 45.X.B., I hereby attest that Christian Rowley has concurred in this filing.


Dated:  May 21, 2008                          /s/    Linda Lye                                    
                                                  LINDA LYE