1  JONATHAN WEISSGLASS (SBN 185008)
   LINDA LYE (SBN 215584)
2  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
3  San Francisco, California  94108
   Telephone: (415) 421-7151
4  Facsimile: (415) 362-8064
   E-Mail: jweissglass@altshulerberzon.com
5  E-Mail: llye@altshulerberzon.com

6  Attorneys for Respondent

7              UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9            SAN FRANCISCO/OAKLAND DIVISION

10

11 NEW UNITED MOTOR                    )   **Case No. CV-08-0976 TEH**
   MANUFACTURING, INC.,                )
                                       )   **DECLARATION OF LINDA LYE IN**
12                Movant/Petitioner,   )   **SUPPORT OF MOTION FOR**
                                       )   **ATTORNEYS' FEES AND EXPENSES**
13        v.                           )
                                       )
14 UNITED AUTO WORKERS LOCAL 2244,     )
                                       )
15                Respondent.          )
   _____ )
16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LINDA LYE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES & EXPENSES,
Case No. CV-08-0976 TEH

1    **DECLARATION OF LINDA LYE**

2    I, Linda Lye, declare as follows:

3    1.    I am a member of this Court, a partner at Altshuler Berzon LLP ("Altshuler

4    Berzon"), and counsel for Respondent United Auto Workers, Local 2244 ("UAW" or "Union") in

5    this action.  I make this declaration in support of the Union's motion for attorneys' fees and

6    expenses.

7

8    **History of litigation**

9

10    2.    On February 15, 2008, Petitioner and Movant New United Motor Manufacturing,

11    Inc. ("NUMMI") filed a petition to vacate two labor arbitration awards rendered on a grievance filed

12    by the Union under the dispute resolution procedure set forth in the collective bargaining agreement

13    between the Union and NUMMI.

14    3.    The underlying dispute between the parties that resulted in the Union's grievance

15    stems from the Company's implementation of a new sick leave policy in the fall of 2005.  I have

16    represented the Union on this issue from the time the dispute between the parties first arose and

17    served as counsel for the Union in the arbitration that resulted in the two awards that NUMMI

18    sought to vacate.  As a result with my long involvement with this grievance, I am intimately familiar

19    with the procedural history of this grievance.

20    4.    The Court issued a judgment in the Union's favor on June 24, 2008, denying

21    NUMMI's petition and motion to vacate and confirming the two arbitration awards.

22    5.    On June 26, 2008, I spoke by telephone with Christian Rowley, counsel for NUMMI

23    in this matter.  I informed Mr. Rowley that the Union's position was that it was entitled to an award

24    of attorney's fees.  Mr. Rowley stated NUMMI's position was that the Union was not entitled to

25    attorney's fees.

26    6.    In my June 26, 2008 teleconference with Mr. Rowley, we agreed to the following

27    briefing schedule for this attorneys' fees motion:  The Union's opening brief to be filed on July 8,

28    2008; NUMMI's opposition brief to be filed on August 8, 2008; and the Union's reply brief to be

filed on August 25, 2008, for a hearing date of September 8, 2008.

### Staffing of litigation

7.     Altshuler Berzon has extensive experience in labor and employment law.  A true and correct copy of the firm resume is attached as Exhibit A.

8.     I have been the partner at Altshuler Berzon in charge of this case.  After the Company filed the petition to vacate, Altshuler Berzon made every attempt to litigate this matter as efficiently as possible.  My familiarity with the record of this grievance, for example, made it possible for me to brief the merits issues quickly, notwithstanding the complex procedural history of the case.  In addition, I consulted with two of my partners, Michael Rubin and Peter Nussbaum, who have extensive expertise in the law governing arbitrations under the Federal Arbitration Act ("FAA") and the Labor Management Relations Act ("LMRA").  My consultations with them on procedural and jurisdictional questions targeted and focused the legal research that would otherwise have been required to litigate this matter.

9.     The primary attorneys at Altshuler Berzon who have worked on this case have been myself and Jonathan Weissglass.  Where necessary, I have brought in other Altshuler Berzon attorneys for discrete projects.  When I believed work could be accomplished by paralegals, I have also brought them in to aspects of this case.

10.     The regular business practice at Altshuler Berzon is for attorneys and paralegals to keep contemporaneous time records.  That practice was followed for this litigation.  Attorney and paralegal time is entered into our computer system, and that information is used to generate time records.

11.     Attached as Exhibits B and C are time records, generated in the regular course of business and prepared under my direction, that itemize the work performed on the merits and attorneys' fees issues arising out of the Company's refusal to recognize the validity of Arbitrator Askin's awards, respectively, by attorneys and paralegals at Altshuler Berzon for which recovery of attorneys' fees are sought.  These time records cover work performed through and including July 5,

1   2008.  Prior to the hearing in this matter, I will submit a statement of additional time incurred after

2   July 5, 2008.

3       12.    The total hours itemized in Exhibits B and C are substantially fewer than the total

4   hours actually spent on this litigation.  First, some hours that were spent on this matter were never

5   written down.  Second, I reviewed all the time entries and have eliminated some in the exercise of

6   billing judgment.  For example, no fees are being sought for any of the time spent on this matter by

7   senior partners who consulted on the case at various points.

8       13.    All of the time itemized in Exhibit B and C has been, or will be billed to Respondent

9   UAW.  There was additional time billed to the client for this case for which no compensation is

10  sought.

11      14.    The normal business practice at Altshuler Berzon is for our bookkeeper to keep track

12  of litigation expenses for a case, such as filing fees, copying costs, and postage, and to bill such

13  expenses separately from our hourly rates.  That practice was followed in this case.

14      15.    Exhibit D to this declaration consists of a summary of the litigation expenses

15  incurred in these proceedings by Altshuler Berzon through July 5, 2008.  Exhibit D was prepared

16  under my direction from contemporaneous expense records.  Exhibit D includes the following

17  categories of expenses:  court reporter fees/transcripts, filing service fees, filing fees, courier,

18  facsimile, computer research, in-house photocopying and printing, telephone calls, postage, and

19  travel.  Altshuler Berzon charges for in-house printing at 20 cents per page, in-house copying at 25

20  cents per copy, and facsimiles at 50 cents per page for outgoing facsimiles.  It is the practice of

21  Altshuler Berzon to charge its clients for necessary meals or taxicabs home when attorneys must

22  work late.  The expenses on Exhibit D are out-of-pocket expenses that were actually and reasonably

23  incurred in the ordinary course of this litigation.  All of the expenses claimed in Exhibit D were

24  incurred in this litigation and are of the type ordinarily reimbursable by our clients, and have been or

25  will be billed to the Union, separately from Altshuler Berzon's hourly rates for attorney and

26  paralegal time.  To the extent possible, we used internet research sources rather than Westlaw.  The

27  expenses therefore do not reflect the full extent to which we used computerized legal research

28  materials because Altshuler Berzon does not bill clients for internet resources, but considers them

1  part of overhead.

2     I declare under penalty of perjury under the laws of the United States and the State of

3  California that the foregoing is true and correct to the best of my knowledge.

4

5     Executed at San Francisco, California, this 8th day of July, 2008.

6                                    /s/Linda Lye
                                     Linda Lye
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**ALTSHULER BERZON LLP**

ATTORNEYS AT LAW

177 POST STREET, SUITE 300

SAN FRANCISCO, CALIFORNIA 94108

(415) 421-7151

FAX (415) 362-8064

www.altshulerberzon.com

FRED H. ALTSHULER
STEPHEN P. BERZON
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
REBEKAH B. EVENSON
JAMES M. FINBERG
EILEEN B. GOLDSMITH
LAURA P. JURAN
SCOTT A. KRONLAND
PETER E. LECKMAN
DANIELLE E. LEONARD
STACEY M. LEYTON
LINDA LYE
PETER D. NUSSBAUM
KATHERINE M. POLLOCK
DANIEL T. PURTELL
MICHAEL RUBIN
REBECCA SMULLIN
JENNIFER SUNG
PEDER J. THOREEN
JONATHAN WEISSGLASS

HAMILTON CANDEE
OF COUNSEL

JAMIE L. CROOK
FELLOW

### *Winter 2007-08*

Altshuler Berzon LLP is a San Francisco litigation firm that specializes in labor and employment, environmental, constitutional, campaign and election, and civil rights law. Although most of our cases are in federal and state courts in California, we appear regularly in courts throughout the country and before administrative agencies such as the National Labor Relations Board.

In past years, the firm's lawyers have won major victories in the cases described below. Citations to published decisions follow at the end of this resume.

### LABOR AND EMPLOYMENT

\* *UAW v. Johnson Controls* (Supreme Court): Prohibited employers from adopting "fetal protection" policies that discriminate against female workers in violation of Title VII.

\* *UAW v. Brock* (Supreme Court): Compelled the Department of Labor to restore $200 million in wrongfully withheld Trade Act benefits to thousands of unemployed autoworkers and steelworkers.

\* *Bower v. Bunker Hill Co.*: Restored, after a six-week jury trial, tens of millions of dollars of retiree health insurance benefits that had been terminated following the shutdown of Idaho's largest private employer.

\* *Golden Gate Restaurant Ass'n v. City and County of San Francisco*: Obtained a Ninth Circuit ruling permitting a San Francisco ordinance, which requires employers either to provide health benefits to their employees or to pay into a City fund for the same purpose, to go into effect while an appeal from a district court order invalidating the ordinance as preempted by ERISA is pending.

* ***Does I et al. v. The Gap, Inc., et al.***: Negotiated $20 million settlement and innovative workplace monitoring program in anti-sweatshop class action on behalf of 30,000 Chinese and other foreign workers against Saipan garment factories and retailers for alleged violations of RICO, Alien Tort Claims Act, FLSA, and federal common law.

* ***Satchell v. FedEx Express***: Obtained a consent decree providing $55 million in monetary relief to two classes of African American and Latino employees of FedEx Express, as well as comprehensive injunctive relief against discriminatory employment practices, including reducing managerial discretion in promotions, compensation and discipline, and prohibiting the use of a promotion test that had an adverse impact on minority employees.

* ***UAW v. Kiddoo***: Required California to resume paying unemployment compensation to almost 400,000 unemployed workers following a budgetary impasse between the Legislature and the Governor.

* ***Pulaski v. Calif. Occupational Safety and Health Standards Board***: Successfully defended the nation's first safety standard on ergonomics against an industry challenge, and invalidated exemptions that would have prevented that standard from applying to most California workplaces.

* ***Chamber of Commerce v. Lockyer***: Obtained Ninth Circuit *en banc* decision rejecting First Amendment and federal preemption challenges to a California law that prohibits employers from using state funds to influence employees about union organizing.

* ***SkyWest Pilots ALPA Organizing Committee v. SkyWest Airlines, Inc.***: Obtained a temporary restraining order and a preliminary injunction prohibiting an airline from interfering with its pilots' rights to organize and to free expression under the Railway Labor Act.

* ***UFCW Local 751 v. Brown Shoe Group, Inc.*** (Supreme Court): Established union standing to sue employers that violate the WARN Act's statutory notice requirements.

* ***State Building & Constr. Trades v. Aubry***: Struck down, as a usurpation of legislative authority, administrative regulations that would have lowered by 20 percent the prevailing wage rate paid to construction workers on public projects.

* ***Bell v. Farmers Ins. Exchange (Bell III)***: Obtained appellate decision upholding the largest overtime pay jury verdict in history, in class action on behalf of insurance company claims representatives who were misclassified as exempt under California's wage and hour law, and subsequently negotiated a settlement in excess of $200 million for class members.

* ***The Hess Collection Winery v. California Agricultural Relations Bd.***: Successfully defended against constitutional challenge a California statute providing for the binding resolution of disputes between agricultural employers and their union-represented employees arising from their failure to agree on an initial labor contract, thereby guarantying that agricultural workers will obtain an initial contract.

\* ***Gentry v. Superior Court***: Obtained California Supreme Court ruling that employers generally may not prohibit workers from pursuing statutory claims on a classwide or collective basis.

\* ***Employee Staffing Services, Inc. v. Aubry***: Defeated an employee-leasing company's ERISA preemption challenge to California's workers' compensation laws.

\* ***NLRB v. Town & Country Electric, Inc.*** (Supreme Court): Protected paid union organizers from discriminatory discharge or refusal to hire under the NLRA.

\* ***Long Beach City Employees v. City of Long Beach***: Overturned on state constitutional grounds a city policy requiring public employees to submit to polygraph examinations.

\* ***Kaiser Aluminum and Chemical Corp.***: Obtained a ruling that a national aluminum manufacturer violated the NLRA by unlawfully locking out 3,000 of its employees and must pay them approximately $175 million in back wages – the highest backpay award in the history of the NLRA.

\* ***Bay Area Laundry Workers v. Ferbar*** (Supreme Court): Established longer statute of limitations for suits against employers who withdraw from multi-employer pension plans.

\* ***Associated Builders and Contractors v. Nunn; ACTA v. Smith***: Defeated federal court preemption challenges to a regulation raising the minimum wage rates for California apprentices.

\* ***Capers v. Nunn***: Obtained decision upholding a California Apprenticeship Council ruling that precluded non-union apprenticeship program from operating outside its approved geographic area.

\* ***Amaral v. Cintas Corp.***: Won $1.4 million summary judgment in a class action challenging a nationwide laundry company's systematic underpayment of its workers, defeating state law preemption and federal due process challenges to a local living wage ordinance.

\* ***Rosenburg v. Int'l Business Machines Corp.***: Obtained a $65 million settlement in a class action brought on behalf of IBM information technology specialists for failure to pay overtime compensation.

\* ***Frazier v. Citicorp Investment Services***: Obtained class action settlement for full backpay on behalf of securities brokers who alleged that their employer violated California and New York law by enforcing a corporate fine-based disciplinary policy.

\* ***Air Line Pilots Ass'n, Int'l v. Emery Worldwide Airlines, Inc.***: Obtained an eight-figure settlement of breach of contract claim on behalf of airline pilots who were permanently furloughed when their employer ceased flight operations.

* ***SEIU Local 24/7 v. Professional Technical Security Services, Inc.***: Obtained settlement under state wage and hour laws providing payments to hundreds of low-wage workers as reimbursement for uniform cleaning expenses.

* ***State Building and Construction Trades Council v. Rea***: Obtained decision holding that a developer's receipt of state low income housing tax credits to subsidize a construction project requires the construction workers on the project to be paid prevailing wages.

* ***Vega v. Contract Cleaning Maintenance, Inc.***: Obtained class action settlements on behalf of low-wage janitors and maintenance workers who were misclassified as independent contractors, providing double overtime, reimbursement of allegedly unlawful paycheck deductions and statutory interest.

* ***Burlington Northern Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters Local 174***: Obtained a unanimous en banc court of appeals decision overturning prior decisions that had severely weakened the protection afforded by the Norris-LaGuardia Act to union economic action.

* ***Southern California Edison Co. v. Public Utilities Comm'n***: Obtained decision upholding the authority of the Public Utilities Commission to order utilities to require the payment of prevailing wages to construction workers on energy utility construction projects.

* ***Reigh v. Calif. Unemployment Insurance Appeals Bd.***: Obtained the right to unemployment compensation for workers in non-safety-sensitive jobs who were discharged after refusing to take, or failing, a random drug test.

* ***Akau v. Tel-A-Com Hawaii***: Upheld, against an employer's ERISA preemption challenge, Hawaii's Dislocated Workers Act, which provided supplemental unemployment compensation benefits to workers adversely affected by plant closings.

* ***AFL-CIO v. Marshall***: Required payment of an additional 26 weeks of extended unemployment compensation benefits, worth billions of dollars, to unemployed workers nationwide.

* ***IBEW v. Eichleay***: Enforced a multi-million dollar arbitration award against an employer that tried to evade its contract obligations through a non-union alter ego.

* ***Cremin v. Merrill Lynch***: Settled nationwide sex discrimination class action on behalf of women brokers, resulting in establishment of novel claims procedure and agreement by brokerage firm no longer to compel any employees to arbitrate statutory discrimination claims.

* ***Armendariz v. Foundation Health Psychcare Svcs.***: Obtained a ruling from the California Supreme Court that employers cannot require their employees, as a condition of employment, to resolve employment claims through arbitration, where the arbitration agreement does not provide for specific procedural protections.

* *Local 1564 v. City of Clovis*: Struck down a local "right to work" law enacted by a New Mexico city.

* *Washington Service Contractors Coalition v. District of Columbia*: Successfully defended against a federal preemption challenge a local displaced worker ordinance that requires new service contractors to retain the employees of their predecessors.

* *Gerlach v. Wells Fargo & Co.*: Obtained a $12.8 million settlement in a class action brought against Wells Fargo for misclassifying employees given the title "business consultants" as exempt from overtime.

* *Patel v. Sugen*: Obtained a nearly $2 million settlement in a class action challenge to a pharmaceutical company's refusal to pay contractually-mandated severance pay and bonuses to employees upon sale of the company, representing complete recovery of all monies owed plus ten percent interest.

* *Figueroa v. Guess?, Inc.*: Obtained a million dollar settlement of a wage and overtime class action on behalf of Los Angeles garment workers.

* *EQR/Legacy Partners*: Obtained settlement in administrative action of $1.6 million in back wages to construction workers who were not paid the prevailing wage required on public works projects.

* *Californians for Safe and Competitive Dump Truck Transportation v. Mendonca*: Defeated an industry challenge to the application of California's prevailing wage law to motor carriers after the enactment of trucking deregulation.

* *Martens v. Smith Barney*: Settled a nationwide sex discrimination class action on behalf of women brokerage employees, resulting in a novel claims procedure allowing for potentially tens of millions of dollars in damages.

* *Gerke v. Waterhouse Securities*: Obtained a $3.3 million overtime settlement on behalf of 1,800 employees of a discount brokerage firm who were not paid for half-hour lunch periods during which they were expected to work.

* *California Hospital Ass'n v. Henning*: Overcame a federal statutory challenge to a California law requiring payment of accrued vacation pay to workers upon cessation of employment.

* *Fry v. Air Line Pilots Ass'n*: Defeated an attempt to hold a union liable under RICO and state tort law for ostracism allegedly directed against strikebreakers.

* *AFL-CIO v. Employment Development Department*: Compelled California to continue to pay unemployment compensation benefits to hundreds of thousands of claimants per year pending evidentiary hearings on their continued eligibility.

* ***IBEW Locals 595 and 6 v. LIS Electric***: Won a private attorney general action, after a multi-week trial, against a construction contractor and its president for failing to pay workers prevailing wages on public works projects.

* ***International Longshore and Warehouse Union Local 142 v. Hawaiian Waikiki Beach Hotel***: Obtained an order requiring the corporate parent of a hotel in receivership to arbitrate claims for millions of dollars in accrued vacation and severance pay owed to the hotel's employees.

* ***SEIU v. County of San Bernardino***: Obtained an injunction prohibiting one of the nation's largest counties from depriving its employees of their right to discuss union issues at work.

* ***Retlaw Broadcasting Co. v. NLRB***: Successfully defended on appeal the NLRB's decision that an employer unlawfully implemented a contract proposal allowing it to bypass the union and negotiate directly with its individual employees.

* ***CPS Chem. Co. v. NLRB***: Confirmed an employer's continuing duty to bargain with the local union that represents its employees, notwithstanding that union's affiliation with a national union.

* ***Bishop v. Air Line Pilots Ass'n***: Defeated a challenge to a nationwide collective bargaining agreement that had been approved by a majority of the bargaining unit employees in a secret ballot election.

* ***Does I Thru XXIII v. Advanced Textile Corp.***: Established the right of workers to sue under fictitious names and withhold their identities from their employers, where they reasonably fear that disclosure of their identities will result in severe retaliation.

* ***San Joaquin Regional Transit Dist.***: Obtained an arbitration award stopping a transit district from contracting out numerous jobs held by union-represented workers.

* ***United Public Workers v. Yogi***: Invalidated a state public employee wage freeze that conflicted with the state constitutional right to organize for the purpose of collective bargaining.

* ***Passantino v. Johnson & Johnson Consumer Products, Inc.***: Successfully defended on appeal a multi-million dollar jury award in an employment discrimination action under federal and state law.

* ***Driscoll v. Oracle***: Negotiated $12.7 million settlement in nationwide overtime case under FLSA and state law on behalf of internet sales representatives.

* ***UAW Local 2244 and New United Motor Manufacturing, Inc.***: Obtained an arbitration award in excess of a million dollars for violation of a contractual provision requiring an employer to pay wage premiums to employees who start their shifts before 6:00 a.m.

\* *ATU Local 1292 and Alameda County Transit District*: Obtained an arbitration award prohibiting a public transit district from using a lease arrangement to evade contractual restrictions on outsourcing bargaining unit jobs.

\* *California Federation of Interpreters v. Region 1 Court Interpreter Employment Relations Committee; California Federation of Interpreters v. Region 2 Court Interpreter Employment Relations Committee; California Federation of Interpreters v. Region 4 Court Interpreter Employment Relations Committee*: Obtained arbitration awards requiring Superior Courts to pay mileage compensation to court interpreters and holding that the Courts acted illegally by giving interpreting assignments to independent contractors.

\* *Int'l Bhd. of Electrical Workers Local 551 v. WSB Electric*: Enjoined a contractor and its officers from continuing to commit unfair business practices by underpaying workers on public works projects, leading to the debarment of the contractor from bidding on public works projects for three years.

\* *Associated Builders and Contractors*: Obtained an NLRB decision that an association of non-union construction contractors violated the NLRA by filing and prosecuting a lawsuit challenging a union program to recapture jobs for union workers.

\* *St. Thomas - St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands*: Defeated an NLRA preemption challenge to a Virgin Islands statute that protects employees from termination without cause.

\* *Simo v. Union of Needletrades, Industrial & Textile Employees*: Successfully defended a labor union's use of the "garment industry proviso" to § 8(e) of the NLRA.

\* *Patterson v. Heartland Industrial Partners, LLP; Adcock v. United Auto Workers*: Obtained federal district court decisions that an agreement under which an employer agrees to remain neutral in union organizing campaigns in return for the union's agreement to limitations on such campaigns does not violate Section 302 of the Taft-Hartley Act or RICO.

\* *Heartland Industrial Partners, LLP and the United Steelworkers of America, AFL-CIO*: Obtained an NLRB decision upholding a neutrality and card-check organizing agreement under Section 8(e) of the NLRA.

\* *Advocate Health Care Network v. Service Employees Int'l Union*: Obtained dismissal of defamation, commercial disparagement, unfair trade practices, and maintenance claims arising from union's support for community campaign to change hospital chain's practice of overcharging uninsured patients.

\* *In re Opinion of Bill Lockyer, Attorney General (State Allocation Board)*: Obtained interpretation from the California Attorney General requiring school districts to utilize competitive bidding laws to award public school construction projects, thereby insuring that union contractors have an opportunity to bid on such work.

Page 8

* ***In re Santa Ana Transit Village***: Obtained a California administrative ruling that a transfer of property for a redevelopment project at so-called "fair reuse value" is not equivalent to a transfer at the "fair market price," and therefore California construction workers who perform work on such projects must be paid prevailing wages.

* ***Wagner v. Professional Engineers in California Gov't***: Established that the appropriate remedy for legal deficiencies in a union's annual fair share fee notice is for the union to correct and re-issue the notice, not to refund fees previously collected.

* ***Granite Rock Co. v. Int'l Bhd. of Teamsters***: Obtained federal district court order dismissing employer's unprecedented attempt to expand Section 301 of the LMRA to include tort theories for interference with contract by international union.

* ***Bricklayers and Allied Craftworkers Local 3 v. Northern California Mason Contractors Multiemployer Bargaining Ass'n***: Obtained an arbitration award upholding a union's right to allocate annual economic increases under a collective bargaining agreement between wages and fringe benefits.

* ***Mendoza-Barrera v. San Andreas HVAC, Inc.***: Obtained a stipulated judgment of more than $200,000 for four sheet metal workers whose employer failed to pay them the prevailing wage on public works projects.

* ***Santa Ana Transit Village***: Obtained an administrative decision from the State of California's Department of Industrial Relations that workers on redevelopment projects involving transfers of public property for "fair resuse value" are entitled to be paid prevailing wages.

## ENVIRONMENT AND PUBLIC HEALTH

* ***Orff v. United States*** (Supreme Court): Obtained ruling (based on arguments in merits brief filed on behalf of environmental organizations) rejecting challenge brought by agribusiness interests to the federal government's reduction of contractual water allocations to a local water district for the purpose of protecting threatened salmon and smelt.

* ***United Steelworkers of America v. California Dep't of Forestry and Fire Protection***: Obtained a decision holding that the California Department of Forestry's approval of a plan to log vast portions of California's redwood forests violated the California Forest Practice Act's requirements for a sustainable yield plan.

* ***NRDC v. Patterson***: Obtained a court ruling that the U.S. Bureau of Reclamation illegally dried up California's second longest river by diverting excessive amounts of water for agricultural and other uses, and subsequently negotiated settlement providing for restoration of the river.

* ***California Healthcare Ass'n v. California Dep't of Health Svcs.***: Defeated a hospital industry challenge to a California health regulation requiring minimum nurse-to-patient staffing ratios.

* *Les v. Reilly*: Required the Environmental Protection Agency strictly to apply the Delaney Clause's prohibition against cancer-causing substances in processed foods.

* *Public Citizen v. Dep't of Transportation*: Obtained a Ninth Circuit ruling (later overturned by the Supreme Court) blocking for several years the federal government's decision to allow Mexico-domiciled trucks to travel throughout the United States without an Environmental Impact Statement and a Clean Air Act conformity analysis.

* *California v. Browner*: Obtained a consent decree, in a challenge to EPA's systematic failure to enforce federal food safety laws, that required dozens of cancer-causing pesticides to be removed from the food supply.

* *NRDC v. Price Pfister*: Compelled major faucet manufacturers to eliminate lead from drinking water faucets pursuant to Proposition 65, the California Toxics Initiative.

* *NRDC v. The Reclamation Bd. of the Resources Agency of the State of California*: Obtained a writ of mandate overturning a state administrative agency's approval of an extensive development project on top of a major levee in the Sacramento River Delta, for violating regulations governing flood control levees.

* *Sunshine Canyon*: Successfully advocated in land use proceedings, on behalf of a coalition of environmental, labor, and community organizations, for stringent environmental conditions to be placed on a large solid waste landfill in Los Angeles County.

* *NRDC v. EPA*: Settled Clean Air Act case requiring warning labels on processed foods manufactured with methyl bromide, an ozone-depleting substance.

* *NRDC v. EPA*: Compelled the Environmental Protection Agency to stop holding "closed-door" meetings with industry representatives before setting pesticide health and safety standards.

* *NRDC v. Whitman*: Forced EPA to reassess the safety of some of the nation's most dangerous pesticides to protect children, farmworkers, and consumers.

* *NRDC v. Smith Kline*: Required reductions in lead content of calcium dietary supplements.

* *EDF & NRDC v. Sta-Rite*: Successfully challenged the widespread use of lead in submersible water pumps under the California Toxics Initiative.

* *Tosco Corp. v. Communities for a Better Environment*: Defeated a declaratory judgment action brought by an oil company to preclude environmental organizations from seeking penalties for its discharges of dioxin.

* *AFL-CIO v. Deukmejian*: Required the Governor of California to expand tenfold the list of carcinogenic chemicals included within the California Toxics Initiative.

\* ***California Labor Federation v. Cal. OSHA***: Preserved the California Toxics Initiative against an OSHA preemption attack.

\* ***AFL-CIO v. Deukmejian***: Overturned a regulation exempting food, drugs and cosmetics from the California Toxics Initiative.

\* ***NRDC v. OEHHA***: Forced state environmental agency to withdraw "records retention" policy that had required agency scientists to destroy data and documents that were inconsistent with final agency position.

\* ***AFL-CIO v. Gorsuch***: Overturned an EPA moratorium on public disclosure of industry pesticide health and safety studies.

\* ***NRDC v. Wilson***: Required the Governor of California timely to determine whether to expand the list of reproductive toxicants included within the California Toxics Initiative to include five dozen chemicals identified as reproductive toxicants by U.S. EPA.

\* ***NRDC v. Badger Meters, Inc.***: Required manufacturers of water meters that leach lead into residential drinking water to shift to a low lead emitting alloy.

\* ***NRDC v. Safeway, Inc.***: Required large grocery retailers to achieve a substantial reduction in diesel truck emissions around their grocery distribution centers, which are located primarily in low-income areas.

\* ***Environmental Law Foundation v. Crystal Geyser Water Co.***: Required manufacturers to eliminate unlawfully high levels of arsenic, trihalomethanes, and heterotrophic bacteria from bottled drinking water.

\* ***City and County of San Francisco v. United States Tobacco Co.***: Required warnings to be provided to consumers regarding the health dangers of smokeless tobacco products.

\* ***Environmental Law Foundation v. Ironite Products Co.***: Obtained a consent judgment banning the continued sale in California of a fertilizer manufactured from hazardous waste that contained excessive levels of arsenic and lead.

\* ***In re Vinegar Litigation***: Obtained settlements requiring food retailers to post consumer warnings regarding the presence of lead in balsamic vinegar.

\* ***In re St. Lukes Hospital Merger***: Persuaded the California Attorney General to conduct a review of the terms of a proposed merger of two hospitals, including the extent to which the merger would serve or disserve the needs of the affected communities.

## FREE SPEECH

* ***Conant v. McCaffrey***: Obtained a permanent injunction under the First Amendment prohibiting the federal government from revoking or threatening to revoke the prescription drug licenses of California physicians on the basis of their confidential communications with their seriously ill patients regarding medical marijuana.

* ***Walker v. Air Line Pilots Ass'n***: Obtained a jury verdict following a ten-week trial upholding the right of the Air Line Pilots Association to engage in free speech activities promoting solidarity among strikers.

* ***Eller Media Co. v. City of Oakland***: Defeated efforts by billboard and alcohol industry to overturn City of Oakland ordinance prohibiting billboards advertising alcoholic beverages in residential neighborhoods and in proximity to schools and playgrounds.

* ***SEIU v. City of Houston***: Obtained a preliminary injunction under the First Amendment against the enforcement of Houston ordinances that restrict parades, public gatherings in public parks, and the use of sound amplification equipment.

* ***Connelly v. No On 128, the Hayden Initiative***: Enforced a California law requiring state initiative campaign advertisements to identify industry campaign contributors.

* ***Crawford v. Int'l Union of Rubber Workers Local 703***: Obtained reversal of a six-figure jury verdict against union and picketers who had exercised free speech right to disparage strikebreakers.

* ***Buyukmihci v. Regents***: Obtained a permanent injunction protecting the free speech rights of a professor of veterinary medicine whom the University of California had tried to fire because of his animal rights views.

* ***Furukawa Farms v. CRLA***: Successfully defended a statewide poverty law office against a suit brought by agricultural growers to block its advocacy on behalf of farm workers.

* ***Auvil v. CBS 60 Minutes***: Obtained dismissal of a class action product defamation suit brought by Washington apple growers against the Natural Resources Defense Council for having publicized the public health hazards of the growth regulator Alar.

* ***Coors v. Wallace***: Defeated an antitrust suit brought by Adolph Coors Company against the organizers of a nationwide consumer boycott of Coors beer.

* ***Evergreen Oil Co. v. Communities for a Better Environment***: Obtained the dismissal under California's anti-SLAPP statute of an oil company's defamation action against a non-profit environmental advocacy group.

\* ***Tosco Corp. v. Communities for a Better Environment***: Obtained dismissal for lack of federal jurisdiction of an oil company's federal court defamation action against an environmental group that had engaged in free speech about air pollution issues.

\* ***POSCO v. Contra Costa Building & Construction Trades Council***: Defeated an antitrust suit brought against various labor unions for engaging in environmental lobbying and litigation.

\* ***Schavrien v. Lynch***: Obtained dismissal, under California's anti-SLAPP law, of a suit against the former President of the California Public Utilities Commission brought by an executive of an energy company regulated by the Commission, for publicly exposing the executive's attendance at a campaign fundraising event in support of the spouse of a Commissioner.

\* ***Knox v. Westly***: Defeated preliminary injunction motion brought several days before statewide election to prohibit union from spending union dues and fees to oppose anti-worker ballot initiatives.

\* ***Mosqueda v. CCPOA***: Defeated a libel action brought by prison warden against correctional officers union for statements made in support of litigation initiated by a union officer.

\* ***Western Growers Ass'n v. UFW***: Obtained dismissal under California's anti-SLAPP statute of an "unfair business practices" action brought by a growers' association against a union for its free speech activities.

\* ***Allied Pilots Ass'n v. San Francisco***: Obtained an injunction allowing pilots to handbill and picket at San Francisco International Airport.

\* ***Bruce Church, Inc. v. UFW***: Overturned on First Amendment and statutory grounds a $10 million judgment against the United Farm Workers for engaging in allegedly improper boycott activity.

\* ***Guess?, Inc. v. UNITE***: Obtained dismissal under California's anti-SLAPP statute of complaint alleging union had unlawfully supported picketing and litigation activity directed against employer's workplace practices.

\* ***UFW v. Dutra Farms***: Obtained judgments against 18 growers and growers' association prohibiting them from illegally financing "employee committee" to defeat union organizing drives.

\* ***Steam Press Holdings, Inc. v. Hawaii Teamsters, Local 996***: Established that federal labor law precludes an employer from obtaining damages under state defamation law for economic losses resulting from a strike.

## CAMPAIGN AND ELECTION

* ***AFL-CIO v. Eu***: Invalidated a proposed initiative requiring a new federal constitutional convention on the ground that it violated Article V of the U.S. Constitution.

* ***Common Cause v. Jones***: Obtained a court order requiring the replacement of pre-scored punch card voting machines in California prior to the 2004 Presidential election.

* ***Fleischman v. Protect Our City***: Obtained, and successfully defended in the Arizona Supreme Court, an injunction removing an anti-immigrant initiative from the November 2006 Phoenix ballot on the ground that the city law granting initiative supporters the right to supplement signatures after the filing deadline is preempted by state law.

* ***Hawaii State AFL-CIO v. Yoshina***: Overturned on state election law grounds Hawaii's decision to ignore abstentions in determining whether the required percentage of votes was cast in favor of a ballot measure calling for a new state constitutional convention.

* ***Central California Farmers Ass'n v. Eu***: Defeated on state constitutional grounds an attempt by agribusiness to remove a comprehensive environmental protection initiative from the California ballot.

* ***Cardona v. Oakland Unified School District***: Upheld the City of Oakland's right to delay redistricting on basis of the 1990 census until the census was adjusted to correct for the disproportionate undercount of minorities.

* ***Bennett v. Yoshina***: Successfully defended against a federal court due process challenge the Hawaii electorate's vote to refuse to hold a new state constitutional convention.

* ***Barry v. Nishioka***: Obtained a writ of mandate ordering election officials to place candidates on ballot despite apparent noncompliance with nomination petition formalities.

* ***Edrington v. Floyd***: Successfully defended City of Oakland's wording of ballot question and ballot analysis for "just cause" eviction initiative against challenge by landlords.

## IMMIGRATION

* ***AFL-CIO v. Chertoff***: Obtained nation-wide injunction against a Department of Homeland Security regulation that would turn Social Security Administration "no-match" letters into an immigration-enforcement tool without authorization from Congress.

* ***Catholic Social Services/Ayuda/Immigrant Assistance Project v. Reno***: Obtained the right to apply for legalization under the Immigration Reform and Control Act for hundreds of thousands of undocumented aliens who were prevented from applying because of unlawful INS regulations; and negotiated temporary work authorization for approximately three million aliens potentially eligible for legalization under the Immigration Reform and Control Act.

\* ***Calif. Rural Legal Assistance v. Legal Services Corp.***: Overturned a regulation prohibiting the provision of federally-funded legal services to a nationwide class of several million aliens who had been legalized through the amnesty process.

\* ***SEIU Local 535 v. Thornburgh***: Compelled the Immigration and Naturalization Service to rescind a regulation that deprived temporary nonimmigrant workers of the right to strike.

\* ***Patel v. Quality Inn South / EEOC v. Tortilleria "La Mejor"***: Through a series of cases, established the eligibility of undocumented immigrant workers for the full remedial protections of the Fair Labor Standards Act and Title VII of the 1964 Civil Rights Act.

\* ***Lopez-Alvarado v. Ashcroft***: Obtained Ninth Circuit reversal of Board of Immigration Appeal's decision ordering deportation of an immigrant family that had lived in the United States for more than ten years.

\* ***Int'l Union of Bricklayers and Allied Craftsmen v. Meese***: Obtained decision prohibiting government and employers from using non-immigrant business (B-1) visas to circumvent the requirement that temporary, non-immigrant, foreign workers not undercut the prevailing wage.

### MISCELLANEOUS

\* ***Blessing v. Freestone*** (Supreme Court): Preserved the availability of 42 U.S.C. § 1983 in cases seeking enforcement of federal statutory rights.

\* ***Kashmiri v. Regents***: Won a $33.8 million class action judgment against the University of California for improperly charging fee increases to tens of thousands of undergraduate, graduate and professional students, and obtained a preliminary injunction prohibiting the University from charging professional students an additional $15 million in fees.

\* ***Anderson v. Regents***: Obtained an $11 million recovery in a Contracts Clause class action challenging the University of California's refusal to fund thousands of university professors' merit salary increases.

\* ***Eklund v. Byron Union School District***: Established the right of public school teachers to use games, role-playing, and other methods considered to be best pedagogical practices to teach about the history, culture and religion of Islam as part of a secular program of education in a world history class.

\* ***People v. Horton***: Obtained a California Supreme Court death penalty reversal on the direct appeal of a capital case.

\* ***Horton v. Mayle***: Obtained a Ninth Circuit *habeas corpus* remand of former death penalty defendant's murder conviction due to the prosecutor's failure to disclose potentially exculpatory evidence, and obtained reversal of the conviction after district court evidentiary hearing.

* ***California Labor Federation v. Cal. OSHA***: Invalidated, on state constitutional grounds, California Budget Act restrictions on the state's payment of public interest attorneys' fees.

* ***NAACP v. Davis***: Reinstated statutory requirement that California Highway Patrol collect racial profiling data, despite gubernatorial funding veto.

* ***Jane Doe v. Reddy***: Obtained $11 million settlement in human trafficking case on behalf of young Indian women who were unlawfully brought into the United States and forced to provide . sex and free labor.

* ***Gardner v. Schwartzenegger***: Obtained restraining order and preliminary injunction against enforcement of a state statute that would have permitted incarceration of non-violent drug offenders, contrary to California Proposition 36, which mandated probation and drug treatment.

* ***Hamilton v. Great Expectations***: Negotiated an $8.5 million settlement of a statewide class action against a video dating service that had electronically eavesdropped on confidential membership interviews.

* ***In re Sealed Case***: Obtained a $13.2 million settlement of a False Claims Act case and two related wrongful termination cases on behalf of a husband and wife who were terminated after disclosing extensive fraud committed by their government contractor employer.

* ***In re Gulf USA Corporation and Pintlar Corporation***: Preserved millions of dollars of retiree medical benefits in a major bankruptcy proceeding on behalf of thousands of retired Idaho mine and smelter workers.

* ***Utility Consumers' Action Network v. Sears/California Federal Bank/Household Credit Service/ Texaco Credit Card Services/Capital One/Bank of America***: Obtained settlements in a series of consumer privacy class actions against financial institutions and credit card companies prohibiting unauthorized dissemination of personal account information to third party telemarketers.

* ***IBEW Local 595 v. Aubry***: Enjoined the Department of Industrial Relations from spending taxpayer funds to implement a new methodology that would drastically cut prevailing wage rates, where the Legislature had refused to appropriate funds for that purpose.

* ***Davidson v. County of Sonoma***: Obtained a substantial settlement on behalf of a law enforcement officer injured as a result of his employer's mock hostage training exercise in which he was seized and threatened at gunpoint.

* ***Jensen v. Kaiser Permanente***: Obtained the recision of an HMO's cost-cutting policy requiring staff psychiatrists to prescribe psychotropic medications for patients they have not examined.

* ***Welfare Rights Org. v. Crisan***: Established an evidentiary privilege for communications between applicants for public benefits and their lay representatives, including union representatives.

* ***County of Alameda v. Aubry***: Enjoined California from reducing the prevailing wage in the construction industry by 20 percent where the agency had failed to comply with APA rulemaking requirements.

* ***California State Building and Construction Trades Council v. Duncan***: Enjoined the expenditure of state funds on administrative rulemaking proceedings that would have lowered the minimum wage for apprentices throughout California, on the ground that the Governor lacked the authority to item-veto the Legislature's decision not to fund such proceedings.

* ***Rogers v. Governing Bd. of the Sacramento City Unified Sch. Dist.***: Obtained a writ of mandate and a permanent injunction under the California Charter Schools Act prohibiting a school board from converting an existing public high school into a charter school without the approval of a majority of the school's teachers and requiring the school district to open a new non-charter public high school upon a showing of community support.

* ***California Court Reporters Ass'n v. Judicial Council***: Struck down rules that would have allowed replacement of official court reporters with audiotape recordings in California Superior Courts, and obtained an injunction against expenditures of taxpayer funds in furtherance of such rules.

* ***Olney v. Pringle***: Negotiated a settlement prohibiting state legislators from paying large retroactive salary increases to select staff in violation of the State Constitution.

* ***Gary W. v. State of Louisiana; La Raza Unida v. Volpe***: Required Louisiana and California to pay federal court civil rights attorney's fee awards despite refusal of State Legislatures to appropriate the monies.

Our firm has also consulted on federal legislation involving reform of the nation's pesticide food safety laws and immigration laws, violence at abortion clinics, protection from ERISA preemption of state apprenticeship and prevailing wage laws, and on state legislation involving unemployment insurance, prevailing wages, the provision of health insurance for uninsured workers, protection of the right to strike, apprenticeship, rights of public employees, nursing home reform, and other areas of importance to labor unions and workers.

## CURRENT CASES

Our docket currently includes:

* The defense on appeal of a nation-wide injunction against a Department of Homeland Security regulation that would turn Social Security Administration "no-match" letters into an immigration-enforcement tool without authorization from Congress.

* A federal court lawsuit seeking to enjoin an Arizona statute that usurps the federal government's authority to regulate the employment of immigrants.

* A challenge under the Fourteenth Amendment and federal and state civil rights laws to discrimination against low income minority communities in public transportation funding.

* A First Amendment challenge to Houston ordinances that restrict parades, public gatherings in public parks, and the use of sound amplification equipment.

* A constitutional challenge to a California statute that attempts to undermine a voter-approved initiative that mandates drug treatment and probation, instead of incarceration, for non-violent drug offenders.

* Representation of a labor coalition in a Ninth Circuit appeal from a district court order invalidating on ERISA preemption grounds a San Francisco ordinance that requires employers either to make provide health benefits to their employees or to pay into a City fund for the same purpose.

* An appeal from a $17 million jury verdict against a labor union for defamation and trade libel resulting from a postcard advising prospective hospital patients of a labor dispute between the union and a laundry supplier to the hospitals.

* The defense before the California Supreme Court of a trial court decision holding that the California Department of Forestry's approval of a plan to log vast portions of California's redwood forests violated the California Forest Practice Act's requirements for a sustainable yield plan.

* A state court environmental challenge to the government's failure to consider the possible future impacts of global warming on a massive construction project on levees in the Sacramento – San Joaquin River Delta.

* A state court class action against the University of California for improperly charging fee increases to tens of thousands of undergraduate, graduate and professional students.

* A California Supreme Court *amicus* brief in support of the right to same-sex marriage under the California Constitution, drafted in conjunction with professors and students from the Howard University School of Law Civil Rights Clinic.

* A class action jury trial challenging an employer's systematic underpayment of its workers in violation of the Los Angeles living wage ordinance.

* A federal court class action alleging that a national electronics retailer discriminates against women and minorities in its hiring, promotion and compensation practices.

\* Federal court class actions alleging that two national financial services firms systematically discriminate against their Latino and African American women brokers.

\* A federal court class and collective action against an automobile manufacturing plant for failure to compensate its employees for donning and doffing protective gear, in violation of federal and state law.

\* The defense in the U.S. Supreme Court of a Ninth Circuit *en banc* decision rejecting First Amendment and federal preemption challenges to a California law that prohibits employers from using state funds to influence employees about union organizing.

\* A due process challenge to the State of California's right to re-try a criminal defendant, in a 24-year old murder case, where the State's delays in certifying the record and withholding evidence caused prejudice to defendant's ability effectively to defend himself.

\* A federal court lawsuit on behalf of environmental and labor groups to block the Bush administration's attempt to allow Mexico-domiciled trucks to travel throughout the United States without complying with the specific congressional prerequisites governing such action.

\* A *qui tam* case against the world's largest for-profit university alleging it falsely certified compliance with a provision of the federal Higher Education Act that prohibits payment of recruiters based upon the number of students they enroll.

\* A *qui tam* case against a nationwide industrial laundry company alleging it falsely represented that it would pay, and was paying, its employees the wages and benefits required by the Service Contract Act.

\* A federal court lawsuit on behalf of pilots to prohibit their employer from interfering with their rights to organize and to free expression under the Railway Labor Act and from funding a company union.

\* The defense on appeal of a class-action judgment in excess of $1.4 million against an employer that systematically underpaid its workers in violation of the City of Hayward's living wage ordinance.

\* A federal environmental challenge to the impact on endangered species of fish of massive pumping of water from the San Francisco Bay delta to irrigation districts and urban water agencies.

\* A lawsuit against the Schwarzenegger administration for delays in adding substances to the list of chemicals in California that are known to cause cancer and reproductive harm.

\* A Hawaii federal court class action challenging the termination of retiree health insurance coverage of hundreds of former sugar and pineapple plantation workers.

* A lawsuit seeking to establish that the California law that requires workers to be paid prevailing wages on public construction projects applies to projects undertaken by charter cities.

* A federal court class action alleging that a restaurant chain discriminates against African-Americans in its hiring and job assignment practices.

* A state court lawsuit challenging a national airline's violation of California law by refusing to permit airline pilots to use their accrued paid sick leave to care for ill family members.

* Class action challenges, proceeding in the Ninth Circuit, the Northern District of California, and AAA arbitration, to a nationwide industrial laundry company's policy of classifying its drivers as exempt from the overtime requirements of federal and state wage-and-hour laws.

* A California Supreme Court *amicus* brief on behalf of the AFL-CIO and the SEIU in an appeal of a lower court decision holding that labor unions may not bring representative actions on behalf of their members under the California Private Attorneys General Act and the California Unfair Competition Law.

* An *amicus* brief in the California Court of Appeal in support of the position that the California Rules of Professional Responsibility do not preclude labor unions and other advocacy groups from helping to fund class action litigation.

* A whistleblower retaliation jury trial on behalf of a California State University professor.

* The defense on appeal of a $14 million settlement of a state law privacy class action challenging a bank's practice of selling confidential consumer information to third-party marketing companies.

* A nationwide federal class action challenging a global security company's failure to compensate employees for security briefings they are required to attend before the start of their shifts.

* A nationwide FLSA, ERISA, and state law overtime class action challenging an insurance company's treatment of its claims representatives as exempt "administrators."

* The defense on appeal of a decision holding that a developer's receipt of state low income housing tax credits requires the construction workers on the project to be paid prevailing wages.

* Serving as lead class counsel in a state-wide class action on behalf of automotive shop personnel seeking payment for off-the-clock work and unpaid meal and rest breaks.

* A federal court class action alleging that a major electronic design automation software company misclassified informational technology support workers as exempt from federal and state wage and hour laws.

* Court challenges to several pharmaceutical companies' failure to pay overtime compensation to their sales representatives.

* A California consumer class action against a bank that misleadingly offers lines of credit without disclosing hidden costs and credit impacts.

* The defense on appeal in the Fourth Circuit of a federal court decisions holding that an agreement under which an employer agrees to remain neutral in union organizing campaigns in return for the union's agreement to limitations on such campaigns does not violate Section 302 of the Taft-Hartley Act or RICO.

* A California Supreme Court appeal concerning whether plaintiffs seeking private attorney general fees are required to demonstrate, as a condition of fee eligibility, that they made a reasonable effort to settle their dispute with defendants before filing their complaint.

* The defense on appeal of federal district court order dismissing an employer's unprecedented attempt to expand Section 301 of the LMRA to include tort theories for interference with contract by an international union.

* An administrative challenge to the termination of a 20-year career attorney employed by the State of California, who had an exemplary record and was recognized as one of the state's experts in wage and hour law, but was discharged for, *inter alia*, his public comments regarding agency policy.

* An arbitration challenge to an employer's policy of terminating ill or injured employees, in violation of its collective bargaining agreement.

* The defense of a union's collection of "fair share fees" from non-members against a challenge by the anti-union National Right to Work Foundation.

* An *amicus* brief to the NLRB's Division of Advice in support of the position that Section 7 of the NLRA protects workers' right to pursue employment claims on a class or collective basis.

We also represent many local unions and apprenticeship programs on general matters, including litigation, negotiations, arbitrations and advice. In addition, we represent many workers in individual employment matters, we represent public agencies in selected constitutional cases, we provide counsel on First Amendment issues to the Public Health Institute's Technical Assistance Legal Center (TALC), we defend public interest groups against SLAPP suits, and we represent law firms and public interest organizations on statutory and common fund attorneys' fees matters.

## ALTSHULER BERZON LLP'S ATTORNEYS

The following is a brief description of the firm's attorneys:

**Fred H. Altshuler** is a graduate of Stanford University and University of Chicago Law School, where he was Articles Editor of the University of Chicago Law Review. He served as a law clerk to Judge John C. Godbold of the United States Court of Appeals for the Fifth Circuit. From 1969 to 1973, he was a Directing Attorney for California Rural Legal Assistance, working on farmworker issues throughout California. From 1975 to 1978, he practiced with the San Francisco law firm of Howard, Prim, Rice, Nemerovski, Canady & Pollak. During the Watergate controversy in 1974, he was Counsel to the Impeachment Inquiry staff of the U.S. House of Representatives Judiciary Committee. He is a Fellow of the American Bar Foundation, has served on the Boards of Directors of the Bar Association of San Francisco, the Lawyers Club of San Francisco and California Rural Legal Assistance, and is Co-Chair of the Bar Association of San Francisco's Amicus Curiae Committee. He also serves on the Boards of Directors of the Coro Foundation, Public Advocates, and the Planning Association for the Richmond. He was a delegate at the 1996 Democratic National Convention, and in 2004 he was California State Counsel for the Kerry/Edwards Campaign. Mr. Altshuler is listed in "The Best Lawyers in America" for administrative law.

**Stephen P. Berzon** is a graduate of Cornell University and Harvard Law School. He served as a law clerk to Judge Alvin B. Rubin of the United States District Court for the Eastern District of Louisiana. He was formerly the Legal Director of the Children's Defense Fund, a public interest organization in Washington, D.C. He has also practiced with the Legal Aid Society of Alameda County and the National Housing and Economic Development Law Project of the law school at the University of California at Berkeley (Boalt Hall). He is a Fellow of the American Bar Foundation and has served as Chair of the City of Berkeley Police Review Commission. He serves on the Boards of Directors of the American Constitution Society and the AFL-CIO Lawyers Coordinating Committee, and is a member of the Executive Committee of the Northern District of California Chapter of the Federal Bar Association. He received the Voting Rights Award from the ACLU of Southern California in 2002. He is listed in "The Best Lawyers in America" for labor and employment law, and in San Francisco Magazine's Northern California "Super Lawyers" in the appellate practice area. He lectures frequently on litigation and legislative matters.

**Hamilton Candee**, of counsel to the firm, is a graduate of Princeton University and New York University Law School, where he was a Root-Tilden Scholar. He served as a law clerk to Judge Thelton E. Henderson of the United States District Court for the Northern District of California, and as a legislative assistant in the United States Senate. Mr. Candee practiced law for 23 years with the Natural Resources Defense Council, where, most recently, he was a Senior Attorney in the San Francisco Office and Co-Director of the NRDC's Western Water Project. At NRDC, Mr. Candee was involved in a variety of efforts to restore ecosystems, protect endangered species, encourage water conservation, and promote other environmental reforms in federal and state water policy. Mr. Candee was named by California Lawyer magazine a "Lawyer of the Year" in 1999 for his work pursuing restoration of the San Joaquin River, and was recently elected to the Board of Trustees of the NRDC Action Fund.

**Eve H. Cervantez** is a graduate of Washington University and Harvard Law School, where she was an editor of the Harvard Law Review. She served as a law clerk to Judge Charles A. Legge of the United States District Court for the Northern District of California. She was formerly a staff attorney at the Prison Law Office, working to assure humane conditions of confinement for state prison inmates, and a partner at Lieff, Cabraser, Heimann & Bernstein, LLP. She is a chapter contributor to *Employment Discrimination Law* (BNA, 2002 Cumulative Supplement), *Wage and Hour Laws, A State-by-State Survey* (BNA, 2006 Supplement) and *The Fair Labor Standards Act* (BNA, 2006 Supplement), and is the author of "When Should You Bring State Law Wage and Hour Claims in Addition to, or Instead of, FLSA Claims," The Employee Advocate (Summer/Fall 2003). She also lectures regularly on wage and hour law and employment discrimination law.

**Barbara J. Chisholm** is a graduate of Swarthmore College and Howard University School of Law, where she was the Submissions and Symposium Editor of the Howard Law Journal. She served as a law clerk to Judge Emmet G. Sullivan of the United States District Court for the District of Columbia. She worked in the Russian Far East for five years, where she was the founder and director of the Russian Far East branch of ISAR, an organization working on environmental and human rights issues. She currently serves as an advisor to the organization. She also serves as a member of the Executive Committee of the Labor and Employment Section of the California State Bar. She also currently serves as the Program Co-Chair for the Bay Area Lawyer Chapter of the American Constitution Society, and as a member of the Boards of Directors of Pacific Environment and the AIDS Legal Referral Panel.

**Jamie L. Crook**, the Altshuler Berzon LLP/NRDC Joint Fellow for 2007-08, is a graduate of Brown University and the law school at the University of California at Berkeley (Boalt Hall), where she was Book Reviews and Essays Editor for the California Law Review, Notes and Comments Editor for the Berkeley Journal of African-American Law and Policy, and Articles Editor for the Berkeley Journal of International Law. She served as a law clerk to Judge Richard A. Paez of the United States Court of Appeals for the Ninth Circuit.

**Jeffrey B. Demain** is a graduate of Brandeis University (B.A.), the University of California, Irvine (M.A.), where he was a National Science Foundation Fellow, and the law school at the University of California at Berkeley (Boalt Hall), where he was a member of the Industrial Relations Law Journal. He served as a law clerk to Chief Judge James R. Browning of the United States Court of Appeals for the Ninth Circuit. From 1992 through 1999, he was a contributing editor of *Construction Organizing – An Organizing and Contract Enforcement Guide*, published by the George Meany Center for Labor Studies, Inc. From 1999 through 2002, he was a member of the Executive Committee of the Labor and Employment Section of the California State Bar. He is the author of "Recent Developments in Fair Share Fee Law," California Public Employee Relations Journal No. 167 (August 2004). He is listed in "The Best Lawyers in America" for labor and employment law. He also lectures regularly on developments in labor and employment law.

**Rebekah B. Evenson** is a graduate of Barnard College and Yale Law School. She served as a law clerk to Judge Betty Fletcher of the United States Court of Appeals for the Ninth Circuit and was a Skadden Fellow with the Lawyers' Committee for Civil Rights of the San Francisco Bay Area.

**James M. Finberg** is a graduate of Brown University and the University of Chicago Law School, where he was Executive Editor of the University of Chicago Law Review. He served as a law clerk to Justice Charles Levin of the Michigan Supreme Court. From 1992 through 2006, he was a partner at Lieff, Cabraser, Heimann & Bernstein, LLP. In 2005, he served as President of the Bar Association of San Francisco. From 2000 through 2001, he served as Co-Chair of the delegation of lawyer representatives from the Northern District of California to the Ninth Circuit Judicial Conference. From 1997 through 1998, he served as Co-Chair of the Lawyers' Committee for Civil Rights of the San Francisco Bay Area. He is a fellow of the American College of Labor and Employment Lawyers. He is the author, or co-author, of numerous articles and book chapters on various topics of employment law and securities law. Mr. Finberg was selected by the California Daily Journal in 2006 as one of the Top 100 Lawyers in California, and is listed by San Francisco Magazine as one of the Top 100 "Super Lawyers" in Northern California. He is also listed in "The Best Lawyers in America" for labor and employment Law.

**Eileen B. Goldsmith** is a graduate of Brown University and Yale Law School, where she was a Notes Editor for the Yale Law Journal. She served as a law clerk to Judge Marsha S. Berzon of the United States Court of Appeals for the Ninth Circuit. She also served as a Co-Chair of the Labor Law Committee of the National Employment Lawyers Association.

**Laura P. Juran** is a graduate of Northwestern University and Stanford Law School, where she was a Symposium Editor of the Stanford Law Review. She served as a law clerk to Judge Ann Aldrich of the United States District Court for the Northern District of Ohio. She is a member of the Editorial Board of Bender's California Labor & Employment Bulletin, and is a Supervising Attorney for the Workers' Rights Clinic of the San Francisco Legal Aid Society – Employment Law Center. She currently serves as a Board member and as the Programming Co-Chair for the Bay Area Lawyer Chapter of the American Constitution Society. She served, by appointment of the San Francisco Board of Supervisors, on the City's Sweatfree Procurement Advisory Group, and was the Vice Chair of that body.

**Scott A. Kronland** is a graduate of Cornell University, where he was Editor-In-Chief of The Cornell Daily Sun, and the law school at the University of California at Berkeley (Boalt Hall), where he was a member of the California Law Review. He served as a law clerk to Judge James R. Browning of the United States Court of Appeals for the Ninth Circuit. He is also currently a member of the Executive Committee of the Labor and Employment Section of the Bar Association of San Francisco, and he regularly lectures on labor and legislative topics.

**Peter E. Leckman** is a graduate of Wesleyan University and the law school at the University of California at Berkeley (Boalt Hall), where he was a member of the California Law Review. He served as a law clerk to Judge Diane P. Wood of the United States Court of Appeals for the Seventh Circuit.

**Danielle E. Leonard** is a graduate of Harvard College and Harvard Law School, where she was a Senior Editor of the Harvard Environmental Law Review. She served as a law clerk to Judge Emmet G. Sullivan of the United States District Court for the District of Columbia and was a trial attorney in the Honors Program of the United States Department of Justice, Civil Rights Division, Voting Section.

**Stacey M. Leyton** is a graduate of Stanford University and Stanford Law School, where she was a Symposium Editor of the Stanford Law Review. She served as a law clerk to Justice Stephen Breyer of the United States Supreme Court, Judge Stephen Reinhardt of the United States Court of Appeals for the Ninth Circuit, and Judge Susan Illston of the United States District Court for the Northern District of California. She is a member of the Board of Directors of the Public Interest Clearinghouse.

**Linda Lye** is a graduate of Yale University and the law school at the University of California at Berkeley (Boalt Hall), where she was a member of the California Law Review and the Berkeley Journal of Employment and Labor Law. She served as a law clerk to Justice Ruth Bader Ginsburg of the United States Supreme Court and Judge Guido Calabresi of the United States Court of Appeals for the Second Circuit. She is active in the ACLU of Northern California, as a member of the Board of Directors and Executive Committee, and Chair of the Legal Committee. She is also Co-President of the Berkeley Law Foundation.

**Peter D. Nussbaum** is a graduate of Cornell University and Harvard Law School, where he was Articles Editor of the Harvard Law Review. He served as a law clerk to Judge Irving R. Kaufman of the United States Court of Appeals for the Second Circuit and was a Fulbright Scholar at the London School of Economics. Prior to entering private practice in 1974, he worked for various legal services programs, including the Center for Social Welfare, Policy and Law at Columbia University Law School. He has served as a lawyer representative and Executive Committee Member of the Ninth Circuit Judicial Conference and is a member of the ABA Committee on Practice and Procedure under the NLRA. He has served as chair of the Democratic Party of Contra Costa County and as a member of the Democratic Party's State Executive Committee. He is listed in "The Best Lawyers in America" for labor and employment law. He also lectures frequently on labor topics before the ABA and other organizations.

**Katherine M. Pollock** is a graduate of Harvard University and Yale Law School, where she was Senior Editor of the Yale Law Journal and Articles Editor of the Yale Journal of Law and Feminism. She served as a law clerk to Judge Reginald Lindsay of the United States District Court for the District of Massachusetts.

**Daniel T. Purtell** is a graduate of Stanford University and Stanford Law School. He served as a law clerk to Judge Harry Pregerson of the United States Court of Appeals for the Ninth Circuit. He is a contributing editor of *The Developing Labor Law*, and was a member of the Editorial Board of Bender's California Labor & Employment Bulletin from 2002 to 2005. He also lectures frequently on issues of labor and employment law, particularly regarding ethical issues that arise in representing individuals and labor unions.

**Michael Rubin** is a graduate of Brandeis University and the Georgetown University Law Center, where he was an Editor of the Georgetown Law Journal. He served as a law clerk to Justice William J. Brennan, Jr. of the United States Supreme Court, Chief Judge James R. Browning of the United States Court of Appeals for the Ninth Circuit and Judge Charles B. Renfrew of the United States District Court for the Northern District of California. In 2002, he was named a "California Lawyer of the Year" by California Lawyer Magazine, and in 2003 he was a co-recipient of the "Trial Lawyer of the Year Award" from the Trial Lawyers for Public Justice for his role in the Marianas sweatshop litigation. He is listed in "The Best Lawyers in America" for labor and employment law, and San Francisco Magazine named him among its 2005 Northern California "Super Lawyers" in the appellate practice area. Mr. Rubin is listed by Lawdragon Magazine as one of the "Lawdragon 500 Leading Lawyers in America," one of the "Lawdragon 500 Leading Litigators in America," and one of the "Lawdragon 500 Leading Plaintiffs' Lawyers in America." Mr. Rubin regularly lectures on developments in California and federal employment law and other topics.

**Rebecca Smullin** is a graduate of Yale University (B.A.), the Kennedy School of Government at Harvard University (M.P.A.), and Yale Law School. She served as a law clerk to Judge Marsha S. Berzon of the United States Court of Appeals for the Ninth Circuit.

**Jennifer Sung** is a graduate of Oberlin College and Yale Law School. She served as a law clerk to Judge Betty B. Fletcher of the United States Court of Appeals for the Ninth Circuit, and was a Skadden Fellow with the Brennan Center for Justice.

**Peder J. Thoreen** is a graduate of Pomona College and Yale Law School, where he was a Senior Editor of the Yale Law and Policy Review. He served as a law clerk to Judge Harry Pregerson of the United States Court of Appeals for the Ninth Circuit and Judge Dean Pregerson of the United States District Court for the Central District of California.

**Jonathan Weissglass** is a graduate of Yale College and Yale Law School, where he was an Articles Editor of the Yale Law Journal and a student director of the Poverty Clinic. He served as a law clerk to Chief Judge Myron H. Thompson of the United States District Court for the Middle District of Alabama, and was a Karpatkin Fellow with the national legal department of the American Civil Liberties Union in New York. He received the Voting Rights Award from the ACLU of Southern California in 2002.

## CITATIONS TO PUBLISHED DECISIONS

The firm's attorneys have participated in the following Supreme Court cases, as counsel for either a party or an amicus: ***Long Island Care at Home, Ltd. v. Coke***, 551 U.S. ___, 127 S. Ct. 2339 (2007); ***Orff v. United States***, 545 U.S. 596 (2005); ***Dep't of Transportation v. Public Citizen***, 541 U.S. 752 (2004); ***BE&K Construction Co. v. NLRB***, 536 U.S. 516 (2002), *on remand*, 351 N.L.R.B. No. 29 (2007); ***Hoffman Plastic Compounds v. NLRB***, 535 U.S. 137 (2002); ***EEOC v. Waffle House***, 534 U.S. 279 (2001); ***Lorillard Tobacco Co. v. Reilly***, 533 U.S. 525 (2001); ***Lujan v. G & G Fire Sprinklers, Inc.***, 532 U.S. 189 (2001); ***Circuit City Stores, Inc. v. Adams***, 532 U.S. 105 (2001); ***Sutton v. United Air Lines, Inc.***, 527 U.S. 471 (1999); ***Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.***, 526 U.S. 344 (1999); ***Nat'l Fed'n of Federal Employees, Local 1309 v. Dep't of the Interior***, 526 U.S. 86 (1999); ***Wright v. Universal***

*Maritime Svc. Corp.*, 525 U.S. 70 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998); *Textron Lycoming Reciprocating Engine Division, Avco Corp. v. UAW*, 523 U.S. 653 (1998); *Allentown Mack Sales and Service, Inc. v. N.L.R.B.*, 522 U.S. 359 (1998); *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192 (1997); *Blessing v. Freestone*, 520 U.S. 329 (1997); *Calif. Dep't of Industrial Relations v. Dillingham Construction, Inc.*, 519 U.S. 316 (1997); *Walters v. Metropolitan Educ. Enterprises*, 519 U.S. 202 (1997); *Auciello Iron Works, Inc. v. NLRB*, 517 U.S. 781 (1996); *United Food & Com. Workers v. Brown Group*, 517 U.S. 544 (1996); *NLRB v. Town & Country Elec., Inc.*, 516 U.S. 85 (1995); *McKennon v. Nashville Banner*, 513 U.S. 352 (1995); *Hawaiian Airlines v. Norris*, 512 U.S. 246 (1994); *Livadas v. Bradshaw*, 512 U.S. 107 (1994); *NLRB v. Health Care & Retirement Corp.*, 511 U.S. 571 (1994); *ABF Freight System Inc. v. NLRB*, 510 U.S. 317 (1994); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Reno v. Catholic Social Services*, 509 U.S. 43 (1993); *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125 (1992); *Forsyth County v. Nationalist Movement*, 505 U.S. 123 (1992); *Gade v. Natl. Solid Waste Management Ass'n*, 505 U.S. 85 (1992); *I.N.S. v. National Center for Immigrants' Rights*, 502 U.S. 183 (1991); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991); *UAW v. Johnson Controls, Inc.*, 499 U.S. 187 (1991); *ALPA v. O'Neill*, 499 U.S. 65 (1991); *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991); *United States v. Kokinda*, 497 U.S. 720 (1990); *Keller v. State Bar of Calif.*, 496 U.S. 1 (1990); *NLRB v. Curtin Matheson*, 494 U.S. 775 (1989); *Guidry v. Sheetmetal Workers*, 493 U.S. 365 (1989); *Breininger v. Sheetmetal Workers Int'l Ass'n*, 493 U.S. 67 (1989); *Webster v. Reproductive Health Services*, 492 U.S. 490 (1989); *Bd. of Trustees of SUNY v. Fox*, 492 U.S. 469 (1989); *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *Frisby v. Schultz*, 487 U.S. 474 (1988); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988); *Edward J. Debartolo Corp. v. Florida Gulf Coast Bldg.*, 485 U.S. 568 (1988); *Board of Airport Commissioners v. Jews for Jesus, Inc.*, 482 U.S. 569 (1987); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *Fall River Dying & Finishing Corp. v. NLRB*, 482 U.S. 27 (1987); *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987); *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557 (1987); *Calif. Federal Savings & Loan Ass'n v. Guerra*, 479 U.S. 1312 (1987); *Baker v. General Motors Corp.*, 478 U.S. 21 (1986); *Int'l Union, UAW v. Brock*, 477 U.S. 274 (1986); *Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986); *NLRB v. Financial Institution Employees*, 475 U.S. 192 (1986); *Pacific Gas & Electric Co. v. Public Utilities Comm.*, 475 U.S. 1 (1986); *Pattern Makers' League v. NLRB*, 473 U.S. 95 (1985); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984); *Ellis v. Broth. of Ry. Airline & S.S. Clerks*, 466 U.S. 435 (1984); *Arizona Governing Committee v. Norris*, 463 U.S. 1073 (1983); *Shaw v. Delta Airlines*, 463 U.S. 85 (1983); *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669 (1983); *Bush v. Lucas*, 462 U.S. 367 (1983); *Connick v. Myers*, 461 U.S. 138 (1983); *Knight v. Minnesota Community College Faculty*, 460 U.S. 1048 (1983); *Bowen v. United States Postal Service*, 459 U.S. 212 (1983); *Bd. of Educ. v. Pico*, 457 U.S. 853 (1982); *Heffron v. ISKCON*, 452 U.S. 640 (1981); *Donovan v. Dewey*, 452 U.S. 594 (1981); *NLRB v. Retail Stores Employees Union*, 447 U.S. 607 (1980); *Pruneyard Shopping Center v. Robins*, 447 U.S. 74 (1980); *Whirlpool Corp. v. Marshall*, 445 U.S. 1 (1980); *Babbitt v. United Farmworkers Union*, 442 U.S. 289 (1979); *Cannon v. Univ. of Chicago*, 441 U.S. 677 (1979); *N.Y. Telephone Co. v. N.Y. Labor Dep't*, 440 U.S. 519 (1979); *Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979); and *City of Los Angeles v. Manhart*, 435 U.S. 702 (1978).

The firm's attorneys have also participated in the following cases in the federal Courts of Appeals: *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, ___ F.3d ___,

2008 WL 90078 (9th Cir. Jan. 9, 2008), *rev'g* 2007 WL 4591729 (N.D. Cal. Dec. 28, 2007); *In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litigation*, 481 F.3d 1119 (9th Cir. 2007); *Chamber of Commerce v. Lockyer*, 463 F.3d 1076 (9th Cir. 2006) (*en banc*), *cert. granted*, ___ U.S. ___, 128 S. Ct. 645 (2007); *United States v. Afshari*, 446 F.3d 915 (9th Cir. 2006), *cert. denied sub nom Rahmani v. United States*, 551 U.S. ___, 127 S. Ct. 930 (2007); *Eklund v. Byron Union School District*, 154 Fed. Appx. 648, 2005 WL 3086580 (9th Cir. 2005); *Recon Refractory & Constr. Inc. v. NLRB*, 424 F.3d 980 (9th Cir. 2005); *Horton v. Mayle*, 408 F.3d 570 (9th Cir. 2005); *Cummings v. Connell*, 402 F.3d 936 (9th Cir. 2005); *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847 (9th Cir. 2004); *Assoc. Builders & Contractors v. Nunn*, 356 F.3d 979 (9th Cir. 2004), *cert. denied*, 543 U.S. 814 (2004); *Wagner v. Professional Engineers in California Gov't*, 354 F.3d 1036 (9th Cir. 2004); *Harik v. California Teachers Ass'n*, 326 F.3d 1042 (9th Cir.), *cert. denied sub nom Sheffield v. Aceves*, 540 U.S. 965 (2003); *Deutsch v. Turner Corp.*, 324 F.3d 692 (9th Cir. 2003); *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602 (9th Cir.), *cert. denied*, 540 U.S. 873 (2003); *Public Citizen v. Dep't of Transportation*, 316 F.3d 1002 (9th Cir. 2003), *rev'd*, 541 U.S. 752 (2004); *Cummings v. Connell*, 316 F.3d 886 (9th Cir.), *cert. denied*, 539 U.S. 927 (2003); *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), *aff'g Conant v. McCaffrey*, 2000 WL 1281174 (N.D. Cal. 2000), 172 F.R.D. 681 (N.D. Cal. 1997), *cert. denied sub nom Walters v. Conant*, 540 U.S. 946 (2003); *Immigrant Assistance Project v. INS*, 306 F.3d 842 (9th Cir. 2002); *Steam Press Holdings, Inc. v. Hawaii Teamsters and Allied Workers Union, Local 996*, 302 F.3d 998 (9th Cir. 2002); *Wininger v. Boyden*, 301 F.3d 1115 (9th Cir. 2002); *Prescott v. County of El Dorado*, 298 F.3d 844 (9th Cir. 2002), *cert. denied*, 537 U.S. 1188 (2003); *Casumpang v. Int'l Longshoremen's Local 142*, 269 F.3d 1042 (9th Cir. 2001), *later proceeding Casumpang v. Int'l Longshore & Warehouse Union, Local 142*, 361 F.Supp.2d 1195 (D. Hawaii 2005); *Foster v. Mahdesian*, 268 F.3d 689 (9th Cir. 2001), *cert. denied*, 535 U.S. 1112 (2002); *BE&K Construction Co. v. NLRB*, 246 F.3d 619 (6th Cir. 2001), *rev'd*, 536 U.S. 516 (2002); *Petrochem Insulation v. NLRB*, 240 F.3d 26 (D.C. Cir.), *cert. denied*, 534 U.S. 992 (2001); *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001); *Hoffman Plastic Compounds, Inc. v. NLRB*, 208 F.3d 229 (D.C. Cir. 2000), *aff'd*, 237 F.3d 639 (D.C. Cir. 2001) (*en banc*), *rev'd*, 535 U.S. 137 (2002); *Catholic Social Services v. INS*, 232 F.3d 1139 (9th Cir. 2000) (*en banc*); *St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F.3d 232 (3rd Cir. 2000); *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000); *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493 (9th Cir. 2000); *Burlington Northern Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters Local 174*, 203 F.3d 703 (9th Cir. 2000) (*en banc*); *Aramark Corp. v. NLRB*, 179 F.3d 872 (10th Cir. 1999) (*en banc*); *U.S. Airways, Inc. v. Nat'l Mediation Bd.*, 177 F.2d 985 (D.C. Cir. 1999); *Retlaw Broadcasting Co. v. NLRB*, 172 F.3d 660 (9th Cir. 1999); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 170 F.3d 1 (1st Cir. 1999); *CPS Chem. Co. v. NLRB*, 160 F.3d 150 (3d Cir. 1998); *G&G Sprinklers, Inc. v. Bradshaw*, 156 F.3d 893 (9th Cir. 1998), *vacated and remanded*, 526 U.S. 1061 (1999), *on remand*, 204 F.3d 941 (9th Cir. 2000), *rev'd*, 532 U.S. 189 (2001); *Californians v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998); *Tahara v. Matson Terminals, Inc.*, 152 F.3d 929, 1998 WL 405855, 1998 U.S.App. LEXIS 15412 (9th Cir. 1998) (mem. disp.); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998); *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir. 1998); *Bennett v. Yoshina*, 140 F.3d 1218 (9th Cir. 1998); *McNealy v. Caterpillar, Inc.*, 139 F.3d 1113 (7th Cir. 1998); *San Antonio Comm. Hosp. v. S. Cal. Dist. Council of Carpenters*, 137 F.3d 1090 (9th Cir. 1997); *McClatchy Newspapers, Inc. v. NLRB*, 131 F.3d 1026 (D.C. Cir. 1998); *Montero v. INS*, 124 F.3d 381 (2d Cir. 1997); *ConAgra v. NLRB*, 117 F.3d 1435 (D.C. Cir. 1997); *Pryner v. Tractor Supply Co., Inc.*, 109 F.3d 354 (7th Cir. 1997); *Assoc. Builders &*

*Contrs., Inc. v. Local 302, IBEW*, 109 F.3d 1353 (9th Cir. 1997); *Beverly Enterprises-Pennsylvania, Inc. v. District 1199C*, 90 F.3d 93 (3rd Cir. 1996); *Fry v. ALPA*, 88 F.3d 831 (10th Cir. 1996); *WSB Electric, Inc. v. Curry*, 88 F.3d 788 (9th Cir. 1996); *United Ass'n of Journeymen & Apprentices v. Reno*, 73 F.3d 1134 (D.C. Cir. 1996); *Chamber of Commerce v. Bragdon*, 64 F.3d 497 (9th Cir. 1995); *Washington Service Contractors v. District of Columbia*, 54 F.3d 811 (D.C. Cir. 1995); *Legalization Assistance Project v. INS*, 50 F.3d 789 (9th Cir.1995); *Maui Trucking v. Gen. Contractors Labor Ass'n*, 37 F.3d 436 (9th Cir. 1994); *Electromation, Inc. v. NLRB*, 35 F.3d 1148 (7th Cir. 1993); *Cannon v. Edgar*, 33 F.3d 880 (7th Cir. 1994); *USS-POSCO Industries v. Contra Costa Bldg. & Constr. Trades Council*, 31 F.3d 800 (9th Cir. 1994); *Wedges/Ledges, Inc. v. City of Phoenix*, 24 F.3d 56 (9th Cir. 1994); *Combined Management Inc. v. Superintendent of Insurance*, 22 F.3d 1 (1st Cir. 1994); *Employee Staffing Services, Inc. v. Aubry*, 20 F.3d 1038 (9th Cir. 1994); *Perales v. Thornburgh*, 4 F.3d 99 (2d Cir. 1992); *American Dental Ass'n v. Martin*, 984 F.2d 823 (7th Cir. 1993); *United Ass'n of Journeymen v. Barr*, 981 F.2d 1269 (D.C. Cir. 1992), *vacating* 768 F.Supp. 375 (D.D.C. 1991); *Les v. Reilly*, 968 F.2d 985 (9th Cir. 1992); *Shelby Cty. Health Care Corp. v. AFSCME Local 1733*, 967 F.2d 1091 (6th Cir. 1992); *Elec. Jt. Apprenticeship Comm. v. MacDonald*, 949 F.2d 270 (9th Cir. 1991); *Kidwell v. Transportation Communication Int'l Union*, 946 F.2d 283 (4th Cir. 1991); *Int'l Broth. of Electrical Workers v. Eichleay Corp.*, 944 F.2d 1047 (3rd Cir. 1991); *Colorado-Ute Elec. Ass'n v. NLRB*, 939 F.2d 1392 (10th Cir. 1991); *California Rural Legal Assistance v. Legal Service Corp.*, 937 F.2d 465, 917 F.2d 1171 (9th Cir. 1991); *Toledo Typographical Union No. 63 v. NLRB*, 907 F.2d 1220 (D.C. Cir. 1990); *Indianapolis Power & Light Co. v. NLRB*, 898 F.2d 524 (7th Cir. 1990); *U.S. Postal Service v. APWU*, 893 F.2d 1117 (9th Cir. 1990); *Hydrostorage v. Northern California Boilermakers*, 891 F.2d 719 (9th Cir. 1989); *News/Sun Sentinel Co. v. NLRB*, 890 F.2d 430 (D.C. Cir. 1989); *National Posters, Inc. v. NLRB*, 885 F.2d 175 (4th Cir. 1989); *NLRB v. Parents and Friends of the Specialized Learning Center*, 879 F.2d 1442 (7th Cir. 1989); *In re Thornburgh*, 869 F.2d 1503 (D.C. Cir. 1989); *Stache v. Int'l Union of Bricklayers*, 852 F.2d 1231 (9th Cir. 1988); *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988); *NLRB v. Ashkenazy Property Management Corp.*, 817 F.2d 75 (9th Cir. 1987); *UAW v. Brock*, 816 F.2d 761 (D.C. Cir. 1987); *Local 512, Warehouse and Office Workers' Union v. NLRB (Felbro)*, 795 F.2d 705 (9th Cir. 1986); *IBEW, Local 387 v. NLRB (Arizona Public Service Co.)*, 788 F.2d 1412 (9th Cir. 1986); *AFSCME v. State of Washington*, 770 F.2d 1401 (9th Cir. 1985); *Calif. Hospital Ass'n v. Henning*, 770 F.2d 856 (9th Cir. 1985); *White v. City of Richmond*, 713 F.2d 458 (9th Cir. 1983); *Hawaiian Telephone Co. v. Hawaii Dep't of Labor & Industrial Relations*, 691 F.2d 905 (9th Cir. 1982), 614 F.2d 1197 (9th Cir. 1980); *Spain v. Mountanos*, 690 F.2d 742 (9th Cir. 1982); *Gary W. v. State of La.*, 622 F.2d 804 (5th Cir. 1980); and *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980).

In the federal District Courts, the firm's cases have included the following: *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 42 Employee Benefits Cases 2185, 2007 WL 4570521 (N.D. Cal. Dec. 26, 2007), *stayed pending appeal*, ___ F.3d ___, 2008 WL 90078 (9th Cir. Jan. 9, 2008); *Arizona Contractors Ass'n v. Napolitano*, ___ F.Supp.2d ___, 2007 WL 4293641 (D. Ariz. Dec. 7, 2007); *Fusi v. Emery World Airlines, Inc.*, 183 L.R.R.M. 2225, 2007 WL 4207863 (S.D. Ohio 2007); *AFL-CIO v. Chertoff*, ___ F.Supp.2d ___, 155 Labor Cases ¶ 10,925, 2007 WL 2972952 (N.D. Cal. 2007); *In re American Family Mut. Ins. Co. Overtime Pay Litigation*, 155 Labor Cases ¶ 35,353, 2007 WL 2936319 (D. Colo. 2007); *Int'l Longshore & Warehouse Union, Local 142 v. C. Brewer & Co.*, 496 F.Supp.2d 1179 (D. Hawaii 2007); *SkyWest Pilots ALPA Org. Comm. v. SkyWest Airlines, Inc.*, 2007 WL 1848678, 182 L.R.R.M. 2485 (N.D. Cal. 2007); *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 2007 WL

1089694 (N.D. Cal. 2007); *Chao v. Allied Pilots Ass'n*, 2007 WL 518586, 181 L.R.R.M. 2578 (N.D. Tex. 2007); *Adcock v. United Auto Workers*, 2006 WL 3257044, 180 L.R.R.M. 3291 (W.D.N.C. 2006); *Knox v. Westly*, 2006 WL 2374763, 180 L.R.R.M. 3170 (E.D. Cal. 2006), *earlier proceeding*, 2005 WL 3031622 (E..D. Cal. 2005), *subsequent proceeding*s, 2007 WL 516263, 181 L.R.R.M. 2501 (E.D. Cal. 2007), 2006 WL 3147683 (E.C. Cal. 2006); *Vega v. Contract Cleaning Maintenance*, 2006 WL 1554383, 11 Wage & Hour Cas.2d 1121 (N.D. Ill. 2006); *Patterson v. Heartland Industrial Partners, LLP*, 428 F.Supp.2d 714 (N.D. Ohio 2006), *earlier proceeding*, 225 F.R.D. 204 (N.D. Ohio 2004); *Darensburg v. Metropolitan Transportation Comm'n*, 2006 WL 167657 (N.D.Cal. 2006); *NRDC v. Rodgers*, 381 F.Supp.2d 1212 (E.D.Cal. 2005), *motion for reconsideration denied*, 2005 WL 2466067 (E.D. Cal. 2005), *earlier proceeding*, 2005 WL 1388671 (E.D. Cal. 2005); *Rachford v. Air Line Pilots Ass'n, Int'l*, 375 F.Supp.2d 908 (N.D. Cal. 2005), *later proceeding*, 2006 WL 927742 (N.D. Cal. 2006); *Casumpang v. Int'l Longshore & Warehouse Union, Local 142*, 361 F.Supp.2d 1195 (D. Hawaii 2005), *subsequent proceeding*, 411 F.Supp.2d 1201 (D. Hawaii 2005); *Patel v. Sugen, Inc.*, 354 F.Supp.2d 1098 (N.D. Cal. 2005); *In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litigation*, 300 F.Supp.2d 1020 (D. Ore. 2003), *amended*, 336 F.Supp.2d 1077 (D.Ore. 2004), *aff'd in part and rev'd in part, and remanded*, 466 F.3d 853 (9th Cir. 2006); *Cummings v. Connell*, 281 F.Supp.2d 1187 (E.D. Cal. 2003), *rev'd*, 402 F.3d 936 (9th Cir. 2005), *later proceeding*, 2006 WL 1716160, 180 L.R.R.M. 2159 (E.D. Cal. 2006); *SEIU Local 87 et al. v. SEIU Local 1877*, 230 F.Supp.2d 1099 (N.D. Cal. 2002); *Does I v. Gap, Inc.*, 2002 WL 1000068, 1000073 (D.N.M.I. 2002); *Chamber of Commerce v. Lockyer*, 225 F.Supp.2d 1199 (C.D.Cal. 2002), *rev'd*, 463 F.3d 1076 (9th Cir. 2006) (en banc); *Common Cause v. Jones*, 213 F.Supp.2d 1110, 213 F.Supp.2d 1116 (C.D. Cal. 2002); *Catholic Social Services v. Ashcroft*, 206 F.R.D. 654 (E.D. Cal. 2002); *In re World War II Era Japanese Forced Labor Litigation*, 164 F.Supp.2d 1153 (N.D. Cal. 2001), 114 F.Supp. 939 (N.D. Cal. 2000); *Does I v. Advance Textile Corp.*, 2001 WL 1842389 (D.N.M.I. 2001); *NRDC v. Whitman*, 53 E.R.C. 1673, 2001 WL 1221774 (N.D. Cal.), *later proceeding*, 2001 WL 1456783 (N.D. Cal. 2001), *appeal dism. sub nom NRDC v. EPA*, 35 Fed.Appx. 590, 2002 WL 1042092 (9th Cir. 2002); *CF&I Steel, L.P. v. Bay Area Rapid Transit District*, 2000 WL 1375277 (N.D. Cal. 2000); *Chadwick v. IBEW*, 2000 WL 1006373 (N.D. Cal. 2000); *Friedman v. Cal. State Employees Ass'n*, 2000 U.S. Dist. LEXIS 7049, 163 L.R.R.M. 2924 (E.D. Cal. 2000); *Foster v. Garcy*, 1999 U.S. Dist. LEXIS 21876, 140 Lab. Cas. (CCH) ¶ 58,914 (N.D. Cal. 1999); *Tosco v. Communities for a Better Environment*, 41 F.Supp.2d 1061 (C.D. Cal. 1999); *Eller Media Co. v. City of Oakland*, 1998 U.S.Dist. LEXIS 18616, 13319 (N.D. Cal. 1998); *Bishop v. Air Line Pilots Ass'n*, 159 L.R.R.M. 2005, 1998 U.S.Dist. LEXIS 11948 (N.D. Cal. 1998), *aff'd mem.*, 2000 US App. LEXIS 3270 (9th Cir. March 1, 2000); *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 1998 U.S.Dist. LEXIS 9226, 77 FEP Cas. (BNA) 532 (S.D.N.Y. 1998); *Catholic Social Services v. Reno*, 1998 U.S.Dist. LEXIS 10429, 10430, 10431 (E.D. Cal. 1998); *Sims v. Alameda-Contra Costa Transit Dist.*, 2 F.Supp.2d 1253 (N.D. Cal. 1998); *Cremin v. Merrill Lynch*, 957 F.Supp. 1460 (N.D. Ill. 1997); *McLendon v. Continental Group, Inc.*, 872 F.Supp. 142 (D.N.J. 1994); *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707 (N.D. Cal. 1994); *Alameda Newspapers, Inc. v. City of Oakland*, 860 F.Supp. 1428 (N.D. Cal. 1994); *Sneede v. Coye*, 856 F.Supp. 526 (N.D. Cal. 1994); *In re Gulf USA Corp.*, 171 Bankr. 379 (D. Id. 1994); *Auvil v. CBS, 60 Minutes*, 800 F.Supp. 928 (E.D. Wash. 1992); *Cardona v. Oakland Unified School District*, 785 F.Supp. 837 (N.D. Cal. 1992); *Assoc. Builders & Contrs. v. BACA*, 769 F.Supp. 1537 (N.D. Cal. 1991); *EEOC v. Tortilleria "La Mejor,"* 758 F.Supp. 585 (E.D. Cal. 1991); *Akau v. Tel-A-Com Hawaii, Inc.*, 1990 Dist. LEXIS 4647 (D. Hawaii 1990); *Puzz v. U.S. Dep't of the Interior*, 1989 Dist. LEXIS 16649 (N.D. Cal 1989); *Local 3 v. Masonry & Tile Contractors Ass'n*, 136 L.R.R.M.

2319 (D. Nev. 1990); *Calif. ex rel. Van de Kamp v. Reilly*, 750 F.Supp. 433 (E.D. Cal. 1990); *Local 1564 v. City of Clovis*, 735 F.Supp. 999 (D.N.M. 1990); *Immigrant Assistance Project v. INS*, 709 F.Supp. 998 (W.D. Wash. 1989) *aff'd*, 976 F.2d 1198 (9th Cir. 1993), *vacated and remanded*, 510 U.S. 594 (1993); *Ayuda, Inc. v. Barr*, 687 F.Supp. 650 (D.D.C. 1988), *rev'd in part*, 880 F.2d 1325 (D.C. Cir. 1989), *vacated and remanded*, 498 U.S. 1117 (1991), *on remand*, 948 F.2d 742 (D.D.C. 1991), 700 F.Supp 49 (D.D.C. 1988), 744 F.Supp 21 (D.D.C. 1990), *stayed*, 919 F.2d 153 (D.C. Cir. 1990), *rev'd*, 948 F.2d 742 (D.C. Cir. 1991), *vacated and remanded*, 509 U.S. 916 (1993), *on remand*, 7 F.3d 246 (D.C. Cir. 1993), *pet. for rehearing denied*, 14 F.3d 61 (D.C. Cir.), *cert. denied*, 513 U.S. 815 (1994); *Bower v. Bunker Hill Company*, 675 F.Supp. 1263, 675 F.Supp. 1254, 114 F.R.D. 587 (E.D. Wash. 1986), 689 F.Supp. 1032 (E.D. Wash. 1985); *Int'l Union of Bricklayers and Allied Craftsmen v. Meese*, 616 F.Supp. 1387 (N.D. Cal. 1985); *Adolph Coors Co. v. Sickler*, 608 F.Supp. 1417 (C.D. Cal. 1985); *Int'l Union, UAW v. Donovan*, 570 F.Supp. 210 (D.D.C. 1983), *rev'd*, 746 F.2d 855 (D.C. Cir. 1984), *cert. denied*, 474 U.S. 825 (1985); *Int'l Union, UAW v. Donovan*, 568 F.Supp. 1047 (D.D.C. 1983), *rev'd*, 746 F.2d 839 (D.C. Cir. 1984), *rev'd sub nom Int'l Union, UAW v. Brock*, 477 U.S. 274 (1986), *on remand*, 816 F.2d 761 (D.C. Cir. 1987); *Int'l Union, UAW v. Donovan*, 554 F.Supp. 1172 (D.D.C. 1983); *La Raza Unida v. Volpe*, 545 F.Supp. 36 (N.D. Cal. 1982); and *AFL-CIO v. Marshall*, 494 F.Supp. 971 (D.D.C. 1980).

The firm has also participated in the following state Supreme Court cases, among others: *Gentry v. Superior Court*, 42 Cal.4th 443 (2007); *Fleischman v. Protect Our City*, 214 Ariz. 406, 153 P.3d 1035 (2007); *Tahara v. Matson Terminals, Inc.*, 111 Hawaii 16, 136 P.3d 904 (2006); *Reynolds v. Bement*, 36 Cal.4th 1075 (2005); *City of Long Beach v. Dep't of Industrial Relations*, 34 Cal.4th 942 (2004), *vacating* 110 Cal.App.4th 636, 1 Cal.Rptr.3d 837 (2003); *AFL-CIO v. Hood*, 885 So.2d 373 (Fla. 2004); *Intel Corp. v. Hamidi*, 30 Cal.4th 1342 (2003); *Viner v. Sweet*, 30 Cal.4th 1232 (2003); *Hamilton v. Maryland Casualty Co.*, 27 Cal.4th 718 (2002); *Golden Gateway Center v. Golden Gateway Tenants Assoc.*, 26 Cal.4th 1013 (2001); *Gerawan Farming, Inc. v. Lyons*, 24 Cal.4th 468 (2000); *Armendariz v. Foundation Health Psychcare Svcs.*, 24 Cal.4th 83 (2000); *Morillion v. Royal Packing Co.*, 22 Cal.4th 575 (2000); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 243 (1999); *Hawaii State AFL-CIO v. Yoshina*, 935 P.2d 89 (Haw. 1997); *Masonry & Tile Contractors Ass'n v. Jolley, Urga & Wirth*, 941 P.2d 486 (Nev. 1997); *People ex rel. Lundgren v. Superior Court (American Standard)*, 14 Cal.4th 294 (1996); *AFL-CIO v. Unemployment Insurance Appeals Board*, 13 Cal.4th 1017 (1996), *rev'g* 38 Cal.App.4th 1205 (1995); *People v. Horton*, 11 Cal.4th 1068 (1996); *Southern Calif. Chapter of Assoc. Builders & Contractors Inc. v. Calif. Apprenticeship Council*, 4 Cal.4th 422 (1992); *In re Horton*, 54 Cal.3d 82 (1991); *Cumero v. Public Employment Relations Board*, 49 Cal.3d 575 (1989); *Keller v. State Bar*, 47 Cal.3d 1152 (1989); *DeTomaso v. Pan American World Airways*, 43 Cal.3d 517 (1987); *County of Los Angeles v. State of Calif.*, 43 Cal.3d 46 (1987); *Long Beach City Employees Ass'n v. City of Long Beach*, 41 Cal.3d 937 (1986); *Regents of the University of Calif. v. Public Employment Relations Board*, 41 Cal.3d 601 (1986); *San Jose Teachers Ass'n v. Superior Court*, 38 Cal.3d 839 (1985); *AFL-CIO v. Eu*, 36 Cal.3d 687 (1984); *Legislature of the State of Calif. v. Deukmejian*, 34 Cal.3d 658 (1983); *San Mateo City School Dist. v. Public Employment Relations Bd.*, 33 Cal.3d 850 (1983); *Welfare Rights Org. v. Crisan*, 33 Cal.3d 766 (1983); *Serrano v. Unruh*, 32 Cal.3d 621 (1982); *Mandel v. Myers*, 29 Cal.3d 531 (1981); *Pacific Legal Foundation v. Unemployment Insurance Appeals Bd.*, 29 Cal.3d 101 (1981); *Sears Roebuck & Co. v. San Diego County District Council of Carpenters*, 25 Cal.3d 317 (1979); *Robins v. Pruneyard Shopping Center*, 23 Cal.3d 899 (1979).

The firm has also participated in the following cases in the state Courts of Appeal: *Kashmiri v. Regents of the University of Calif.*, 156 Cal.App.4th 809 (2007), *review denied*, __ Cal.4th __ (2008); *Sheet Metal Workers Int'l Ass'n, Local Union No. 104 v. Rea*, 153 Cal.App.4th 1071 (2007); *Aguiar v. Cintas Corp. No. 2*, 144 Cal.App.4th 121 (2006); *Southern California Edison Co. v. Public Utilities Comm'n*, 140 Cal.App.4th 1085 (2006); *The Hess Collection Winery v. California Agricultural Relations Bd.*, 140 Cal.App.4th 1584 (2006); *Du Charme v. Int'l Bhd. of Electrical Workers, Local 45*, 110 Cal.App.4th 107 (2003); *SEIU v. Superior Court*, 89 Cal.App.4th 1390 (2001); *Bell v. Farmers Ins. Exchange*, 87 Cal.App.4th 805 (2001), *cert. denied*, 534 U.S. 1041 (2001); *later proceeding*, 115 Cal.App.4th 715 (2004), *later proceeding*, 135 Cal.App.4th 1138 (2006), *later proceeding*, 137 Cal.App.4th 835 (2006); *United Farm Workers v. Dutra Farms*, 83 Cal.App.4th 1146 (2000); *Western Crop Protection Assoc. v. Davis*, 80 Cal.App.4th 741, *modified*, 81 Cal.App.4th 190c (2000); *Pulaski v. California Occupational Safety and Health Standards Board*, 75 Cal.App.4th 1315 (1999); *IBEW Local 595 v. Superior Court*, 54 Cal.App.4th 1291 (1997); *IBEW v. Aubry*, 41 Cal.App.4th 1632 (1996); *Calif. Court Reporters Ass'n v. Judicial Council of Calif.*, 39 Cal.App.4th 15 (1995), 59 Cal.App.4th 959 (1997); *L.A. County Court Reporters Ass'n v. Superior Court*, 31 Cal.App.4th 403 (1995); *Smith v. Superior Court (Degnan)*, 31 Cal.App.4th 205 (1994); *AFL-CIO v. Unemployment Insurance Appeals Board*, 23 Cal.App.4th 51 (1994); *Calif. Labor Federation v. Calif. Safety and Health Standards Board*, 5 Cal.App.4th 985 (1991), 221 Cal.App.3d 1547 (1990); *Jerabek v. Public Employment Relations Bd.*, 2 Cal.App.4th 1298 (1991); *Zambrano v. Oakland Unified School Dist.*, 229 Cal.App.3d 802 (1991); *Rust v. Vallejo*, 215 Cal.App.3d 771 (1989); *AFL-CIO v. Deukmejian*, 212 Cal.App.3d 425 (1989); *Wallace v. Consumers Cooperative, Inc.*, 170 Cal.App.3d 836 (1985); *Filipino Accountants Ass'n, Inc. v. State Board of Accountancy*, 155 Cal.App.3d 1023 (1984); *Brown v. Superior Court*, 137 Cal.App.3d 778 (1982); *Serrano v. Priest*, 131 Cal.App.3d 188 (1982); and *AFL-CIO v. Employment Development Dep't*, 88 Cal.App.3d 811 (1979).

# EXHIBIT B

| Date | Timekeeper | Time | Description: |
|---|---|---|---|
| 02/15/08 | LL | 0.2 | Telephone conference with union representatives re: company lawsuit |
| 02/19/08 | LL | 0.3 | Telephone conference with union representatives re: lawsuit |
| 02/19/08 | LL | 1.3 | Draft memo to union representatives re: lawsuit |
| 02/19/08 | LL | 0.2 | Strategy conference re: petition to vacate |
| 02/20/08 | JW | 0.3 | Review petition to vacate arbitration award |
| 02/21/08 | JW | 0.2 | Strategy conference re: response to petition |
| 02/21/08 | LL | 0.2 | Strategy conference re: response to petition |
| 02/27/08 | LL | 0.5 | Strategy conference re: petition to vacate arbitration award |
| 02/27/08 | PJT | 0.5 | Strategy conference re: petition to vacate arbitration award |
| 02/27/08 | PJT | 1.6 | Legal research re: petition to vacate arbitration award |
| 02/28/08 | LL | 1.9 | Review Company lawsuit; Research re: FAA issues |
| 02/28/08 | PJT | 1.2 | Legal research re: petition to vacate arbitration award |
| 02/29/08 | JW | 0.1 | Strategy conference re: response to petition |
| 02/29/08 | LL | 3.4 | Research re: standard for enforcing arbitration award, compelling arbitration, availability of attorney's fees, interaction of FAA and Section 301, procedural issues and local rules |
| 02/29/08 | LL | 2.0 | Draft Section 301 complaint |
| 02/29/08 | PJT | 4.1 | Legal research re: petition to vacate award; draft e-mail re: same |
| 03/03/08 | JW | 0.2 | Edit Union's complaint to confirm arbitration awards; |
| 03/03/08 | JW | 0.1 | Strategy conference re: Union's complaint |
| 03/03/08 | LL | 1.2 | Finalize Union's complaint; draft motion to relate cases; strategy conference re: same |
| 03/03/08 | LL | 5.4 | Research re: opposition to petition to vacate under FAA |
| 03/03/08 | LL | 0.2 | Telephone conference with opposing counsel re: Union's complaint, related case notice, service of process |
| 03/03/08 | PJT | 0.6 | Legal research for opposition to petition re: finality of award |

| Date | Timekeeper | Time | Description: |
|------|-----------|------|-------------|
| 03/04/08 | JW | 0.1 | Edit motion to relate cases |
| 03/04/08 | LL | 0.4 | Telephone conference with union representatives re: lawsuit; draft memo to union representatives re: same |
| 03/04/08 | LL | 2.8 | Research re: opposition to petition to vacate; draft stipulated extension of time for Union to repond to Company's petition; telephone conferences, exchange e-mail with opposing counsel re: service, timing of responsive pleadings |
| 03/05/08 | LL | 4.8 | Research re: opposition to petition to vacate; review factual record; draft opposition to petition |
| 03/07/08 | JW | 0.1 | Strategy conference re: Union's motion to confirm |
| 03/07/08 | LL | 0.1 | Strategy conference re: Union's motion to confirm |
| 03/07/08 | LL | 3.9 | Draft opposition to petition to vacate |
| 03/10/08 | LL | 0.9 | Draft opposition to petition to vacate |
| 03/11/08 | LL | 10.5 | Research and draft opposition to petition to vacate |
| 03/12/08 | LL | 5.2 | Draft opposition to petition to vacate |
| 03/12/08 | LL | 0.5 | Research re: action to compel arbitration |
| 03/13/08 | LL | 0.3 | Strategy conference re: brief in opposition to petition to vacate |
| 03/13/08 | LL | 0.7 | Revise brief in opposition to petition to vacate |
| 03/13/08 | JW | 1.3 | Edit opposition to petition to vacate |
| 03/13/08 | JW | 0.2 | Strategy conference re: opposition to petition to vacate |
| 03/17/08 | JW | 0.9 | Edit opposition to petition to vacate |
| 03/17/08 | LL | 3.4 | Edit, revise opposition to petition to vacate |
| 03/17/08 | LL | 0.9 | Draft brief in support of Union's 301 summary judgment motion |
| 03/18/08 | JW | 0.1 | Strategy conference re: Union's summary judgment motion |
| 03/18/08 | LL | 2.0 | Finalize opposition to petition to vacate and supporting documents |
| 03/18/08 | LL | 2.5 | Draft summary judgment brief re: Union's 301 suit to compel and confirm |
| 03/18/08 | P/L | 2.0 | Assemble exhibits for declaration in opposition to petition to vacate |

| Date | Timekeeper | Time | Description: |
|------|-----------|------|-------------|
| 03/19/08 | LL | 2.3 | Research re: standard for motion to compel, confirm arbitration |
| 03/19/08 | LL | 0.6 | Finalize brief and declaration opposing petition to vacate |
| 03/20/08 | LL | 0.1 | Exchange e-mail with opposing counsel re: stipulation to extend time to respond to 301 complaint |
| 03/21/08 | LL | 0.7 | Research re: 301 summary judgment motion |
| 03/25/08 | LL | 1.4 | Research re: motion to compel |
| 04/02/08 | LL | 0.3 | Review NUMMI's answer to union's 301 complaint |
| 04/03/08 | JW | 0.3 | Strategy conferences re: procedure on petition to compel and confirm |
| 04/03/08 | LL | 0.3 | Strategy conferences re: procedure on petition to compel and confirm |
| 04/03/08 | LL | 0.7 | Strategy conference re: procedural issues under FAA and 301 |
| 04/03/08 | LL | 5.6 | Research re: procedural issues, availability of appeal, availability of stay of order compelling arbitration; draft summary judgment brief |
| 04/03/08 | LL | 0.3 | Draft first amended complaint; draft letter to opposing counsel re: proposed amended complaint |
| 04/07/08 | LL | 8.1 | Research re: and draft summary judgment brief seeking to confirm arbitration award and compel arbitration |
| 04/08/08 | LL | 0.3 | Draft stipulation re: amended complaint |
| 04/08/08 | LL | 4.8 | Draft summary judgment brief re: motion to compel arbitration and confirm arbitration awards; draft declarations in support of motion |
| 04/09/08 | JW | 0.2 | Strategy conferences re: summary judgment motion |
| 04/09/08 | JW | 1.0 | Edit summary judgment motion |
| 04/09/08 | LL | 0.8 | Prepare declarations and exhibits in support of summary judgment motion |
| 04/09/08 | LL | 0.2 | Strategy conferences re: summary judgment motion |
| 04/10/08 | LL | 0.8 | Draft summary judgment motion |
| 04/14/08 | LL | 0.1 | Strategy conference re: proposed summary judgment order |
| 04/14/08 | LL | 1.3 | Finalize motion and supporting papers re: summary judgment |
| 04/14/08 | JW | 0.1 | Strategy conference re: proposed summary judgment order |
| 04/16/08 | LL | 0.1 | Draft e-mail to opposing counsel re: consolidation of hearings |

| Date | Timekeeper | Time | Description: |
|------|-----------|------|-------------|
| 04/21/08 | JW | 0.1 | Review letter from NUMMI counsel on discovery |
| 04/21/08 | JW | 0.1 | Strategy conference re: response to discovery letter |
| 04/21/08 | JW | 0.1 | Edit letter in response to discovery letter |
| 04/21/08 | LL | 0.5 | Review letter from opposing counsel re: timing of motions; strategy conference re: same; draft response to opposing counsel |
| 04/22/08 | LL | 1.5 | Draft motion to consolidate hearings |
| 04/28/08 | LL | 0.7 | Review NUMMI summary judgment opposition and opposition to motion to consolidate hearings |
| 04/29/08 | JW | 0.2 | Review Company's filings seeking delay |
| 04/29/08 | JW | 0.1 | Review scheduling order |
| 04/29/08 | JW | 0.1 | Strategy conference re: consolidation and scheduling of hearings |
| 04/29/08 | LL | 0.5 | Review defendants' opposition to summary judgment motion and rule 56(f) motion |
| 04/30/08 | LL | 0.3 | Review timing issues; draft e-mail to opposing counsel re: same |
| 04/30/08 | LL | 0.3 | Draft letters to client re: ADR certification |
| 05/02/08 | LL | 0.5 | Draft stipulation re: hearing date; Exchange email with opposing counsel re: stipulation and meet and confer date |
| 05/02/08 | LL | 0.2 | Telephone conference with opposing counsel, court clerk re: scheduling |
| 05/02/08 | LL | 1.3 | Prepare union's position re: case management issues; Strategy conference re: same; Draft memo to client re: case status |
| 05/02/08 | JW | 0.2 | Strategy conference re: Case Management Conference statement |
| 05/08/08 | LL | 0.1 | Review case scheduling order from court and new dates in case |
| 05/08/08 | LL | 0.1 | Finalize memo to client re: case status and update |
| 05/09/08 | LL | 1.5 | Draft case management statement |
| 05/14/08 | LL | 0.3 | Telephone conference with opposing counsel re: meet and confer on case management issues |
| 05/16/08 | LL | 0.1 | Telephone conference with client re: ADR stipulation |
| 05/20/08 | LL | 0.8 | Telephone conference with opposing counsel re: CMC statement; Review, edit CMC statement |
| 05/21/08 | LL | 0.3 | Finalize CMC statement |

| Date | Timekeeper | Time | Description: |
|------|-----------|------|-------------|
| 05/29/08 | JW | 0.4 | Review NUMMI's reply brief re: petition to vacate |
| 06/02/08 | JW | 0.6 | Draft case update for client |
| 06/09/08 | LL | 0.5 | Review company's reply brief re: petition to vacate |
| 06/12/08 | LL | 0.2 | Review pleadings in preparation for argument re: company's petition to vacate |
| 06/15/08 | LL | 2.0 | Review pleadings in preparation for oral argument |
| 06/16/08 | JW | 0.5 | Strategy conference re: oral argument |
| 06/16/08 | LL | 5.1 | Prepare for oral argument; Strategy conference re: same |
| 06/17/08 | JW | 1.9 | Travel to court, hearing, travel to office |
| 06/17/08 | LL | 1.1 | Participate in oral argument on company's petition to vacate |
| 06/17/08 | LL | 0.4 | Telephone conferences with union representatives re: court decision on company's petition to vacate |
| 06/19/08 | LL | 0.4 | Review district court order denying petition to vacate |
| 06/20/08 | LL | 0.1 | Telephone conference with union representatives re: status of case |
| 06/23/08 | JW | 0.2 | Strategy conference re: resolution of cases |
| 06/23/08 | LL | 0.2 | Draft proposed judgment re: NUMMI's petition to vacate |
| 06/23/08 | LL | 0.2 | Strategy conference re: resolution of cases |

TOTAL TIME:        123.4

| Timekeeper | Time |
|-----------|------|
| Jonathan Weissglass | 9.7 |
| Linda Lye | 103.7 |
| Peder J. Thoreen | 8.0 |
| Paralegal | 2.0 |

TOTALS:        123.4

# EXHIBIT C

| Date | Timekeeper | Time | Description: |
|------|-----------|------|-------------|
| 06/24/08 | JW | 0.20 | Strategy conference re: attorneys' fees motion |
| 06/24/08 | LL | 0.20 | Strategy conference re: attorneys' fees motion |
| 06/24/08 | LL | 0.10 | Research re: local rules re: attorney's fees motion |
| 06/25/08 | JS | 0.40 | Review pleadings |
| 06/26/08 | LL | 0.10 | Telephone conference with Christian Rowley re: attorney's fees |
| 06/26/08 | LL | 0.80 | Review, edit time entries for fees declaration |
| 06/26/08 | LL | 0.10 | Telephone conference with opposing counsel re: arbitrator selection and scheduling of attorney's fees motion |
| 06/27/08 | JS | 4.00 | Research re: standard for granting attorneys' fees |
| 06/27/08 | JS | 4.00 | Review pleadings, transcript, and order |
| 06/28/08 | JS | 0.80 | Research re: standard for granting attorneys' fees |
| 06/29/08 | JS | 7.30 | Outline and draft attorneys' fees brief |
| 06/30/08 | JW | 0.10 | Strategy conference re: fees |
| 06/30/08 | LL | 0.70 | Review, edit outline re: attorney's fees motion; Strategy conference re: same |
| 06/30/08 | JS | 4.00 | Draft attorneys' fees brief |
| 07/01/08 | LL | 0.40 | Review draft of attorney's fees brief |
| 07/02/08 | LL | 0.40 | Draft declaration in support of attorney's fees motion |
| 07/03/08 | LL | 3.20 | Draft brief and declaration in support of attorneys' fees motion |
| 07/04/08 | LL | 4.60 | Draft brief in support of attorneys' fees motion; |
| 07/05/08 | LL | 6.00 | Draft brief in support of attorneys' fees motion; |

37.40

| Timekeeper | Time |
|-----------|------|
| Jonathan Weissglass | 0.3 |
| Linda Lye | 16.6 |
| Jennifer Sung | 20.5 |
| TOTALS: | 37.4 |

# EXHIBIT D

**Altshuler Berzon Expenses Through July 5, 2008:**

| | |
|---|---:|
| Court Reporters/Transcripts | $242.00 |
| Filing Service | $45.00 |
| Filing Fees | $350.00 |
| Courier | $228.80 |
| Fax | $32.00 |
| On Line Research | $391.18 |
| Photocopying/Printing | $3,704.50 |
| Telephone | $1.66 |
| Postage | $127.91 |
| Travel/Meals | $48.74 |
| Total: | $5,171.79 |