IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW UNITED MOTOR MANUFACTURING, INC.,<br><br>    Movant/Petitioner,<br><br>v.<br><br>UNITED AUTO WORKERS LOCAL 2244,<br><br>    Respondent. | NO. C 08-0976 TEH<br><br>ORDER DENYING MOTION FOR ATTORNEYS' FEES AND EXPENSES |

  This matter is before the Court on Respondent's Motion for Attorneys' Fees and Expenses. A hearing is currently scheduled for this motion on December 1, 2008. UAW Local 2244 seeks attorneys' fees and expenses, asserting that NUMMI acted in bad faith in pursuing its petition to vacate arbitration awards.

  Having carefully reviewed the parties' written submissions pursuant to this motion, the Court has concluded that a hearing is unnecessary. Accordingly, the scheduled hearing is VACATED. For the reasons discussed below, Respondent's motion is DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

  As this Court's order of June 19, 2008 related in detail the facts in this matter, an exhaustive review is not necessary here. In brief, New United Motor Manufacturing, Inc. ("NUMMI"), implemented a new policy, which the United Auto Workers ("UAW" or "Union") challenged by filing a grievance under the dispute resolution process of the parties' collective bargaining agreement. After a bifurcated arbitration on the merits of two issues, both of which were resolved for the Union, the arbitrator declined jurisdiction over the final

issue of remedy. The Union initiated the selection of a new mediator. NUMMI filed a petition to vacate both awards issued by the arbitrator. In its order of June 19, 2008, this Court denied NUMMI's petition to vacate the awards, and confirmed the awards made by the arbitrator. The UAW subsequently filed for attorneys' fees and expenses, stating that NUMMI acted in bad faith by "[r]aising meritless, inconsistent, and contradictory arguments" in its petition to vacate the arbitrator's awards.

**LEGAL STANDARD**

The imposition of attorneys' fees is a punitive action that a court can impose "only in exceptional cases and for dominating reasons of justice." To prevail on a motion for attorneys' fees, the moving party must prove that the other party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Union of Petroleum and Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) (hereinafter "*IUPIW*"). "[A]n unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive reasons" and therefore "constitutes a basis for an award of attorneys' fees." *IUPIW*, 707 F.2d at 428, 430. A "defendant's obstinacy in granting a plaintiff his clear legal rights" that requires "resort to legal action with all the expense and delay entailed in litigation" may also demonstrate bad faith. *Id.* at 428. In such circumstances, awarding attorneys' fees serves the dual purposes of deterrence and compensation. In the context of labor arbitration, an award of attorneys' fees can deter parties from unjustifiable refusal to abide by an arbitrator's award, which can threaten the policy goal of industrial stability. *See id.*

**DISCUSSION**

Respondents urge the Court to conclude that NUMMI pursued this petition in bad faith, thereby warranting the imposition of attorneys' fees and expenses. In *International Union of Petroleum and Industrial Workers*, the District Court found that the company

2

1  "without justification refused to abide by the Award of [the] Arbitrator" when it ignored a
2  clear remedy ordered by the arbitrator, forcing the union in that case to initiate litigation in
3  order to enforce its remedy. *Id.* at 428, 429.

4  On the contrary, there is no basis for such a finding in this matter. Prior to the entry of
5  a remedy, NUMMI filed a petition asserting its legal interpretation of the FAA. Instead of
6  simply ignoring the arbitrator's decision, as occurred in the precedent case, NUMMI sought
7  judicial clarification of its interpretation of the controlling law. Furthermore, the record
8  offered a logical basis for the maintenance of the legal position that NUMMI assumed in its
9  petition. Obviously the Court concluded this position was ultimately meritless. However,
10 nothing in the record suggests that NUMMI's behavior rises to the level of "an unjustified
11 refusal to abide by an arbitrator's award." *Id.* As a result, the Union has failed to
12 demonstrate that NUMMI acted in bad faith.

13 For these reasons, Respondent's motion is DENIED. The hearing scheduled for
14 December 1, 2008, on this matter is VACATED.

16 **IT IS SO ORDERED.**

18 Dated:   November 25, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT